**Christopher J. Lewis, OSB #003079**
Email clewis@schwabe.com
**Devon Zastrow Newman, OSB #014627**
Email dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

**William A. Brewer III,** *admitted pro hac vice*
Email wab@bickelbrewer.com
**Michael J. Collins,** *admitted pro hac vice*
Email mjc@bickelbrewer.com
**Farooq A. Tayab,** *admitted pro hac vice*
Email fat@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone 214.653.4000
Fax 214.653.1015

Of Attorneys for Plaintiff FLIR Systems, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.,** an Oregon corporation**,**<br><br>    Plaintiff,<br><br>vs.<br><br>**THOMAS L. GAMBARO,** an individual d/b/a **PATENT ENFORCEMENT COMPANY**; and **MOTIONLESS KEYBOARD COMPANY,** an Oregon corporation,<br><br>    Defendants. | No. CV 10-231-BR<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 02 REPRESENTATION<br><br>ORAL ARGUMENT REQUESTED |

Page 1 -   PLAINTIFF'S RESPONSE TO DEFENDANTS'
            MOTION 02 REPRESENTATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6039962.1

Plaintiff FLIR Systems, Inc. ("FLIR") files this Response to the motion of defendant Thomas Gambaro ("Gambaro) and defendant Motionless Keyboard Company ("MKC") (jointly, "Defendants") entitled "Motion 02 Representation" (the "Motion"), as follows:

## I.

## PROCEDURAL BACKGROUND

On March 1, 2010, FLIR filed its Complaint for Declaratory Judgment of Non-Infringement and Invalidity of Patent (the "Complaint") against Gambaro and MKC (jointly, "Defendants"), seeking declarations of non-infringement, invalidity and misuse of expired United States Patent No. 5,332,322 (the "'322 Patent"), along with a claim for attorneys' fees.[1] On April 8, 2010, Defendant Gambaro – a non-lawyer – filed the Answer on behalf of himself and corporate defendant MKC *pro se*.[2] In addition, he also purportedly answered on behalf of "U.S. Patent No. 5,332,322 assigned to Patent Enforcement Company" ("PEC") – Gambaro's assumed business name registered in the State of Oregon.[3]

On April 29, 2010, FLIR filed a Motion to Strike Defendant MKC's Answer, Defenses and Counterclaims ("Motion to Strike") because MKC – an Oregon corporation – is not represented by counsel of record in this litigation.[4] On May 10, 2010, Gambaro filed an Opposition to the Motion to Strike in which he contended that the "reason" for the Motion to

---

[1] *See* Complaint filed March 1, 2010 (Docket Entry 1).

[2] *See* Defendants Answer, Defenses, & Counterclaims to Plaintiff FLIR Complaint, filed April 8, 2010 (Docket Entry 11).

[3] *Id*. at 1.

[4] *See* Motion to Strike Defendant Motionless Keyboard Company's Answer, Defenses and Counterclaim(s) to Plaintiff's Original Complaint, filed April 29, 2010 (Docket Entry 12); Memorandum of Law in Support of Plaintiff's Motion to Strike Defendant Motionless Keyboard Company's Answer, Defenses and Counterclaim(s) to Plaintiff's Original Complaint, filed April 29, 2010 (Docket Entry 13).

Page 2 -    PLAINTIFF'S RESPONSE TO DEFENDANTS'
            MOTION 02 REPRESENTATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6039962.1

Strike "would not exist much longer" because the rights in the '322 Patent are "in the process of being assigned" to PEC, his assumed business name.[5]

On May 10, 2010, Gambaro filed three motions. In the first motion entitled "Defendant Motion 01 to Amend Caption," he contends that Gambaro and MKC should be replaced with PEC in the case caption because the '322 Patent has been assigned to PEC and, thus, PEC is the only proper defendant in this case.[6] In the second motion entitled "Defendant Motion 02 Representation," Gambaro contends he should be allowed to "pro se respond to future filings" on behalf of PEC because, as the named inventor on the '322 Patent, he was "qualified to represent the intellectual property" covered under the '322 Patent before the United States Patent & Trademark Office ("PTO"), and he should likewise be allowed to do so in this action.[7] In the third motion entitled "Defendant Motion 03 Disqualification," Gambaro contends that FLIR's counsel, the law firm of Schwabe Williamson & Wyatt, should be disqualified due to an alleged conflict of interest.[8]

## II.

## ARGUMENT AND AUTHORITIES

In their Motion, Defendants MKC and Gambaro contend that all rights in the '322 Patent are in the process of being assigned to PEC and, thus, PEC should be the only defendant in this action. Defendants then "request" the Court to allow Gambaro to respond to all future filings in this action on behalf of PEC *pro se*.[9] Defendants argue that there is "precedent" for granting

---

[5] *See* Defendant Opposition to Motion to Strike Answer, filed May 10, 2010 (Docket Entry 20).

