**Christopher J. Lewis, OSB #003079**
Email clewis@schwabe.com
**Devon Zastrow Newman, OSB #014627**
Email dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

**William A. Brewer III,** *admitted pro hac vice*
Email wab@bickelbrewer.com
**Michael J. Collins,** *admitted pro hac vice*
Email mjc@bickelbrewer.com
**Farooq A. Tayab,** *admitted pro hac vice*
Email fat@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone 214.653.4000
Fax 214.653.1015

Of Attorneys for Plaintiff FLIR Systems, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.,** an Oregon corporation,<br>Plaintiff,<br><br>vs.<br><br>**THOMAS L. GAMBARO,** an individual d/b/a **PATENT ENFORCEMENT COMPANY**; and **MOTIONLESS KEYBOARD COMPANY,** an Oregon corporation,<br>Defendants. | No. CV 10-231-BR<br><br>PLAINTIFF FLIR SYSTEMS' RESPONSE TO DEFENDANT'S MOTION 03 DISQUALIFICATION<br><br>ORAL ARGUMENT REQUESTED |

Page 1 - PLAINTIFF FLIR SYSTEMS' RESPONSE TO DEFENDANT'S MOTION 03 DISQUALIFICATION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121949/175176/DZN/5973668.8

Plaintiff FLIR Systems, Inc. (FLIR) opposes the Motion for Disqualification (Motion) filed by Defendant Thomas Gambaro, as an individual and d/b/a Patent Enforcement Company (together, Gambaro). This Opposition is supported by the Declaration of Christopher J. Lewis in Support of Plaintiffs' Opposition to Defendant's Motion for Disqualification (Lewis Decl.) and the Declaration of Kevin E. Brannon in Support of Plaintiffs' Opposition to Defendant's Motion for Disqualification (Brannon Decl.).

## I. INTRODUCTION.

Gambaro's Motion should be denied as there simply is no conflict of interest recognized under the Oregon Rules of Professional Conduct (ORPC). For a conflict of interest to exist, a lawyer must:

1. represent multiple current clients with conflicting interests (multiple client conflict); or
2. owe a duty to a former client that would preclude the lawyer from representing another party in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client (former client conflict).

Neither of these situations exists here. Gambaro's Motion relates only to Mr. Gambaro's purported belief that a multiple client conflict apparently exists as a result of Schwabe, Williamson, & Wyatt's ("Schwabe") representation of a Motionless Keyboard Company (MKC) shareholder, Tom Robinson. Mr. Gambaro is incorrect, as MKC is not Schwabe's current client, and thus no current conflict can exist. Oregon law is clear that where a firm represents a *shareholder* of a company in legal matters that are unrelated to the company's business, the company is not deemed a client and thus there is no current client conflict. Gambaro's Motion should be denied on that basis alone.

Because Schwabe takes the issue of conflicts of interest very seriously, this Response also addresses and resolves any question regarding a potential former client conflict that could be mistakenly perceived arising out of work that a Schwabe business lawyer performed for Mr.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

Robinson on behalf of MKC five years ago. At Mr. Robinson's request, Schwabe helped prepare two MKC Internal Revenue Service filings that would have created a tax benefit to the shareholders. That work, which was expressly abandoned at Mr. Robinson's direction, is entirely unrelated to the present case, which involves a declaratory judgment action regarding whether or not various FLIR thermal imaging products infringe MKC's U.S. Patent No. 5,332,322 ('322 Patent). Because these issues are completely different and unrelated, Schwabe cannot be assumed to have knowledge materially adverse to MKC's interests in this case. Thus there is no former client conflict of interest under the Oregon Rules of Professional Conduct, and again Gambaro's Motion should be denied.

Finally, despite the clear absence of any conflict of interest, and in an abundance of caution, Schwabe advised Mr. Robinson of Schwabe's representation of FLIR and Mr. Gambaro's allegation that there was a conflict of interest. Mr. Robinson gave his express written waiver of any conflict of interest that may arise, thereby eliminating any shred of doubt that a conflict of interest exists or could arise. Accordingly, FLIR respectfully requests that Gambaro's Motion be denied.

