**Christopher J. Lewis, OSB #003079**
Email clewis@schwabe.com
**Devon Zastrow Newman, OSB #014627**
Email dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981
Fax 503.796.2900

**William A. Brewer III,** *admitted pro hac vice*
Email wab@bickelbrewer.com
**Michael J. Collins,** *admitted pro hac vice*
Email mjc@bickelbrewer.com
**Farooq A. Tayab,** *admitted pro hac vice*
Email fat@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone 214.653.4000
Fax 214.653.1015

Of Attorneys for Plaintiff FLIR Systems, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.,** an Oregon corporation**,**<br><br>            Plaintiff,<br><br>vs.<br><br>**THOMAS L. GAMBARO,** an individual d/b/a **PATENT ENFORCEMENT COMPANY**; and **MOTIONLESS KEYBOARD COMPANY,** an Oregon corporation,<br><br>            Defendants. | No. CV 10-231-BR<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 01 TO AMEND CAPTION<br><br>ORAL ARGUMENT REQUESTED |

Page 1 -   PLAINTIFF'S RESPONSE TO DEFENDANTS'
            MOTION 01 TO AMEND CAPTION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6040044.1

Plaintiff FLIR Systems, Inc. ("FLIR") files this Response to the motion of defendant Thomas Gambaro ("Gambaro") and defendant Motionless Keyboard Company ("MKC") (jointly, "Defendants") entitled "Motion 01 to Amend Caption" (the "Motion"), as follows:

## I.

## PROCEDURAL BACKGROUND

On March 1, 2010, FLIR filed its Complaint For Declaratory Judgment Of Non-Infringement And Invalidity Of Patent (the "Complaint") against Gambaro and MKC, seeking declarations of non-infringement, invalidity and misuse of expired United States Patent No. 5,332,322 (the "'322 Patent"), along with a claim for attorneys' fees.[1] On April 8, 2010, Defendant Gambaro – a non-lawyer – filed the Answer on behalf of himself and corporate defendant MKC *pro se*.[2] In addition, he also purportedly answered on behalf of "U.S. Patent No. 5,332,322 assigned to Patent Enforcement Company" ("PEC") – Gambaro's assumed business name, which was registered in the State of Oregon a month after the filing of the Complaint.[3]

On April 29, 2010, FLIR filed a Motion to Strike Defendant MKC's Answer, Defenses and Counterclaims ("Motion to Strike") because MKC – an inactive Oregon corporation – is not represented by counsel of record in this litigation.[4] On May 10, 2010, Gambaro filed an

---

[1] *See* Complaint for Declaratory Judgment of Non-infringement and Invalidity of Patent Against Thomas L. Gambaro and Motionless Keyboard Company, filed March 1, 2010 (Docket Entry 1).

[2] *See* Defendants' Answer, Defenses, & Counterclaims to Plaintiff FLIR Complaint, filed April 8, 2010 (Docket Entry 11).

[3] *Id.* at 1.

[4] *See* Motion To Strike Defendant Motionless Keyboard Company's Answer, Defenses And Counterclaim(s) To Plaintiff's Original Complaint, filed April 29, 2010 (Docket Entry 12); Memorandum of Law in Support of Plaintiff's Motion to Strike Defendant Motionless Keyboard Company's Answer, Defenses and Counterclaim(s) to Plaintiff's Original Complaint, filed April 29, 2010 (Docket Entry 13).

Page 2 -   PLAINTIFF'S RESPONSE TO DEFENDANTS'
            MOTION 01 TO AMEND CAPTION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6040044.1

Opposition to the Motion to Strike in which he contended that the "reason" for the Motion to Strike "would not exist much longer" because the rights in the '322 Patent are "in the process of being assigned" to PEC, his assumed business name.[5]

On April 29, 2010, FLIR filed its First Amended Complaint for Declaratory Judgment of Non-Infringement and Invalidity of Patent ("First Amended Complaint") by: (i) adding PEC as a party to the litigation; (ii) seeking a declaration of non-infringement of additional FLIR products that Defendants accuse of infringement; and (iii) alleging additional acts of patent misuse by the Defendants subsequent to the filing of the Complaint.[6]  Defendants have not answered the First Amended Complaint.

On May 10, 2010, Gambaro filed three motions.  In the first motion entitled "Defendant Motion 01 to Amend Caption," Gambaro contends that he and MKC should be replaced with PEC in the case caption because the '322 Patent has been assigned to PEC and, thus, PEC is the only "true" defendant in this case.[7]  In the second motion entitled "Defendant Motion 02 Representation," Gambaro contends he should be allowed to "pro se respond to future filings" on behalf of PEC because, as the named inventor on the '322 Patent, he was "qualified to represent the intellectual property" covered under the '322 Patent before the United States Patent & Trademark Office ("PTO"), and he should likewise be allowed to do so in this action.[8]  In the third motion entitled "Defendant Motion 03 Disqualification" Gambaro contends that FLIR's

---

[5] *See* Defendant Opposition to Motion to Strike Answer, filed May 10, 2010 (Docket Entry 20).

