**Christopher Lewis**, OSB #003079
Email: clewis@schwabe.com
**Devon Zastrow Newman**, OSB #014627
Email: dnewman@schwabe.com
SCHWABE, WILLIAMSON, & WYATT
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon 97204-3735
Telephone: 503-222-9981
Facsimile: 503-796-2900

**William A. Brewer III**
Email: wab@bickelbrewer.com
**Michael J. Collins**
Email: mjc@bickelbrewer.com
**Farooq A. Tayab**
Email: fat@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201-4612
Telephone: 214-653-4000
Facsimile: 214-653-1015
Attorney(s) for Plaintiff FLIR Systems, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.,** an Oregon corporation,<br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>**THOMAS L. GAMBARO,** an individual; **MOTIONLESS KEYBOARD COMPANY,** an Oregon corporation,<br>　　　　　Defendants. | Case No. CV 10-0231-BR<br><br>REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT MOTIONLESS KEYBOARD COMPANY'S ANSWER, DEFENSES AND COUNTERCLAIM(S) TO PLAINTIFF'S ORIGINAL COMPLAINT |

Plaintiff FLIR Systems, Inc. ("FLIR") files this Reply in Support of its Motion to Strike Defendant Motionless Keyboard Company's "Answer, Defenses, & Counterclaims To Plaintiff FLIR Complaint" (the "Answer"), as follows:

### I.

### PRELIMINARY STATEMENT

The Court should strike the Answer filed by *pro se* defendant Thomas Gambaro ("Gambaro") on behalf Defendant Motionless Keyboard Company ("MKC") (jointly, "Defendants") because MKC is not represented by counsel and may not proceed *pro se*. In Defendants' Opposition to Motion to Strike Answers (the "Response"), Defendants do not deny that MKC's Answer was not filed by an attorney on behalf of MKC or that a corporation may not appear *pro se*. Accordingly, the Court should strike MKC's Answer.

### II.

### ARGUMENTS AND AUTHORITIES

The sole basis for Defendants' Response is the assertion that it is irrelevant that MKC is not represented by counsel. In particular, Defendants contend that because MKC is not the holder of U.S. Patent No. 5,332,322 (the "'322 Patent"), MKC should not be a party to this action.[1] As discussed in more detail in Plaintiff's Response to Defendants' Motion 01 to Amend Caption[2] and Plaintiff's Response to Defendants' Motion 02 Representation,[3] this argument is without merit because MKC is still a party to this action.

---

[1] *See* Response at 2 (Docket No. 20).

[2] Docket No. 29.

[3] Docket No. 24.

United States Patent & Trademark Office ("PTO") records pertaining to the '322 Patent show that MKC is an assignee of record and thus holds ownership rights in that patent. PTO records show that Gambaro assigned *his* interests (as the "inventor") in the '322 Patent to MKC on September 19, 1997.[4] Then, on March 31, 2010, Gambaro purportedly assigned any rights *he* held (as the "Assignor") in the '322 Patent to Patent Enforcement Company ("PEC"), his assumed business name.[5] MKC did not file an assignment of its rights. PTO records for the '322 Patent list both MKC *and* PEC as assignees of record.[6] Defendants have presented no evidence to show that all of MKC's interests in the '322 Patent have been revoked and conveyed to PEC.[7] Therefore, until proven otherwise, MKC still holds rights in the '322 Patent, as reflected by the PTO records.

In addition, FLIR has a meritorious claim against MKC for patent misuse because MKC: (i) demanded royalties from FLIR beyond the expiration date of the '322 Patent;[8] and (ii) made baseless allegations of infringement against FLIR based on claims constructions that were previously rejected by the Court.[9] FLIR seeks judicial declarations that the assertions made by

---

[4] *See* Declaration of Farooq A. Tayab in Support of Plaintiff's Response to Defendants' Motion 1 to Amend Caption (Docket No. 23), (May 27, 2010), Exhibit A (Patent Assignment Abstract of Title listing Motionless Keyboard Company as the first named assignee and Patent Enforcement Company as the second named assignee of the '322 Patent).

[5] *Id.*

[6] *Id.*

[7] Pursuant to 35 U.S.C. 261, an assignment of patent rights must be in writing and show a clear and unmistakable intent to *transfer* ownership.

[8] *See* First Amended Complaint at 11-12; *Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1964) ("[W]e conclude that a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful *per se*.").

[9] *See* First Amended Complaint at 5-8; *Motionless Keyboard Co. v. Microsoft Corp.*, No. Civ. 04-180-AA, 2005 WL 1113818, at *19 (D. Or. May 6, 2005).

**REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT
MOTIONLESS KEYBOARD COMPANY'S ANSWER,
DEFENSES AND PLAINTIFF'S ORIGINAL COMPLAINT** — Page 3

MKC are improper and entirely without merit. For all these reasons, MKC is a proper party to this action.

As a corporate defendant, MKC must be represented by counsel of record under the Local Rules.[10] In their Response, Defendants do not deny that Gambaro – who filed the Answer – is not an attorney, or that MKC is not represented by counsel.[11] A corporation such as MKC may appear in federal court *only* through counsel of record.[12] Defendants do not refute this.[13] Accordingly, the Court should strike MKC's Answer because it was not filed by counsel, but by Gambaro – a non-attorney.[14]

---

[10] *See* Local Rule 83-9(b).

[11] *See generally* Response (Docket No. 20).

[12] *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); LR 83-9(b) ("A party represented by an attorney cannot appear or act except through the attorney. Unless otherwise specifically provided by law or Court order, a corporation may appear or act only through an attorney."); *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) ("Corporations and other unincorporated associations must appear in court through an attorney."); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987); *Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986).

[13] *See generally* Response (Docket No. 20).

[14] *See Charlton v. Hall*, 2009 U.S. Dist. LEXIS 28938, 2009 WL 928690 (D. Or. 2009) (striking multiple documents filed by *pro se* petitioner pursuant to LR 83-9(b)).

### III.

### CONCLUSION

FLIR respectfully requests that the Court enter an order striking MKC's Answer and grant FLIR all other appropriate relief.

Dated:  June 14, 2010               Respectfully submitted,

                                    By:   s/ Christopher J. Lewis
                                          **Christopher J. Lewis**, OSB #00379
                                          Email:  clewis@schwabe.com
                                          **Devon Zastrow Newman**, OSB #014627
                                          Email:  dnewman@schwabe.com
                                          **SCHWABE, WILLIAMSON, & WYATT**
                                          1211 SW Fifth Avenue
                                          Portland, Oregon  97204-3735
                                          Telephone:  503-222-9981
                                          Facsimile:  503-796-2900

                                          **BICKEL & BREWER**
                                          **William A. Brewer III**, Texas State Bar No. 02967035
                                          wab@bickelbrewer.com
                                          **Michael J. Collins**, Texas State Bar No. 785493
                                          mjc@bickelbrewer.com
                                          **Farooq A. Tayab**, Texas State Bar No. 24063028
                                          fat@bickelbrewer.com
                                          4800 Comerica Bank Tower
                                          1717 Main Street
                                          Dallas, Texas  75201-4612
                                          Telephone: (214) 653-4000
                                          Facsimile: (214) 653-1015

                                          **Attorneys for Plaintiff FLIR Systems, Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of June, 2010, a true and correct copy of the foregoing document was served via first class mail, postage prepaid, as follows:

> Mr. Thomas Gambaro
> Motionless Keyboard Company
> P.O. Box 14741
> Portland, Oregon  97293-0741

s/ Christopher J. Lewis
**Christopher J. Lewis**
