**Christopher J. Lewis, OSB #003079**
Email clewis@schwabe.com
**Devon Zastrow Newman, OSB #014627**
Email dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981
Fax 503.796.2900

**William A. Brewer III,** *admitted pro hac vice*
Email wab@bickelbrewer.com
**Michael J. Collins,** *admitted pro hac vice*
Email mjc@bickelbrewer.com
**Farooq A. Tayab,** *admitted pro hac vice*
Email fat@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone 214.653.4000
Fax 214.653.1015

Of Attorneys for Plaintiff FLIR Systems, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.,** an Oregon corporation**,** | No. CV 10-231-BR |
| Plaintiff, | |
| vs. | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION 05 TO COMPEL DISCOVERY |
| **THOMAS L. GAMBARO,** an individual d/b/a **PATENT ENFORCEMENT COMPANY**; and **MOTIONLESS KEYBOARD COMPANY,** an Oregon corporation, | |
| Defendants. | |

Page 1 -    PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION 05 TO COMPEL DISCOVERY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Plaintiff FLIR Systems, Inc. ("FLIR") files this Response to the motion of defendant Thomas L. Gambaro ("Gambaro") d/b/a Patent Enforcement Company ("PEC") and defendant Motionless Keyboard Company ("MKC") (jointly, "Defendants") entitled Defendants' Motion 05 Under Rule 37(a) For Discovery by Schwabe Williamson, Wyatt (sic) ("Motion to Compel"), as follows:

## PROCEDURAL BACKGROUND

On March 1, 2010, FLIR filed a Complaint seeking a declaratory judgment that its thermal imaging products did not infringe now-expired U.S. Patent No. 5,332,322 (" '322 Patent") and that the '322 Patent was invalid.  On May 17, 2010, Defendants served Plaintiff with *Defendants Requests for Flir Document Production*.[1]  On May 29, 2010, and May 31, 2010, Mr. Gambaro, on behalf of Defendants, requested additional document production via email.[2]

Long before FLIR's response to these production requests was due under the Federal Rules of Civil Procedure ("FRCP"), Defendants filed this Motion to Compel, which specifically targets FLIR's local counsel, SCHWABE, WILLIAMSON & WYATT, P.C. (Schwabe).  In support, Defendants filed the Declaration of Thomas L. Gambaro in Support of Motion 05 (Gambaro Declaration). Defendants' Motion to Compel pertains to Document Request No. 1, which was submitted with the original request for production, and subsequently emailed Document Requests No. 1A and 1B:

**Document Request No. 1:**

> All documents that refer or relate to communications between
> Christopher J. Lewis and/or any other attorney(s) in the firm

---

[1] Declaration of Christopher J. Lewis in Support of Plaintiff FLIR's Opposition to Defendants' Motion 05 to Compel Discovery ("Lewis Decl."), ¶ 2.

[2] See documents attached to Defendants' Motion to Compel (emails with FLIR attorney Devon Newman).

Page 2 -    PLAINTIFF'S OPPOSITION TO DEFENDANTS'
            MOTION 05 TO COMPEL DISCOVERY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

SCHWABE, WILLIAMSON, & WYATT within the scope of representation by Christopher J. Lewis and/or other attorneys in the firm SCWABE, WILLIAMSON, & WYATT and client Tom V. Robinson of Portland, Oregon including all documents, billing and communications back to January of 2000.

**Document Request No. 1A:**

The tone of your response indicates we may have a problem because during the Motionless Keyboard Company v Microsoft Corporation very non related discovery was demanded including personal email messages from friends having nothing to do with the case. The excuse given for the unjustified discovery was that being the defendants have the rights to construct a proper defense. Well now I am the defendant and will expect the same from FLIR to provide all the documents I request.

I will expect as well that you provide an OUTSIDE COUNSEL ONLY agreement to allow access to all documents from the Motionless Keyboard Company v Microsoft Corporation for my review on CD as well. You may consider this DOCUMENT PRODUCTION NO. 1A. These are all related to your only argument for non-infringement that is associated with the Aiken rulings' I will expect that you understand that I am the defendant now and will continue to request documents until they are produced.

**Document Request No. 1B:**

Document Production No. 1B is all materials documents emails recordings and financial records regarding the Motionless KEyboard (sic) Company v Microsoft Corporation offer by Nokia Corporation for out of court settlement for infringements of the U.S. Patent No. 5,332,322. All documentation and date sequence of the settlement offer and what was done with the funds after the offer.

