**Christopher J. Lewis, OSB #003079**
Email clewis@schwabe.com
**Devon Zastrow Newman, OSB #014627**
Email dnewman@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981
Fax 503.796.2900

**William A. Brewer III**
Email: wab@bickelbrewer.com
**Michael J. Collins**
Email: mjc@bickelbrewer.com
**Farooq A. Tayab**
Email: fat@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201-4612
Telephone: 214-653-4000
Facsimile: 214-653-1015

Attorney(s) for Plaintiff FLIR Systems, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation, | Case No. CV 10-0231-BR |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 04 "OUTSIDE COUNSEL ONLY" DISCOVERY AGREEMENT** |
| THOMAS L. GAMBARO, an individual d/b/a PATENT ENFORCEMENT COMPANY; MOTIONLESS KEYBOARD COMPANY, an Oregon corporation, | |
| Defendants. | |

Page 1 -   PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
04 "OUTSIDE COUNSEL ONLY" DISCOVERY
AGREEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

Plaintiff FLIR Systems, Inc. ("FLIR") files this Response to the motion of defendant

Thomas L. Gambaro ("Gambaro") d/b/a Patent Enforcement Company ("PEC") and defendant

Motionless Keyboard Company ("MKC") (jointly, "Defendants") entitled "Motion 04 'Outside

Counsel Only' Discovery Agreement" (the "Motion"), as follows:

## I.

## PROCEDURAL BACKGROUND

A.    **Defendants' "Requests" For Production**

On May 17, 2010, Defendants served their "Requests for FLIR Document Production"

(the "Requests for Production") upon FLIR.  In Request for Production No. 1 ("Request No. 1"),

Defendants requested the production of:

> All documents that refer or relate to communications between Christopher J.
> Lewis and/or any other attorney(s) in the firm SCHWABE, WILLIAMSON, &
> WYATT within the scope of representation by Christopher J. Lewis and/or other
> attorneys in the firm SCHWABE, WILLIAMSON, & WYATT and client Tom V.
> Robinson of Portland, Oregon including all documents, billing and
> communications back to January of 2000.[1]

Thereafter, by e-mail dated May 29, 2010, Gambaro notified FLIR's local counsel –

Schwabe, Williamson, & Wyatt ("Schwabe") – of Defendants' "Request No. 1A"[2] and stated

that: "I will expect as well that you provide an OUTSIDE COUNSEL ONLY agreement to allow

---

[1]  *See* Declaration of Farooq A. Tayab, Exhibit A (Defendants Requests for FLIR
Document Production) at 2.

[2]  Request No. 1A was not among the initial Requests for Production served on May 17,
2010.  FLIR was first made aware of Request No. 1A in an e-mail from Gambaro to Schwabe,
dated May 29, 2010.

Page 2 -    PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
04 "OUTSIDE COUNSEL ONLY" DISCOVERY
AGREEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

access to all documents from the Motionless Keyboard Company v Microsoft Corporation[3] for my review on CD as well.  You may consider this DOCUMENT PRODUCTION NO. 1A."[4]

By e-mail dated May 31, 2010, Gambaro then notified Schwabe of Defendants' "Request No. 1B"[5] and stated that:

> Document Production No. 1B is all materials documents emails recordings and financial records regarding the Motionless Keyboard Company v Microsoft Corporation offer by Nokia Corporation for out of court settlement for infringements of the U.S. Patent No. 5,332,322.  All documentation and date sequence of the settlement offer and what was done with the funds after the offer.[6]

FLIR's responses to Request Nos. 1A and 1B are not due until June 28 and 30, 2010, respectively, pursuant to the Federal Rules of Civil Procedure.

**B.    Schwabe Withdraws As Counsel For FLIR**

On June 6, 2010, Schwabe notified Gambaro of its intent to withdraw as counsel for FLIR.[7]  Schwabe stated that "although we have identified no true conflict of interest exists that precludes us from representing FLIR, Schwabe has decided to withdraw as local counsel in this case.  We will soon file a notification with the court."[8]  Schwabe additionally noted that because

---

[3] For purposes of this Response, FLIR assumes that Defendants are referring to the action styled *Motionless Keyboard Company v. Microsoft Corporation et al. Action*, Civil Action No. 04-180-AA, in the United States District Court, District of Oregon, Portland Division (the "*Microsoft* Action").

[4] *See* Patent Enforcement Company Exhibit 10 at 4 (Docket Entry 34).

[5] Request No. 1B was also not among the initial Requests for Production served on May 17, 2010.  FLIR was first made aware of Request No. 1B in an e-mail from Gambaro to Schwabe, dated May 31, 2010.

[6] *See* Patent Enforcement Company Exhibit 10 at 2 (Docket Entry 34).

[7] *Id.* at 1.

