Thomas L. Gambaro
Email: thom.gambaro@gmail.com
**PATENT ENFORCEMENT COMPANY**
**MOTIONLESS KEYBOARD COMPANY**
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589

FILED'10 JUN 18 11:18USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**PATENT ENFORCEMENT COMPANY**, an Oregon company<br><br>Previously:<br><br>**THOMAS L. GAMBARO**, an individual; and **MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation<br><br>Defendants. | Case No. CV 10-0231-BR<br><br>**DEFENDANT MOTION 06 TO COMPELL DISCOVERY AND AMEND PROTECTIVE ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

## MOTION 06 TO COMPELL DISCOVERY AND AMEND PROTECTIVE ORDER

Presiding Judge Anna J. Brown in Document Number 36 ordered responses to

Defendant's Motion 04 "Outside Counsel Only" Discovery Agreement [32] and

Defendant's Motion 05 under Rule 37(a) for Discovery [34] by Schwabe. Williamson,

Wyatt are due no later than 6/17/10. FLIR has defaulted on this order.

**DEFENDANT MOTION 04 "OUTSIDE COUNSEL ONLY" DISCOVERY**
**AGREEMENT**                                                                                                    Pg 1 of 4

Two previous refusals for Defendant discovery requests were previously documented in PATENT ENFORCEMENT COMPANY EXHIBIT 10 previously filed on page 1 of 4 in paragraph 2 and also on page 3 of 4 in paragraph 3. The third refusal for discovery is documented in PATENT ENFORCEMENT COMPANY EXHIBIT 11 on page 1 of 5 in the second paragraph.

Defendants' objected to the language of the proposed protective order with three specific objections in PATENT ENFORCEMENT COMPANY EXHIBIT 11 on page 3 and 4 of 5 in numbered paragraphs 1. through 3. This was emailed on June 16th that was the day the draft PROTECTIVE ORDER was served. The terms "OUTSIDE ATTORNEYS EYES ONLY" and "CONFIDENTIAL—ATTORNEYS' EYES ONLY" needed to be amended to be substituted with the term "OUTSIDE PARTY ONLY" and/or "CONFIDENTIAL—OUTSIDE PARTY EYES ONLY" because the Defendant THOMAS L. GAMBARO is a party to the case but not an attorney and complete discovery is required to develop a complete defense. Documents previously marked "OUTSIDE COUNSEL ONLY" from the Motionless Keyboard Company v Microsoft Corporation et al case need also to be reviewed for the defense because FLIR has indicated it will rely on the OPINION AND ORDER of this case. A clause permitting access to "OUTSIDE COUNSEL ONLY" documents for this discovery from the previous case is also necessary. The Defendants' only requested slight changes in the agreements and FLIR did not respond and at the end of the business day on June 17th FLIR defaulted on the order of Judge Anna J. Brown.

The relief requested is that the Court order FLIR to make the reasonable amendments specified to allow Pro Se representation and an order compelling FLIR to produce all requested documents on CDs and DVDs at a time specified by the Court.

This relief requested is also intended to extend to SCHWABE, WILLIAMSON. & WYATT to produce all previously requested documents in their domain prior to being allowed to withdraw from the case, as is requested in the NOTICE OF SUBSTITUTION OF COUNSEL. All requested documents from SCHWABE, WILLIAMSON. & WYATT are considered critical to develop a complete defense.

The Court may also give consideration to rejecting HARRANG LONG GARY RUDNICK P.C. as substitution counsel as they have made a poor showing to date by defaulting on the order of the Court and further consideration to DEFENDANTS' MOTION 04 requesting Rule 37 (b) sanctions to be imposed on FLIR.

Dated: June 18, 2010        Respectfully submitted,

By: _____
Thomas L. Gambaro
Email: thom.gambaro@gmail.com
PATENT ENFORCEMENT COMPANY
MOTIONLESS KEYBOARD COMPANY
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589

**From:** Susan.MARMADUKE@harrang.com
**Subject: FLIR Systems, Inc. v. Thomas L. Gambaro, et al.**
**Date:** June 17, 2010 3:07:25 PM PDT
**To:** thom.gambaro@gmail.com
**Cc:** Hwa.GO@harrang.com, Veleria.SHARP@harrang.com

Mr. Gambaro:

This is in response to your e-mail from earlier today in which you request that we inform you of the time and place where you can pick up the documents responsive to Defendants' discovery requests today.

