

**THOMAS L. GAMBARO**
P.O. Box 14741
Portland, Oregon 97293-0741
503-544-0589 mobile
thom.gambaro@gmail.com
Defendant for U.S. Patent No. 5,332,322

FILED'10 JUL 26 9 50USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS L. GAMBARO, an individual;<br>PATENT ENFORCEMENT COMPANY<br><br>Defendants. | Case No. CV 10-0231-BR<br><br>**DEFENDANT MOTION 12 FOR SUBSTITUTION OF PEC NDA FOR FLIR PROTECTIVE ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

## DEFENDANT MOTION 12 FOR SUBSTITUTION OF PEC NDA FOR FLIR PROTECTIVE ORDER

The Defendant(s) have conferred with FLIR counsel on numerous occasions regarding the Protective Order for CONFIDENTIAL document production in this case for a period of over two months and have yet to reach a complete agreement. Plaintiff FLIR have forwarded a "tried and true" Protective Order and Defendant(s) have made two separate requests for changes and FLIR have not agreed with all suggested amendments to the proposed Protective Order. Defendant(s) have also included an updated version of the MKC v. Microsoft Protective Order that was approved by Motionless Keyboard Company counsel James Buchal and APPENDIX B was signed.

**DEFENDANT MOTION 12 FOR SUBSTITUTION OF PEC NDA FOR FLIR PROTECTIVE ORDER**                                                                    **Page 1 of 4**

FLIR counsel refused to agree to the Aiken Protective Order paragraphs 13, 14 and 15 so Defendant(s) have withdrawn the agreement for consideration according to Rule 26 (g)(2) since FLIR would not sign. The basic disagreement over the three sections of the previous Aiken Protective Order was that FLIR did not want to be restrained for two years to file a patent and this immediately aroused suspicion with Defendant(s). Prior to the beginning of this civil case Thomas L Gambaro the inventor of the '322 patent indicated that FLIR was infringing on the '322 patent but not using the full potential of the '322 patent and agreed to provide an improved '322 design that would open additional markets for FLIR product functionality in particularly the military and law enforcement applications if FLIR would settle out of court.

The fact that FLIR is now refusing to agree to a two year window of not filing patents from potential disclosures from this case indicates that FLIR is waiting to get additional information from the '322 inventor to develop the new design and patent it while the case is proceeding. FLIR has been using the '322 patent for at least five years of unauthorized use without concern and now may be planning to get additional commercially exploitable technology from the Defendant(s) without authorization and with little or no R&D expenditures. This is the primary reason for the motion to allow the PATENT ENFORCEMENT COMPANY Non Disclosure Agreement be accepted by the Court in lieu of the FLIR Protective Order. Defendant(s) seek protection from FLIR who already has a demonstrated a track record of disregard for patent laws with nine products.

Rule 26 (c)(1) provides the general guidelines for a Protective Order and Defendant(s) understanding of this section does not include that the Court will make it mandatory that a Protective Order be ordered by the Court. During the last conference call with Susan Marmaduke, Defendant Thomas L. Gambaro indicated he would hold FLIR to a convincing motion that their Protective Order should be approved. It was indicated that as an example the discovery requested CAD files of FLIR accused devices should not automatically get the status of super trade secret documents. The copyright laws already are in place if there were to be any breech in agreements by Defendant(s). The FLIR counsel Susan Marmaduke maintains a view that; I will discuss with you then why we need a protective order. This was part of a July 23, 2010 email, however, no further agreement on a specific document has been established.

During the last court appearance Judge Anna J. Brown indicated that any protective order would follow the guidelines of the 331 F3d 1122 *Foltz v. State Farm Mutual Automobile Insurance Company* case. Defendant(s) understanding of this ruling is that it is up to the Court to determine the form of a Protective Order according to Rule 26 (c)(1) and believe the PATENT ENFORCEMENT COMPANY Non Disclosure Agreement that is attached as Patent Enforcement Company Exhibit 14 could be approved by the Court in this case.

Defendant(s) object to the provision in the *Foltz v. State Farm Mutual* case that provides all documents will automatically be considered CONFIDENTIAL after being produced.

CONFIDENTIAL INFORMATION is defined as: Confidential Information means all information produced in any form, including printed or electronically recorded documents, in connection with the discovery processes in the above-entitled cases, including, but not limited to, deposition testimony, answers to interrogatories, documents produced in response to requests for production, responses to requests for admissions, medical records and any documents recorded on computer disks;

Defendant(s) object as to the unspecified terms in paragraphs 15 and 16 as being unspecific for (15.) without specific time provisions and potentially security breeches could result from (16.).

15. The provisions of this Protective Order shall survive after termination of this action.
16. The Court may modify this Protective Order at any time for good cause.

For the above stated reasons the Defendant(s) PATENT ENFORCEMENT COMPANY Non Disclosure Agreement as EXHIBIT 14 is requested to be the relief in this case as it is a fairly standard business agreement format and the Defendant(s) believe this is more actually a business dispute and the NDA should address the issues of confidentiality required for this proceeding if this motion is granted.

In any event, the PEC NDA, will be required to be signed, by FLIR Patent Counsel William Powell III, prior to further document production by Defendant(s).

