

**THOMAS L. GAMBARO**
P.O. Box 14741
Portland, Oregon 97293-0741
503-544-0589 mobile
thom.gambaro@gmail.com
Defendant for U.S. Patent No. 5,332,322

FILED'10 JUL 29 12:21USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS L. GAMBARO, an individual; MOTIONLESS KEYBOARD COMPANY an Oregon corporation <br><br> Defendants. | Case No. CV 10-0231-BR <br><br><br> **THOMAS L. GAMBARO DECLARATION IN SUPPORT OF MOTION 11 & MOTION 12** <br><br> **DEMAND FOR JURY TRIAL** |

### THOMAS L. GAMBARO DECLARATION IN SUPPORT OF MOTION 11 & MOTION 12

I, THOMAS L. GAMBARO, hereby declare as follows:

1. The Defendant(s) have conferred with FLIR counsel on numerous occasions regarding the Protective Order for CONFIDENTIAL document production in this case for a period of over two months and have yet to reach a complete agreement. The most recent filing from FLIR contained similar arguments regarding confidentiality that were made in Defendant(s) Motion 12 that is currently pending. The relief requested in Defendant(s) Motion 12 would be the substitution of PATENT ENFORCEMENT COMPANY NDA PLAINTIFF'S STATUS REPORT ON PROTECTIVE ORDER.

2. In the DECLARATION OF THOMAS SCANLON in paragraph 4. Mr. Scanlon is quoted as stating:

> "FLIR's product development and design, as well as its sales and market data, is extremely sensitive proprietary information which FLIR guards closely. FLIR – like its competitors – does not publish such information or otherwise disclose it. Anyone who is privy to this kind of information, including FLIR's employees, agents, contractors, service providers, investors, and potential partners, is required to sign a confidentiality agreement prior to disclosure as part of FLIR's effort to keep information of this kind out of the hands of its competitors."

3. This statement represents a point of agreement between the parties as DEFENDANT MOTION 12 FOR SUBSTITUTION OF PEC NDA FOR FLIR PROTECTIVE ORDER in the second to last paragraphs on page 3 that:

> "For the above stated reasons the Defendant(s) PATENT ENFORCEMENT COMPANY Non Disclosure Agreement as EXHIBIT 14 is requested to be the relief in this case as it is a fairly standard business agreement format and the Defendant(s) believe this is more actually a business dispute and the NDA should address the issues of confidentiality for this proceeding if this motion is granted."

4. The point of agreement that potentially exists is that proprietary information is sensitive and a "confidentiality agreement" is standard procedure for FLIR in conducting business and the Defendant(s) would consider the FLIR confidentiality agreement over the PATENT ENFORCEMENT COMPANY NDA because I have made an error in submitting this agreement for Defendant(s) Motion 12 for consideration.

> Judge Anna J. Brown has DENIED Defendant Motion 01 to Amend Caption in DOCKET # 17. This Defendant Motion 01 was DENIED with leave to renew (minute Order #48) and therefore PATENT ENFORCEMENT COMPANY is not currently a party in this case so PATENT ENFORCEMENT COMPANY NDA could not be considered by the Court since PATENT ENFORCEMENT COMPANY is a non-party in this case outside of the Court's jurisdiction.

5. THOMAS L. GAMBARO herein would agree to substitute the FLIR confidentiality agreement (when it is produced in discovery) to be substituted in Defendant(s) Motion 12, instead of PATENT ENFORCEMENT COMPANY NDA, that would be inadmissible for consideration because <u>PEC is a non-party</u>.

6. On May 17, 2010 the Defendant(s) filed DEFENDANT REQUESTS FOR FLIR DOCUMENT PRODUCTION that included DOCUMENT PRODUCTION NO. 4 that included requests for documents that still have not been produced by FLIR that would have included the FLIR confidentiality agreement specified by Thomas Scanlon as the initial step for any business agreements from paragraph 4. specified above:

> "All documents that refer to each Accused Device individually or relate to the potential or actual sale, market, advertisement, license, exchange, and/or transfer and/or marketing of any rights in the Accused Device Subject Technology, or any products incorporating any of the Accused Device Subject Technology, including but not limited to, any marketing plan, business plan or model, anticipated revenue analysis, or other evaluation or discussion of the business potential or planned use of the Accused Device Subject Technology, or any product or technology related to, derived from, or based on the Accused Device Subject Technology from the earliest date of conception of the Accused Device Subject Technology to the present."