[6] *See* Defendant Motion 01 to Amend Caption, filed May 10, 2010 (Docket Entry 17).

[7] *See* Defendant Motion 02 Representation, filed May 10, 2010 (Docket Entry 18).

[8] *See* Defendant Motion 03 Disqualification, filed May 10, 2010 (Docket Entry 19).

[9] *See* Motion at 1.

Page 3 -   PLAINTIFF'S RESPONSE TO DEFENDANTS'
           MOTION 02 REPRESENTATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121949/175176/DZN/6039962.1

such relief.[10]  Defendants contend that as the "inventor" of the '322 Patent, Gambaro is "qualified to represent the intellectual property" covered under the '322 Patent.  Defendants further contend that the PTO "previously approved" Gambaro's qualifications to represent the intellectual property at issue because he "previously defended" the '322 Patent *pro se* in an interference proceeding before the PTO.[11]

In essence, Defendants seek to dismiss MKC and Gambaro from this action and replace them with PEC – Gambaro's assumed business name – as the sole defendant.  The Motion should be denied because FLIR has stated legally cognizable claims against *both* MKC and Gambaro.

As set forth in greater detail in Plaintiff's Response to Defendants' Motion 01 to Amend Caption filed concurrently with this Response, evidence suggests that both MKC and PEC are listed as assignees of record on the '322 Patent.[12]  Thus, notwithstanding Defendants' representations to the contrary, MKC still appears to hold rights in the '322 Patent.  Moreover, FLIR has a viable claim against MKC for patent misuse because MKC: (i) demanded royalties from FLIR beyond the expiration date of the '322 Patent;[13] and (ii) made baseless allegations of

---

[10] *Id*. at 2.

[11] *Id*. at 2 and Exhibit 3 attached thereto.

[12] *See* Declaration of Farooq A. Tayab, Exhibit A (Patent Assignment Abstract of Title listing Motionless Keyboard Company as the first named assignee and Patent Enforcement Company as the second named assignee of the '322 Patent).  PTO records indicate that on September 19, 1997, Gambaro assigned any interest *he* held in the '322 Patent to MKC.  Then, on March 31, 2010, Gambaro purportedly assigned any rights *he* held (as the "Assignor") in the '322 Patent to PEC.  Accordingly, PTO records for the '322 Patent list MKC as the first named assignee of record and PEC as the second named assignee of record.

[13] *See* First Amended Complaint at 11-12; *Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1964) ("[W]e conclude that a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful *per se*.").

Page 4 -   PLAINTIFF'S RESPONSE TO DEFENDANTS'
          MOTION 02 REPRESENTATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6039962.1

infringement against FLIR based on claims constructions that were previously rejected by the Court.[14]

Pursuant to the Local Rules, a corporate defendant such as MKC must be represented by counsel of record.[15] Defendants offer no grounds for deviating from this rule, other than contending that Gambaro's status as the named inventor on the '322 Patent and his previous *pro se* involvement in a patent interference proceeding related to the '322 Patent qualify him to represent the "intellectual property" at issue in this action.[16] Unlike the rules for patent prosecution which allow either the inventor or patent counsel to represent the patent applicant before the PTO,[17] the Local Rules regarding representation do not permit a corporate defendant to be represented pro se or by a non-lawyer. Therefore, a corporate defendant who is an assignee of the patent cannot avoid compliance with the requirement under the Local Rules that a corporation must be represented by counsel – MKC must be represented by a licensed attorney.[18]

Gambaro is also a necessary party in this case. As set forth in greater detail in Plaintiff's Response to Defendants' Motion 01 to Amend Caption filed concurrently with this Response, the purported assignment of rights in the '322 Patent to PEC has no bearing on Gambaro's status as a proper defendant in this case. Assumed business names – such as PEC – are fictitious entities

---

[14] *See* First Amended Complaint at 5-8; *Motionless Keyboard Co. v. Microsoft Corp.*, No. Civ. 04-180-AA, 2005 WL 1113818, at *19 (D. Or. May 6, 2005).