## II. THERE IS NO LEGAL OR ETHICAL CONFLICT BECAUSE SCHWABE'S CLIENT IS AN INDIVIDUAL SHAREHOLDER, NOT THE CORPORATE ENTITY.

A conflict of interest may generally arise when a lawyer represents multiple current clients whose interests conflict or when the lawyer owes a duty to a former client.[1] Neither situation is present here.

MKC is not a current client of Schwabe;[2] thus, there is no conflict based on current joint representation of clients. Indeed, Mr. Gambaro confirms this reality, as he makes no assertion that MKC is a current Schwabe client. The mere fact that Schwabe continues to periodically

[1] ORPC 1.7; ORPC 1.9; The Ethical Oregon Lawyer (EOL), Chapter 9, § 9.1 - § 9.3 (2010).

[2] Declaration of Christopher J. Lewis in Support of Plaintiff FLIR Systems' Response to Defendant's Motion 03 Disqualification ("Lewis Decl."), ¶ 2.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

represent an MKC *shareholder* in various unrelated personal business matters does not impute a lawyer-client relationship with MKC.[3] It is well established that "representation of a corporation or partnership with two shareholders or owners who are not family members does not automatically constitute representation of the shareholders or owners."[4] Likewise, "representation of a corporation's shareholder should not automatically be deemed to also constitute representation of the corporation."[5] Accordingly, there is no current client conflict under the Oregon Rules of Professional Conduct simply because Schwabe continues to represent Mr. Robinson in unrelated personal business matters.

Schwabe's former work for Mr. Robinson that pertained to IRS-related filings of MKC likewise does not create a conflict of interest in the instant patent litigation. In March 2005, acting at the request of the shareholder Tom Robinson, a Schwabe business lawyer worked on a matter that involved preparing two Internal Revenue Service forms for MKC, one to acquire MKC's long overdue Federal Employer Identification Number (FEIN) and the other to elect S corporation status, thereby creating potential tax benefits for Mr. Robinson.[6] The bulk of the work involved the business lawyer and his paralegal preparing paperwork whereby MKC's shareholders could approve the S corporation election.[7] However, to the best of Schwabe's knowledge, the S corporation election form was never filed, as the shareholders apparently failed to reach the required unanimous consent.[8] On May 31, 2005, Tom Robinson instructed Schwabe to stop all work relating to his MKC investment and return any documents to MKC.[9] This was

---

[3] EOL Chapter 5, § 5.3; Oregon Formal Ethics Opinion 2005-85 (2010).

[4] EOL § 5.3, quoting Oregon Formal Ethics Opinion No. 2005-85. That Opinion duly notes that "a contrary rule could well require the lawyer to withdraw whenever the two shareholders disagreed on a matter."

[5] *Id.*

[6] Declaration of Kevin E. Brannon in support of Plaintiff FLIR Systems' Response to Defendant's Motion 03 Disqualification, ("Brannon Decl."), ¶ 2.

[7] *Id.*

[8] *Id.*

[9] Brannon Decl., ¶ 3.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

done on June 6, 2005, and the file was subsequently closed.[10]

Assuming for purposes of this response that MKC could be considered a former client as a result of this work, whether or not there is a conflict or a duty owed to MKC as a former client must be analyzed under ORPC Rule 1.9, "Duties to Former Clients." Rule 1.9 specifies that absent a waiver, a conflict in future adverse representation can only exist where the lawyer is representing another party "in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client…."[11] The danger of the lawyer's use of prior knowledge to adversely impact the former client in a later proceeding does not exist here, where there is simply no rational relationship between work done five years ago to prepare IRS-related corporate filings and whether or not the accused FLIR thermal imaging products infringe MKC's expired '322 patent.