[6] *See* First Amended Complaint for Declaratory Judgment of Non-infringement and Invalidity of Patent Against Thomas L. Gambaro d/b/a Patent Enforcement Company, and Motionless Keyboard Company, filed April 29, 2010 (Docket Entry 15).

[7] *See* Defendant Motion 01 to Amend Caption, filed May 10, 2010 (Docket Entry 17).

[8] *See* Defendant Motion 02 Representation, filed May 10, 2010 (Docket Entry 18).

Page 3 -    PLAINTIFF'S RESPONSE TO DEFENDANTS'
             MOTION 01 TO AMEND CAPTION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6040044.1

counsel, the law firm of Schwabe Williamson & Wyatt, should be disqualified due to an alleged conflict of interest.[9]

## II.

### ARGUMENT AND AUTHORITIES

In their Motion, Defendants request "the Court [to] grant an amendment to the caption reflecting the true parties of interest in this case and the true Defendant in this case is Patent Enforcement Company, an Oregon company."[10] Defendants contend that all rights in the '322 Patent are in the process of being assigned to PEC and, thus, PEC should be the only defendant in this action. Defendants further contend that because PEC is not an Oregon corporation, but rather Gambaro's assumed business name registered in Oregon, Gambaro may answer for the '322 Patent as he previously has during interference proceedings before the United States Patent & Trademark Office ("PTO") with respect to the '322 Patent.[11]

Defendants' Motion is styled as a motion to amend the case caption, but is in reality a motion to dismiss parties Gambaro and MKC. In essence, Defendants argue FLIR has no claim against Gambaro and MKC because neither party is the current patent holder. When the issue is properly framed, it is clear that Defendants' Motion is wholly without merit and must be denied as FLIR has stated legally cognizable claims against Gambaro and MKC.[12] The fact that

---

[9] *See* Defendant Motion 03 Disqualification, filed May 10, 2010 (Docket Entry 19).

[10] *See* Motion 1-2.

[11] *Id*.

[12] "A court should dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if the complaint does not 'raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Belova v., Sharp*, 2008 WL 700961, * 2 (D. Or. Mar. 13 2008) (quoting *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007)).

Page 4 -    PLAINTIFF'S RESPONSE TO DEFENDANTS'
         MOTION 01 TO AMEND CAPTION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6040044.1

Gambaro may transfer all rights in the '322 Patent from MKC to PEC does not affect those claims.

Beginning in November 2009, Defendants Gambaro and MKC repeatedly threatened to file suit against FLIR for alleged infringement of the '322 Patent. Based on Defendants' repeated threats, FLIR sought declaratory relief that none of the accused FLIR products infringe the '322 Patent. In addition, FLIR sought declaratory relief that the '322 Patent is invalid and that Defendants Gambaro and MKC engaged in acts of patent misuse.

MKC is a necessary party in this case for two independent reasons. <u>First</u>, MKC appears to have ownership rights in the '322 Patent. PTO records indicate that on September 19, 1997, Gambaro assigned any interest *he* (as the "inventor") held in the '322 Patent to MKC.[13] Then, on March 31, 2010, Gambaro purportedly assigned any rights *he* held (as the "Assignor") in the '322 Patent to PEC.[14] Accordingly, PTO records for the '322 Patent list MKC as the first named assignee of record and PEC as the second named assignee of record.[15] No evidence has been presented to show that all of MKC's interests in the '322 Patent have been revoked and conveyed to PEC.[16] Until proven otherwise, MKC still holds rights in the '322 Patent and is thus a proper party in this case. Dismissal of MKC would create the potential for incomplete relief.

<u>Second</u>, FLIR has a viable claim against MKC for patent misuse because MKC: (i) demanded royalties from FLIR beyond the expiration date of the '322 Patent;[17] and (ii) made

---

[13] *See* Declaration of Farooq A. Tayab, ¶ 2, Exhibit A (Patent Assignment Abstract of Title listing Motionless Keyboard Company as the first named assignee and Patent Enforcement Company as the second named assignee of the '322 Patent).

[14] *Id.*

[15] *Id.*

[16] Pursuant to 35 U.S.C. 261, an assignment of patent rights must be in writing and show a clear and unmistakable intent to *transfer* ownership.