## RESPONSE TO GAMBARO DECLARATION

Defendants have not only crossed the line by requesting information that is privileged,

irrelevant, and wholly improper under the Rules of Civil Procedure (discussed below), but they

Page 3 -    PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION 05 TO COMPEL DISCOVERY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121949/175176/CJL/6127348.1

have taken a giant leap over the line by filing a sworn declaration that is replete with unfounded accusations that are patently false.  The most poignant falsehoods in the Gambaro Declaration are found in paragraphs 3 and 5, where Mr. Gambaro claims that one or more *unidentified* Oregon attorneys made the following statements to him in regards to Presiding Judge Ann Aiken:

> "As I recall, on information and belief, the first conversation was early on in the case and the attorney stated, "I grew up in Eugene and my mother knew Ann Aiken and my experience is that Ann Aikens (sic) does not do well with technical issues."[3]

> "As I recall, on information and belief, during the conversation at one point the attorney interrupted my statements with the question: "Wait a minute. Who was the Judge in this case?" I said, "Judge Ann Aikens."(sic) The attorney replied, "She is a dirty judge." The attorney proceeded to tell me about a case he had that was influenced and provided information about Ann Aikens five sons and the college fund where funds could be contributed to for a favorable outcome in a case."[4]

As an initial matter, it is beyond comprehension how such libelous remarks are even relevant to the case at hand, even *if* they were factual.[5]  Further, Gambaro makes no attempt to identify who the speakers of these statements were, but rather generically states that they come from "two separate but related conversations with Oregon attorneys."  Inexplicably, then, Gambaro claims that these conversations with unnamed attorneys now entitle Defendants to obtain this discovery from Schwabe of documents that were produced in a prior litigation brought by MKC against Microsoft, Nokia and Saitek ("Microsoft Lawsuit").  Clearly they do not.

While it is unclear who the speaker(s) of the above statements were, given that Mr. Gambaro stated one conversation was had in the context of soliciting an attorney to represent

---

[3] Gambaro Declaration, ¶ 3

[4] Gambaro Declaration, ¶ 5

[5] These statements are also inadmissible hearsay, which should be stricken from the record.

Page 4 -    PLAINTIFF'S OPPOSITION TO DEFENDANTS'
            MOTION 05 TO COMPEL DISCOVERY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

MKC's appeal of the Microsoft Lawsuit, it is highly unlikely that Mr. Gambaro is attempting to attribute these conversations to Schwabe attorneys. However, in an abundance of caution and to ensure that there is no misunderstanding, both Christopher Lewis and Kevin Brannon of Schwabe (the only Schwabe attorneys with direct contact with Mr. Gambaro) attest that neither of them ever made these statements to anyone, especially to Mr. Gambaro.[6]

The statements that Mr. Gambaro makes in his declaration are preposterous, particularly his implication that Judge Aiken has somehow abdicated her Judicial oath by taking bribes. As Schwabe did not make the irrelevant and false statements, the question then becomes what are Gambaro's true motivations for making such libelous remarks? There is only one possible conclusion: Gambaro must believe that by attempting to call into question the *credibility* of Judge Aiken, he will somehow sway this Court to question the *credibility* of Judge Aiken's claim construction ruling and finding of noninfringement in the Microsoft Litigation. This ill-conceived plan should be rejected out of hand, as it is truly astonishing given the fact that the Microsoft Litigation claim construction and noninfringement rulings were upheld by the Federal Circuit. In addition, Mr. Gambaro should be strongly cautioned about the decorum and respect that all parties—including *pro se* parties—owe to the court and opposing counsel.[7]

## RESPONSE TO MOTION TO COMPEL DOCUMENTS

**A.  Request for Production No. 1 is moot in light of Schwabe's withdrawal**

Request for Production No. 1 targets documents aimed at communications between Schwabe and MKC Shareholder Tom Robinson. Presumably this request is to try to drum up support for Defendants' motion for Disqualification based on an alleged conflict of interest.[8]

---

[6] Lewis Decl., ¶ 3; *see also* Declaration of Kevin E Brannon in Support of Plaintiff's Opposition to Defendants' Motion 05 to Compel Discovery ("Brannon Decl."), ¶¶ 2-6.

[7] FLIR considered filing a motion for sanctions related to Mr. Gambaro's actions, but does not want to add to Mr. Gambaro's side show. FLIR wants to get to the merits of the case.

[8] Defendants' Motion 03 Disqualification (Docket No. 19).

Page 5 -    PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION 05 TO COMPEL DISCOVERY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

Again, as fully briefed in FLIR's response to Defendants' Motion to Disqualify, there is no legal or ethical conflict of interest.[9]  Schwabe even offered to allow Mr. Gambaro to review the very documents he requested, provided he would agree that such an accommodation would not waive any objections or extend to any other discovery requests.[10]  Mr. Gambaro apparently rejected this offer, and instead filed this Motion to Compel.

Regardless, Document Request No. 1 is now rendered moot in light of Schwabe's June 15, 2010, Motion to Withdraw and Substitute New Local Counsel, which was filed for the sole purpose of sparing the Court and FLIR from wasting any more time and money addressing the alleged conflict of interest.  Accordingly, Defendants' Request No. 1 should be denied as moot.

**B.      Request for Production No. 1A is improper under the Federal Rules of Civil Procedure.**

Clinging to the prior unrelated Microsoft Litigation, Mr. Gambaro inexplicably believes that he is not only entitled to receive all documents from that case, but he is entitled to a Court order compelling discovery from the law firm of one of the parties in the unrelated case.  The requested discovery includes documents that – if produced – would expressly waive Schwabe's attorney-client privilege.  This request is flawed on many levels, and violates the Federal Rules of Civil Procedure.