[8] *Id.*

Page 3 -     PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
             04 "OUTSIDE COUNSEL ONLY" DISCOVERY
             AGREEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

its withdrawal from the case "moots the issue of Defendants' Request for Production No. 1, FLIR will not produce documents responsive to that request."[9]

On June 15, 2010, Schwabe filed its motion to withdraw.[10]  Schwabe's withdrawal stems not from any alleged conflict of interest, but from Defendants' efforts to "do[] everything they can to create one side show after another in an apparent attempt to distract this Court from the Primary Issue."[11]

## C.    Defendants' Motion

Defendants filed the Motion on June 1, 2010 – *i.e.*, only *three days* after demanding an "Outside Counsel Only" agreement through their Request No. 1A.  In their Motion, Defendants request the Court to "order the establishment of an 'OUTSIDE COUNSEL ONLY' agreement for discovery purposes in this case to allow access to all documents in evidence for the ongoing production of documents requested and the previous case, *Motionless Keyboard Company v. Microsoft Corporation et al.* case" because the *Microsoft* Action "has rulings the Plaintiff FLIR has relied on for claims of non-infringement of U.S. Patent No. 5,332,322."[12]

In the Motion, Defendants contend that in the *Microsoft* Action, Gambaro was unjustly denied access to certain documents that were designated "OUTSIDE COUNSEL ONLY."[13]

---

[9] *Id.*

[10] *See* Motion To Withdraw And Substitute New Local Counsel For FLIR Systems, Inc., filed June 16, 2010 (Docket Entry 38).

[11] *See* Memorandum In Support Of Motion To Withdraw And Substitute New Local Counsel For FLIR Systems, Inc. at 2 (Docket Entry 39).

[12] *See* Motion at 1-2 (Docket Entry 32).  Defendants' Motion appears to seek the same relief requested in Defendants' Motion 05 Under Rule 37(a) For Discovery By Schwabe, Williamson, Wyatt ("Defendants' Motion 05").  *See* Docket Entry 34.

[13] *Id.* at 2.

Page 4 -    PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 04 "OUTSIDE COUNSEL ONLY" DISCOVERY AGREEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Defendants allege that Schwabe is in possession of documents designated "OUTSIDE COUNSEL ONLY" in the *Microsoft* Action and has refused the production of those documents.[14]  Defendants now seek relief from the Court to "correct these injustices."[15]  In other words, Defendants ask the Court in this action to correct alleged "injustices" that occurred in the *Microsoft* Action – a case in which FLIR (unlike Defendants) was not a party or otherwise involved.

## II.

## ARGUMENT AND AUTHORITIES

Defendants' Motion must be denied for three independent reasons.  <u>First</u>, the documents sought are subject to protective agreements in a prior unrelated litigation that prevent their disclosure, and thus, are outside the scope of permissible discovery in this action.  Moreover, the documents sought are irrelevant to this action and are unlikely to lead to the discovery of admissible evidence.  <u>Second</u>, the documents requested are not within FLIR's possession, custody, or control.  <u>Finally</u>, the Requests are procedurally improper because they request production of documents prior to the expiration of production deadlines under the Rules.  Accordingly, Defendants' Motion should be denied.

**A.    Defendants' Requests Seek Documents That Are Outside The Permissible Scope Of Discovery.**

The Federal Rules of Civil Procedure limit the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense."[16]  Where a discovery request seeks

---

[14] *Id.*

[15] *Id.*

[16] *See* Fed. R. Civ. P. 26(b)(1).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

information that is not relevant to a claim or defense in the case, the court should deny a motion to compel brought by the requesting party.[17]

Schwabe served as local counsel to Nokia Corporation ("Nokia"), one of the named defendants in the *Microsoft* Action.  Schwabe also served as local counsel for FLIR in this action, but has since announced its intention to withdraw from representing FLIR.  Defendants seek the production of *all* documents designated "OUTSIDE COUNSEL ONLY" in the *Microsoft* Action from Schwabe.  FLIR understands that those documents are subject to a protective order that prevents their disclosure to parties outside the scope of the protective order.[18]  Indeed, Defendants admit that even though MKC was a party to the *Microsoft* Action, Gambaro was not given access to documents designated "OUTSIDE COUNSEL ONLY."  FLIR was neither a party nor was it involved in any manner in the *Microsoft* Action.  FLIR does not have custody or control over documents that Schwabe may have in its possession from the representation of another client.

Therefore, the documents sought by Defendants are wholly outside the scope of permissible discovery in this action.  The proper means for obtaining documents produced in prior unrelated litigation is for Defendants to serve a Subpoena *Duces Tecum* on the parties to that action.  Accordingly, Defendants' Motion should be denied.

---

[17] *See Brown v. Nooth*, No. 08-621-BR, 2009 WL 2382685, at *1 (D. Or. July 30, 2009) (denying motion to compel response to requests pertaining to matters not relevant to the claims or issues in the case).