Please be advised that, given the highly confidential and sensitive nature of the information that Defendants request from FLIR, we intend to commence producing non-privileged and relevant documents in accordance with the Federal Rules of Civil Procedure ("FRCP") only after the execution of the Protective Order by the parties and entry of the order by the Court. We are presently evaluating your multiple objections to the Proposed Stipulated Protective Order that we forwarded to you yesterday. We will do our best to circulate a revised draft of the protective order by close of business tomorrow. We will promptly notify you of the time and place where the production documents will be made available to Defendants after we receive the executed Protective Order from the Court.

At this time we would also like to address Defendants' complete failure in properly responding to FLIR's discovery requests. FLIR propounded its First Set of Interrogatories (the "Interrogatories") and its First Set of Requests for Production (the "Requests") on May 4, 2010. Defendants responded to the Requests on May 13, 2010, asserting that they are unable to produce the requested documents because: (i) the documents were destroyed in a garage fire in May 2007; and (ii) the documents from the Microsoft Action are available to FLIR from other sources. Defendants responded to the Interrogatories on May 14, 2010, by referencing their response to the Requests and claiming that "without access to records that are lost as previously disclosed, the Defendants are unable to provide a complete and accurate response to the additional Plaintiff interrogatories."

However, even assuming that certain documents were actually destroyed, and thus, could not be produced, that would not relieve Defendants of their obligation to substantively respond to each of the Requests and Interrogatories. Indeed, Defendants should nonetheless be in possession,

PATENT ENFORCEMENT COMPANY EXHIBIT 11                Page 1 of 5

custody, or control of other documents (that were not destroyed in the fire) responsive to the Requests. In particular, there is no reason why Defendants are unable to produce documents that post-date the May 2007 garage fire. Such documents would presumably include records relating to Defendants' analysis of how or why the accused FLIR products allegedly infringe the '322 Patent. In addition, there is no reason why documents relating to how Defendants calculated FLIR's sales cannot be produced. Moreover, the purported lack of documents does not justify Defendants' failure to substantively respond to any of the Interrogatories.

Defendants' responses to FLIR's Requests and Interrogatories are long overdue. Please advise at the earliest opportunity when Defendants intend to: (i) begin producing documents responsive to the Requests; and (ii) adequately respond to the Interrogatories. Should Defendants fail to adequately respond to the Requests and Interrogatories prior to the hearing on June 23, 2010, FLIR intends to file a motion to compel discovery.

Sincerely,

Susan Marmaduke

Veleria.SHARP@harrang.com
wab@bickelbrewer.com
Bill.Powell@flir.com
CLewis@SCHWABE.com

June 16, 2010

Re: FLIR Systems, Inc. v. Thomas L. Gambaro, et al.

Dear Ms. Sharp,

There are three main objections to the Proposed Stipulated Protective Order.

1. The term "CONFIDENTIAL__ATTORNEYS' EYES ONLY" and "Outside Attorney's Eyes Only" need to be replaced with the term "OUTSIDE PARTY ONLY" or "OUTSIDE PARTY EYES ONLY" as I am not an attorney an these restrictions would unduly restrict the production of documents for myself as Pro Se in preparing my defenses. In particular this proposed change would apply to paragraphs 13, 14, 15, 16, 17, 18, 19, 20, and 21.

I have no problem with "CONFIDENTIAL" as I may have signed a hundred or more NDA agreements during the development of numerous products. There is no evidence that I have broken security of any of these agreements.

Party. A person concerned or having or taking part in any affair, matter, transaction, or proceeding considered individually. A "party" to an action is a person whose name is designated on record as plaintiff or defendant. Term, in general means one having right to control proceedings, to make defense, to adduce and cross examine witnesses, and to appeal from judgment. __Black's Law

Counsel. Attorney or counsellor. __Black's Law

As drafted the Protective Order would restrict access to documents that may be critical to my defense as I am not an attorney. This needs to be changed.

2. Paragraph 10 b. "FLIR identifies William E. Powell III as its designated employee." Paragraph 10 h. "PATENT ENFORCEMENT COMPANY identifies THOMAS L GAMBARO as inventor of U.S. Patent No. 5,332,322 as a designated party having the legal status of a designated employee." This protective order needs to include also the language that PATENT ENFORCEMENT COMPANY may for purposes of preparation for its defense in this case make selective disclosures of "CONFIDENTIAL__OUTSIDE PARTY ONLY" documents to a designated employee that may or may not be an attorney."