Respectfully submitted,

July 26, 2010      By: _____
Thomas L. Gambaro
PATENT ENFORCEMENT COMPANY
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

**DEFENDANT MOTION 12 FOR SUBSTITUTION OF PEC NDA FOR FLIR PROTECTIVE ORDER**                                   Page 3 of 4

# CONFIDENTIAL NON-DISCLOSURE AGREEMENT

This Agreement is entered into this ___day of _____ 2010 by and between PATENT ENFORCEMENT COMPANY., an Oregon Company headquartered at P.O. Box 14741, Portland, OR 97293-0741 ("PEC"), and FLIR Systems Inc., a corporation headquartered in Wilsonville, Oregon ("the Company").

**WHEREAS**, PEC and the Company have agreed to exchange certain INFORMATION which may include, but may not be limited to, the existing and proposed financial, legal, marketing, and other business INFORMATION pertaining to the parties and/or their affiliates in connection with past and future business activities and other opportunities; and,

**WHEREAS**, as a condition to the furnishing of such INFORMATION, PEC and the Company are requiring that the other agree, as set forth below, to treat confidentially such INFORMATION and any other INFORMATION (collectively, the "Confidential INFORMATION") furnished to the other or its directors, officers, employees, agents, advisors, affiliates, or representatives (collectively referred to as the "Representatives").

1. Recipient's obligation regarding INFORMATION shall expire two (2) years after the date of disclosure. INFORMATION shall be used solely for purposes of evaluating a strategic relationship by the Company with PEC, and shall not be disclosed to any third party. Recipient shall hold INFORMATION in strict confidence and shall provide INFORMATION to its employees only on a need-to know basis. Upon termination of this Agreement or written request, Recipient shall cease use of INFORMATION and return or destroy all INFORMATION.

2. Recipient shall be obligated to protect INFORMATION which is disclosed orally or in written form and identified as confidential or proprietary with the same level of care and security as it protects its own confidential or proprietary INFORMATION.

3. This Agreement imposes no obligation upon Recipient with respect to INFORMATION which Recipient can establish by legally sufficient evidence: (a) was in the possession of, or was known by, Recipient prior to its receipt from the disclosing party, without an obligation to maintain its confidentiality; (b) is or becomes generally known to the public without violation of this Agreement; (c) is obtained by Recipient from a third party having the right to disclose it, without an obligation to keep such INFORMATION confidential; or (d) is independently developed by Recipient without the use of INFORMATION and without the participation of individuals who have had access to INFORMATION.

4. Disclosure of INFORMATION is permissible only if written notice is given to the disclosing party at the earliest opportunity prior to a disclosure and such disclosure is: (a) compelled pursuant to a legal proceeding (b) otherwise required by law or (c) reasonably necessary to disclose to prospective buyers or investors in the ordinary course of PEC's business. INFORMATION is delivered "AS IS," and all representations and warranties, express or implied, including fitness for a particular purpose, merchantability and non-infringement, are hereby disclaimed. Neither party has an obligation under this Agreement to sell or purchase any item from the other party. Recipient agrees that any breach of this Agreement will result in irreparable harm to the disclosing party for which damages would be an inadequate remedy and, therefore, in addition to its rights and remedies otherwise available at law, the disclosing party shall be entitled to equitable relief, including injunction, in the event of such breach. Simply by receipt of Confidential INFORMATION, Recipient does not acquire any rights in INFORMATION, except the limited right to use INFORMATION as described above.

5. This Agreement constitutes the entire agreement between the parties concerning its subject matter. All additions or modifications to this Agreement must be made in writing and must be signed by an authorized representative of each party.

6. The parties agree to comply strictly with all applicable export control laws and regulations. Any action related to this Agreement will be governed by State of Oregon law.

**PEC**

BY: _____

NAME: _____

TITLE: _____

**FLIR**

BY: _____

NAME: _____

TITLE: _____

**FLIR**

BY: _____

NAME: _____

TITLE: _____

**JUDGE**

BY: _____

NAME: _____

TITLE: _____

**FLIR**

BY: _____

NAME: _____

TITLE: _____

**FLIR**

BY: _____

NAME: _____

TITLE: _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2010, a true copy of the foregoing **DEFENDANT MOTION 12 FOR SUBSTITUTION OF PEC NDA FOR FLIR PROTECTIVE ORDER** was served to the following counsel by hand delivery, electronic filing via email with electronic signature.

**Susan D. Marmaduke**, OSB 841458
susan.marmaduke@harrang.com
**Sivhwa Go**, OSB 033252
hwa.go@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 SW FIFTH AVENUE, 16TH FLOOR
PORTLAND, OREGON 97204
Telephone: 503-242-0000
Facsimile: 503-241-1458

**William A. Brewer III**, *Admitted Pro Hac Vice*
wab@bickelbrewer.com
**Michael J. Collins**, *Admitted Pro Hac Vice*
mjc@bickelbrewer.com
**Farooq A. Tayab**, *Admitted Pro Hac Vice*
fat@bickelbrewer.com
BICKEL & BREWER
4800 Commercial Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone: 214-653-4000
Fax: 214-653-1015

Attorneys for Plaintiff FLIR Systems, Inc.

Respectfully submitted,

July 26, 2010    By: _____
Thomas L. Gambaro
PATENT ENFORCEMENT COMPANY
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

**DEFENDANT MOTION 12 FOR SUBSTITUTION OF PEC NDA FOR FLIR
PROTECTIVE ORDER                                               Page 4 of 4**