7. FLIR is a military contractor and THOMAS L. GAMBARO was in the U.S. Army between the dates of 1969 to 1970 and during my tour in Vietnam part of my duties included the need for a TOP SECRET CLEARANCE that was granted by the U.S. Government. This should be sufficient to establish the record of security for these proceedings. I challenge FLIR to provide any evidence to the contrary through their network of military contacts and contractors that there is any incident of security breech of Thomas L Gambaro to prevent the FLIR confidentiality agreement from being the substituted basis for confidentiality in discovery for this case.

8. As the parties may find a point of agreement in the FLIR confidentiality agreement substituted for the PEC NDA, I herein state that the statements in Footnote 1 of page 2 of the DECLARATION OF THOMAS SCANLON are either very uninformed positions based on a complete non-comprehension of U.S. Patent No. 5,332,322, or outright willful false statements regarding the nature of this case, that is misleading to the Court and quoted below:

> [1] I am informed that Defendant Gambaro has also requested CAD drawings of other parts of the FLIR thermal imaging camera, including internal layout and design. Those areas are not relavant to the issues in this case. Information about the internal workings of the FLIR thermal imaging cameras is not only proprietary, but some of the technology embedded in them is used in other FLIR instruments which are deployed for military applications, including use by the

**THOMAS L. GAMBARO DECLARATION IN SUPPORT OF**
**MOTION 11 & MOTION 12**                                    **Page 3 of 5**

United States Armed Forces, FLIR will vigorously resist producing information which exceeds the proper scope of discovery and it will seek the assistance of this court to prevent abuse of the discovery process.

9. During the proceeding of Motionless Keyboard Company v. Microsoft Corporation et al when MKC was the Plaintiff, Microsoft made many requests for discovery that clearly could have produced not information that would be useful for their defense however Judge Ann Aiken reminded Motionless Keyboard Company that if we wanted information to remain confidential that we should not have filed the case in the first place. FLIR should take a lesson from this previous case. We were required and did comply with all discovery requests in that case. FLIR has to date ignored all requests for discovery since May 17, 2010. FLIR must comply with all Defendant(s) requests for discovery and the FLIR confidentiality agreement may be the first step of agreement that needs to be established before any progress in this case can be made.

10. The FLIR PROPOSED PROTECTIVE ORDER is completely inappropriate for this case. The proof of this is that the entire agreement makes reference to "CONFIDENTIAL" and designations of "CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY" that completely overlooks the fact that the Defendant Thomas L. Gambaro, is not an attorney. I have stated in the last Court appearance, that Motionless Keyboard Company will not continue as a party after the motion by James Buchal an attorney files the response by MKC to the Court. <u>Motionless Keyboard Company no longer has an interest in U.S. Patent No. 5,332,322 and is therefore a non-party to this proceeding.</u> The Proposed Protective Order should be rejected in this case.

Respectfully submitted,

July 29, 2010    By: _____
Thomas L. Gambaro
PATENT ENFORCEMENT COMPANY
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

**THOMAS L. GAMBARO DECLARATION IN SUPPORT OF
MOTION 11 & MOTION 12**                                      **Page 4 of 5**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 29, 2010, a true copy of the foregoing **THOMAS L. GAMBARO DECLARATION IN SUPPORT OF MOTION 11 & MOTION 12** was served to the following counsel by hand delivery, electronic filing via email with electronic signature.

**Susan D. Marmaduke**, OSB 841458
susan.marmaduke@harrang.com
**Sivhwa Go**, OSB 033252
hwa.go@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 SW FIFTH AVENUE, 16TH FLOOR
PORTLAND, OREGON 97204
Telephone: 503-242-0000
Facsimile: 503-241-1458

**William A. Brewer III**, *Admitted Pro Hac Vice*
wab@bickelbrewer.com
**Michael J. Collins**, *Admitted Pro Hac Vice*
mjc@bickelbrewer.com
**Farooq A. Tayab**, *Admitted Pro Hac Vice*
fat@bickelbrewer.com
BICKEL & BREWER
4800 Commercial Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone: 214-653-4000
Fax: 214-653-1015

Attorneys for Plaintiff FLIR Systems, Inc.

Respectfully submitted,

July 29, 2010        By: _____
Thomas L. Gambaro
PATENT ENFORCEMENT COMPANY
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

**THOMAS L. GAMBARO DECLARATION IN SUPPORT OF
MOTION 11 & MOTION 12**                                      **Page 5 of 5**