[15] *See* Local Rule 83-9(b).

[16] *See* Motion at 2.

[17] See 37 C.F.R. 1.31 ("Applicant may be represented by one or more patent practitioners or joint inventors."); Manual of Patent Examination Procedure (MPEP) §401 ("An applicant for patent may file and prosecute his or her own case, or he or she may give a power of attorney so as to be represented by one or more patent practitioners or joint inventors.")

[18] *See Charlton v. Hall*, 2009 U.S. Dist. LEXIS 28938, 2009 WL928690 (D. Or. 2009) (Court struck multiple documents filed by *pro se* petitioner pursuant to L.R. 83-9(b)).

Page 5 -    PLAINTIFF'S RESPONSE TO DEFENDANTS'
         MOTION 02 REPRESENTATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121949/175176/DZN/6039962.1

rather than separate legal entities capable of suing or being sued.[19]  Accordingly, Gambaro retains personal responsibility for his actions made under the assumed name.[20]  In other words, Gambaro is a proper party even if the purported assignment is valid.

Moreover, FLIR has a viable claim against Gambaro for patent misuse because, *inter alia* Gambaro: (i) repeatedly threatened to file suit against FLIR for the alleged infringement of the '322 Patent based on claims constructions that were previously rejected by the Court;[21] (ii) posted videos on the internet that purportedly show how the accused FLIR products infringe the '322 Patent based on claims constructions that were previously rejected by the Court;[22] and (iii) continued to demand royalties from FLIR beyond the expiration date of the '322 Patent even after being placed on notice of the expiration of the '322 Patent.[23]  Because FLIR seeks judicial declarations that Gambaro's assertions of patent infringement and acts of patent misuse are improper and entirely without merit, Gambaro is a necessary party to this action.  Accordingly, Gambaro must either continue to represent himself *pro se* as he has thus far in this action or appear through counsel of record.

---

[19] *See Mitchell v. The Timbers*, 987 P.2d 1236, 1238-39 (Or. Ct. App. 1999) (recognizing that an assumed business name is not a legal entity capable of being sued and that plaintiff must sue the individual using the assumed business name); *Cross v. Kloster Cruise Lines, Ltd.*, 897 F. Supp. 1304, 1305 n.1 (D. Or. 1995) (noting that the assumed business name of one defendant "has no separate corporate entity").

[20] *See City of Eugene v. Monaco*, 17 P.3d 544, 546-47 (Or. Ct. App. 2000) (finding that the fact that an individual signs a lease as "dba" a fictitious entity, thereby indicating he is conducting business under an assumed business name, does not suggest that the individual is not personally responsible on the contract).

[21] *See* First Amended Complaint at 5-8.

[22] *Id.* at 9-10.

[23] *Id.* at 11-12.

Page 6 -   PLAINTIFF'S RESPONSE TO DEFENDANTS'
           MOTION 02 REPRESENTATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6039962.1

## III.

## CONCLUSION

For all the foregoing reasons, the Court should deny Defendants' Motion and grant Plaintiff all other appropriate relief.

Dated this 27th day of May, 2010.

        Respectfully submitted,

        SCHWABE, WILLIAMSON & WYATT, P.C.

    By:   *s/ Christopher J. Lewis*
            Christopher J. Lewis, OSB #003079
            Devon Zastrow Newman, OSB #014627
            Telephone 503.222.9981

        BICKEL & BREWER
            William A. Brewer III, *admitted pro hac vice*
            Michael J. Collins, *admitted pro hac vice*
            Farooq A. Tayab, *admitted pro hac vice*
            Telephone 214.653.4000

        Of Attorneys for Plaintiff, FLIR Systems, Inc.

Page 7 - PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 02 REPRESENTATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6039962.1

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of May, 2010, a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 02 REPRESENTATION was served via first class mail, postage prepaid, as follows:

> Mr. Thomas Gambaro, individually
> and dba Patent Enforcement Company
> and
> Motionless Keyboard Company
> P.O. Box 14741
> Portland, Oregon  97293-0741

*s/ Christopher J. Lewis*
Christopher J. Lewis

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6039962.1