Because these activities are different and wholly unrelated, there is no former client conflict under ORPC 1.9. Accordingly, this Court should find no conflict of interest exists and deny Gambaro's Motion.

## III. MR. ROBINSON HAS WAIVED ANY BUSINESS CONFLICTS THAT MAY ARISE FROM SCHWABE'S REPRESENTATION OF FLIR.

In an abundance of caution, Schwabe proactively addressed the possibility of its representation of FLIR adversely impacting its current lawyer-client relationship with Mr. Robinson by obtaining his oral and express written waiver of any conflict of interest that he may have with respect to the representation.[12]

Defendant Gambaro first raised the issue of a conflict via a letter sent to FLIR counsel Christopher Lewis.[13] Having determined that there was no cognizable ethical conflict of interest in representing FLIR as local counsel, but in the interest of good client relations, Schwabe

---

[10] *Id.*

[11] Oregon Rules of Professional Conduct, Rule 1.9 Duties to Former Clients.

[12] Brannon Decl., ¶¶ 4-5.

[13] Lewis Decl., ¶ 3.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

promptly informed Mr. Robinson of its representation of FLIR in this matter.[14] Mr. Robinson orally waived any potential impact to his business or economic interests that may arise from Schwabe's representation of FLIR.[15] Mr. Robinson's oral waiver was subsequently confirmed in an email sent to Mr. Robinson.[16]

Mr. Gambaro continued to state his belief that a conflict of interest existed in subsequent communications with Mr. Lewis.[17] In an abundance of caution, Schwabe sent Mr. Robinson a letter regarding the FLIR matter.[18] Again, Mr. Robinson did not object to Schwabe representing FLIR and, expressly waived any potential conflict by signing and returning a written waiver letter.[19]

Thus, despite the lack of a conflict recognized under the Oregon Rules of Professional Conduct, Schwabe has taken every reasonable step to ensure that Mr. Robinson has been informed and is aware of the potential impact Schwabe's representation of FLIR could have on MKC or its shareholders. Mr. Robinson has thrice agreed to waive any potential business or economic impact or conflict that may arise from Schwabe's representation of FLIR. Accordingly, Defendants' Motion should be denied.

## IV. CONCLUSION

There is no current client ethical conflict of interest because MKC is not Schwabe's client. There is no former client conflict of interest because the nature of the work performed by Schwabe in 2005 is wholly unrelated to the present patent infringement action and therefore presents no cognizable danger of Schwabe's use of prior knowledge to adversely impact MKC's interests in this case. Finally, Mr. Robinson himself has been informed and has waived any

[14] Brannon Decl., ¶ 4.

[15] *Id.*

[16] *Id.*; Exhibit 1.

[17] Lewis Decl. ¶ 4.

[18] Brannon Decl., ¶ 5.

[19] *Id.*; Exhibit 2.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

potential business or economic conflict of interest, eliminating any question that a conflict of interest could arise. Accordingly, FLIR respectfully requests that the Court deny Gambaro's Motion for Disqualification.

Dated this 27th day of May, 2010.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: s/ Christopher J. Lewis
Christopher J. Lewis, OSB #003079
Devon Zastrow Newman, OSB #014627
Telephone 503.222.9981

BICKEL & BREWER
William A. Brewer III, *admitted pro hac vice*
Michael J. Collins, *admitted pro hac vice*
Farooq A. Tayab, *admitted pro hac vice*
Telephone 214.653.4000

Of Attorneys for Plaintiff, FLIR Systems, Inc.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 27th day of May, 2010, a true and correct copy of the foregoing PLAINTIFF FLIR SYSTEMS' RESPONSE TO DEFENDANT'S MOTION 03 DISQUALIFICATION was served via first class mail, postage prepaid, as follows:

Mr. Thomas Gambaro, individually
and dba Patent Enforcement Company
and
Motionless Keyboard Company
P.O. Box 14741
Portland, Oregon 97293-0741

s/ Christopher J. Lewis
Christopher J. Lewis

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900