[17] *See* First Amended Complaint at 11-12; *Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1964)

Page 5 -   PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION 01 TO AMEND CAPTION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6040044.1

baseless allegations of infringement against FLIR based on claim constructions that were previously rejected by the Court.[18] FLIR seeks judicial declarations that the assertions made by MKC are improper and entirely without merit.

Gambaro is also a necessary party in this case for two independent reasons. <u>First</u>, even assuming *arguendo* that some or all rights in the '322 Patent have been assigned to PEC, it has no bearing on Gambaro's status as a proper defendant in this case. Assumed business names – such as PEC – are fictitious entities rather than separate legal entities capable of suing or being sued.[19] Accordingly, the registrant of the assumed business name retains personal responsibility for the actions and contracts made under the assumed name.[20] In other words, Gambaro is a proper party even if the purported assignment is valid.

<u>Second</u>, FLIR has a viable claim against Gambaro for patent misuse. Gambaro repeatedly threatened to file suit against FLIR for the alleged infringement of the '322 Patent based on claims constructions that were previously rejected by the Court.[21] Additionally, Gambaro posted videos on the internet that purportedly show how the accused FLIR products infringe the '322 Patent based on claims constructions that were previously rejected by the

---

("[W]e conclude that a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful *per se*.").

[18] *See* First Amended Complaint at 5-8; *Motionless Keyboard Co. v. Microsoft Corp.*, No. Civ. 04-180-AA, 2005 WL 1113818, at *19 (D. Or. May 6, 2005).

[19] *See Mitchell v. The Timbers*, 987 P.2d 1236, 1238-39 (Or. Ct. App. 1999) (recognizing that an assumed business name is not a legal entity capable of being sued and that plaintiff must sue the individual using the assumed business name); *Cross v. Kloster Cruise Lines, Ltd.*, 897 F. Supp. 1304, 1305 n.1 (D. Or. 1995) (noting that the assumed business name of one defendant "has no separate corporate entity").

[20] *See City of Eugene v. Monaco*, 17 P.3d 544, 546-47 (Or. Ct. App. 2000) (finding that the fact that an individual signs a lease as "dba" a fictitious entity, thereby indicating he is conducting business under an assumed business name, does not suggest that the individual is not personally responsible on the contract).

[21] *See* First Amended Complaint at 5-8.

Page 6 -   PLAINTIFF'S RESPONSE TO DEFENDANTS'
          MOTION 01 TO AMEND CAPTION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6040044.1

Court.[22] Finally, even after being placed on notice of the expiration of the '322 Patent, Gambaro continued to demand royalties from FLIR beyond the expiration date of the '322 Patent.[23] Because FLIR seeks judicial declarations that Gambaro's assertions of patent infringement and acts of patent misuse are improper and entirely without merit, Gambaro is a proper party to this action. Dismissal of Gambaro would likewise create the potential for incomplete relief.

## III.

## CONCLUSION

FLIR has fully met the standards required to state a claim against Gambaro and MKC under Fed. R. Civ. P. 12 by alleging sufficient facts to show that FLIR's allegations "rise above the level of speculation on the assumption that all the allegations in the complaint are true."[24] FLIR has properly stated claims against Gambaro and MKC, and has shown why these parties are necessary and proper in this action. Accordingly, the Court should deny Defendants' Motion and grant Plaintiff all other appropriate relief.

Dated this 27th day of May, 2010.

    Respectfully submitted,

    SCHWABE, WILLIAMSON & WYATT, P.C.

    By:  s/ Christopher J. Lewis
         Christopher J. Lewis, OSB #003079
         Devon Zastrow Newman, OSB #014627
         Telephone 503.222.9981

    BICKEL & BREWER
         William A. Brewer III, *admitted pro hac vice*
         Michael J. Collins, *admitted pro hac vice*
         Farooq A. Tayab, *admitted pro hac vice*
         Telephone 214.653.4000
         Of Attorneys for Plaintiff, FLIR Systems, Inc.

---

[22] *Id.* at 9-10.

[23] *Id.* at 11-12.

[24] Bell v. Twombly, 127 S. Ct. at 1965.

Page 7 -    PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 01 TO AMEND CAPTION

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121949/175176/DZN/6040044.1

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 27th day of May, 2010, a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 01 TO AMEND CAPTION was served via first class mail, postage prepaid, as follows:

> Mr. Thomas Gambaro, individually
> and dba Patent Enforcement Company
> and
> Motionless Keyboard Company
> P.O. Box 14741
> Portland, Oregon  97293-0741

s/ Christopher J. Lewis
Christopher J. Lewis

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/DZN/6040044.1