First, while the prior case did include the '322 patent, it involved different parties and different products.  FLIR was in no way involved in that case.[11]  FLIR has no relation to any of the parties that were involved in that case.[12]  And, the accused FLIR thermal imaging cameras are completely different products than cell phones and game controllers at issue in the prior

---

[9] Plaintiff's Response in Opposition to Defendants' Motion 03 Disqualification (Docket No.26)

[10] *See* Email attached to the Motion to Compel from Devon Newman to Thom Gambaro, dated May 28, 2010.

[11] Lewis Decl., at ¶ 4

[12] *Id.*

Page 6 -    PLAINTIFF'S OPPOSITION TO DEFENDANTS'
            MOTION 05 TO COMPEL DISCOVERY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

litigation.[13]  The only relevance of the prior lawsuit to the current action is in the claim construction given the claim terms of the '322 patent, which was upheld on appeal and is binding on MKC in this action.  Thus the requested documents are irrelevant.

Second, seeking production from the law firm (Schwabe) that represented one of the parties in the prior litigation is not only unprecedented, but it would require Schwabe to violate the protective order from the previous unrelated case.[14]

Third, Schwabe simply does not have the documents requested, as most of the information exchanged was exchanged directly between MKC's counsel and Nokia's national counsel Jones Day.[15]

Fourth, the request is objectionable on several grounds under the Federal Rules of Civil Procedure, including, but not limited to: seeking irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence; the request is overly broad and unduly burdensome since it is a blanket request for *all* documents from the prior unrelated litigation; and the request  is aimed directly at obtaining privileged and confidential information.

The federal rules simply do not permit this type of discovery request.  Rather, the proper procedure for obtaining *any* documents produced from the prior unrelated litigation is for Defendants to serve a Subpoena *Duces Tecum* on the actual defendants in that case pursuant to FRCP 45.  Accordingly, Defendants' motion to compel production of documents pursuant to Request 1A should be denied.

## C.      Request for Production No. 1B is irrelevant and improperly seeks privileged information.

Though no longer surprising, through Request No. 1B *pro se* Defendant Thomas Gambaro seeks information that defies judicial logic.  Mr. Gambaro requests all documents

---

[13] *Id.*

[14] Lewis Decl., at ¶ 5

[15] *Id.*

Page 7 -   PLAINTIFF'S OPPOSITION TO DEFENDANTS'
             MOTION 05 TO COMPEL DISCOVERY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

related to an alleged "offer by Nokia Corporation **for out of court settlement** for infringements of the U.S. Patent No. 5,332,322 [including] **all documentation and date sequence of the settlement offer and what was done with the funds after the offer**." *See* Request No. 1B (emphasis added).  Again, there are several problems with such a request.

1. Schwabe was not involved in that offer and has no documentation regarding any such offer.[16]

2. Even if there was an offer, the request seeks documents that would be deemed inadmissible under the Federal Rules of Evidence, 408.

3. An offer to settle a patent infringement case by a different party in an unrelated litigation is irrelevant to any claim in the present case.

4. Schwabe has no clue as to "what was done with the funds after the offer."[17]

5. MKC was represented by counsel at the time, and any information regarding the offer is more appropriately obtained from former MKC counsel, not former Nokia counsel.

6. Any information regarding the disbursement of funds after the offer would clearly be privileged information.

Because there is absolutely no justifiable legal, factual or rational basis for requesting settlement information from an unrelated prior litigation, much less from counsel to the adverse party, *pro se* Defendants' motion to compel production pursuant to Request No. 1B should be denied.

---

[16] *Id.* at ¶ 6

[17] *Id.*

Page 8 -    PLAINTIFF'S OPPOSITION TO DEFENDANTS'
            MOTION 05 TO COMPEL DISCOVERY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

## Conclusion

Because Defendants' document requests find no grounding or support under the Federal Rules of Civil Procedure, and because the motion to compel is supported by a declaration that is being used for a specious purpose, the motion to compel should be denied.

Dated this 17th day of June, 2010.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By:     s/ Christopher J. Lewis
        Christopher J. Lewis, OSB #003079
        Devon Zastrow Newman, OSB #014627
        Telephone 503.222.9981

BICKEL & BREWER.

William A. Brewer III, *admitted pro hac vice*
Michael J. Collins, *admitted pro hac vice*
Farooq A. Tayab, *admitted pro hac vice*
Telephone 214.653.4000

Of Attorneys for Plaintiff, FLIR Systems, Inc.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/121949/175176/CJL/6127348.1

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 17th day of June 2010, a true and correct copy of the

foregoing document was served via first class mail, postage prepaid, as follows:

      Mr. Thomas Gambaro
      Motionless Keyboard Company
      P.O. Box 14741
      Portland, Oregon  97293-0741

                              *s/  Christopher J. Lewis*
                              Christopher J. Lewis

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/121949/175176/CJL/6127348.1