[18] See Declaration of Christopher J. Lewis in Support of Plaintiff's Opposition to Defendants' Motion 05 to Compel Discovery, ¶ 5.  (Docket Entry 43)

Page 6 -    PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 04 "OUTSIDE COUNSEL ONLY" DISCOVERY AGREEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

**B.      The Documents Sought By Defendants' Requests Are Not Within FLIR's Possession, Custody, Or Control.**

Under the Federal Rules of Civil Procedure, a party responding to a request for production needs to produce documents within its "possession, custody, or control."[19]   In other words, the responding party is not required to produce documents in the possession of third parties.[20]

FLIR does not have possession, custody, or control over documents designated "OUTSIDE COUNSEL ONLY" in the *Microsoft* Action.  FLIR was neither a party nor was it involved in any manner in the *Microsoft* Action.[21]  Furthermore, FLIR does not have custody or control over documents that Schwabe may have in its possession from the representation of another client.  To the extent that Schwabe – which has since announced its intention to withdraw as FLIR's counsel[22] – is in possession of any documents relating to the Requests, <u>FLIR is absolutely under no obligation to gather those documents from Schwabe and produce them to</u>

---

[19] *See* FED. R. CIV. P. 34(a)(1).

[20] *See Gonnuscio v. Seabrand Shipping Ltd.*, No. 95-752-FR, 1997 WL 118436, at *2 (D. Or. Mar. 11, 1997) (denying motion to compel discovery because party responding to request for production "only has a duty to produce documents which are in its possession, custody or control" and "has no duty to obtain documents which are in the possession, custody or control of third parties").

[21] To the extent that FLIR has relied on any rulings from the *Microsoft* Action, FLIR has received that information from publicly available sources such as the published opinions of the District Court and the Court of Appeals and not any documents that were produced by the parties to that case – much less documents that were designated confidential with an "OUTSIDE COUNSEL ONLY" designation.  In its Requests for Production served on May 17, 2010, Defendants have sought the production of documents from FLIR that relate to the *Microsoft* Action.  FLIR intends to produce to Defendants any non-objectionable documents responsive to Request Nos. 3 and 11 which relate to the *Microsoft* Action that are within FLIR's possession, custody, or control.

[22] *See* Motion to Withdraw and Substitute New Local Counsel for FLIR Systems, Inc. (Docket Entry 38).

Page 7 -    PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
04 "OUTSIDE COUNSEL ONLY" DISCOVERY
AGREEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

Defendants.[23] The proper means for obtaining such documents is through the service of a Subpoena *Duces Tecum* on the parties to the *Microsoft* Action. Accordingly, Defendants' Motion should be denied.

## C.    Defendants' Requests Are Procedurally Improper.

A request for production "must describe with reasonable particularity each item or category of items to be inspected" and "must specify a reasonable time, place, and manner for the inspection and for performing the related acts."[24]   The requests must be served on the responding party in accordance with Rule 5.[25]   The responding party has thirty (30) days to respond from the date the request is served.[26]   The requesting party may move to compel discovery under Rule 37 *only* where the responding party "fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."[27]

Defendants' Motion attempts to circumvent the Rules. Defendants filed their Motion on June 1, 2010 – *i.e.*, fifteen days <u>before</u> the expiration of the 30-day response period allowed under the Rules. FLIR's responses to Request Nos. 1A and 1B – should those requests be deemed to be proper, which they are not – are not due until June 28 and 30, 2010, respectively. Accordingly, Defendants' Motion and Requests are improper under the Rules.

---

[23] FLIR does not suggest that Defendants may permissibly discover this information from Schwabe, but only that Defendants' Motion to compel discovery of the Requests made to FLIR is entirely without merit.

[24] *See* FED. R. CIV. P. 34(b)(1).

[25] *See* FED. R. CIV. P. 5(a)(1)(C); FED. R. CIV. P. 34(a).

[26] *See* FED. R. CIV. P. 34(b)(2)(A).

[27] *See* FED. R. CIV. P. 37(a)(3)(B)(iv).

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 04 "OUTSIDE COUNSEL ONLY" DISCOVERY AGREEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

III.

**CONCLUSION**

For all the foregoing reasons, the Court should deny Defendants' Motion and grant Plaintiff all other appropriate relief.


Dated:  June 17, 2010                    Respectfully submitted,



SCHWABE, WILLIAMSON & WYATT, P.C.



By: _s/ Christopher J. Lewis_____
Christopher J. Lewis, OSB #003079
Devon Zastrow Newman, OSB #014627
Telephone 503.222.9981



**BICKEL & BREWER**
**William A. Brewer III**, Texas State Bar No. 02967035
wab@bickelbrewer.com
**Michael J. Collins**, Texas State Bar No. 785493
mjc@bickelbrewer.com
**Farooq A. Tayab**, Texas State Bar No. 24063028
fat@bickelbrewer.com
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas  75201-4612
Telephone: (214) 653-4000
Facsimile: (214) 653-1015

**Attorneys for Plaintiff FLIR Systems, Inc.**


PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION 04 "OUTSIDE COUNSEL ONLY" DISCOVERY AGREEMENT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 17th day of June 2010, a true and correct copy of the

foregoing document was served via first class mail, postage prepaid, as follows:

      Mr. Thomas Gambaro
      Motionless Keyboard Company
      P.O. Box 14741
      Portland, Oregon  97293-0741

              *s/ Christopher J. Lewis*        
              Christopher J. Lewis

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900