3. The Protective Order needs to include a clause that defines "OUTSIDE PARTY ONLY" information and documents to include and THOMAS L GAMBARO to be permitted access to previously disclosed discovery in "OUTSIDE PARTY ONLY" review of any and all documents previously included in the case Motionless Keyboard Company v. Microsoft Corporation et al." FLIR has indicated it will rely on the OPINION AND ORDER from that case and all these previously discovered documents and materials are now relevant to my defense.

Please amend the Proposed Stipulated Protective Order with these considerations and we will be close to an agreement.

Regarding the PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANTS' REQUESTS FOR FLIR DOCUMENT PRODUCTION the document served is noted.

It is also noted that Judge Anna J. Brown has ordered Rule 37(a) discovery by Schwabe, Williamson, Wyatt are due no later than 6/17/10. This includes production of documents identified as DOCUMENT PRODUCTION NO. 1, 1A, and 1B related to the Tom V. Robinson requests and also all documents and financial statements relating to the question "Where did the $300,000 go?" This is also related to one of my defenses. I expect total compliance on schedule that is ordered by the Judge to be by 6/17/10. No further discussion at this time. My prime concern is getting a Protective Order in place so your objections to discovery are noted but ignored for now.

The "MOTION TO WITHDRAW AS SUBSTITUTE NEW LOCAL COUNSEL FOR FLIR SYSTEMS, INC." is noted and it is also indicated that this has not been approved by Judge Anna J. Brown and therefore Schwabe, Williamson, Wyatt are still the counsel of record and possess some of the discovery documents requested. I expect complete requested discovery before this firm has been approved to withdraw.

Sincerely,

Thom L Gambaro
PATENT ENFORCEMENT COMPANY
P.O. Box 14741
Portland, OR 97293-0741
503-544-0589 mobile
thom.gambaro@gmail.com

wab@bickelbrewer.com
Bill.Powell@flir.com

June 11, 2010

**Request**

Greetings,

Prior to the court ordered meeting before the Judge Anna Brown on June 23d at 1:30 PM. I wanted to confer with opposing counsel to access agreement or opposition on a request I would make before the court.

It is my estimation that this case is really about money because you already have enough information to determine that the FLIR products are physically different than the products from the Motionless Keyboard Company v Microsoft Corporation et al case. The ruling of Judge Ann Aiken will not support non-infringement by FLIR of U.S. Patent No. 5,332,322.

As an alternative to a long jury trial that FLIR would unlikely prevail in, I am suggesting to make a request on the court prior to the court ordered meeting that a court appointed mediator be appointed and ordered to try to work out an out of court financial settlement. This would be suggesting 3d party mediation.

Our market research for sales of FLIR products is incomplete and only includes the i5 and i7 products. Our current settlement total for all products is $500,000 based on this research. This offer stands absent of any information to the contrary to reduce or increase the settlement offer.

I am proposing all sales discovery requested for FLIR accused devices be provided on or before June 23d and an overall royalty based settlement be considered. I am also proposing that the CAD files of each accused product also be provided by that date and if one or more might be eliminated after further review by our engineers this would also enter into the 3d party mediation discussions.

Would you agree or oppose this request? If opposed what would your reasons be for opposition.

Best,

Thom Gambaro
PATENT ENFORCEMENT COMPANY
P.O. Box 14741
Portland, Oregon 97293-0741
503-544-0589 mobile

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 8, 2010, a true copy of the foregoing **DEFENDANT MOTION 06 TO COMPELL DISCOVERY AND AMEND PROTECTIVE ORDER** was served to the following counsel by hand delivery, electronic filing via e-mail with electronic signature and first class mail:

**Christopher Lewis, OSB #003079**
Email: clewis@schwabe.com
**Devon Zastrow Newman, OSB #014627**
Email: dnewman@schwabe.com
SCHWABE, WILLIAMSON, & WYATT
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon 97204-3735
Telephone: 503-222-9981
Facsimile: 503-796-2900

**William A. Brewer III**
Email: wab@bickelbrewer.com
**Michael J. Collins**
Email: mjc@bickelbrewer.com
**Farooq A. Tayab**
Email: fat@bickelbrewer.com
BICKEL & BREWER
4800 Commercial Bank Tower
1717 Main Street
Dallas, Texas 75201-4612
Telephone: 214-653-4000
Facsimile: 214-653-1015

Respectfully submitted,

June 18, 2010          By: _____
Thomas L. Gambaro
Email: thom.gambaro@gmail.com
PATENT ENFORCEMENT COMPANY
MOTIONLESS KEYBOARD COMPANY
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589