

Thomas L. Gambaro
Email: thom.gambaro@gmail.com
**MOTIONLESS KEYBOARD COMPANY**
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS L. GAMBARO, an individual; and **MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation<br><br>Defendants. | Case No. CV 10-0231-BR<br><br>**FLIR AMENDED COMPLAINT ANSWERS AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

## FLIR AMENDED COMPLAINT ANSWERS AND COUNTERCLAIMS

1.  This reply to FLIR Amended Complaint was previously addressed partially in

DEFENDANT AMENDED ANSWERS AND COUNTERCLAIMS filed August 17,

2010 that included COUNTERCLAIM EXHIBIT A & COUNTERCLAIM EXHIBIT B,

DEFENDANT THOMAS L. GAMBARO U.S.P. 5,332,322 and U.S.D. 405,071

COUNTERCLAIMS filed August 5, 2010 that included COUNTERCLAIM EXHIBIT A

& COUNTERCLAIM EXHIBIT B. Another response that included only one patent was

**FLIR AMENDED COMPLAINT ANSWERS AND COUNTERCLAIMS   Pg 1 of 11**

DEFENDANT THOMAS L. GAMBARO AND U.S. PATENT NUMBER 5,332,322 COUNTERCLAIMS TO FLIR COMPLAINT filed June 12, 2010. Additional filings included discovery and interrogatory requests that were reviewed prior to this reply.

2. A conference telephone call took place Monday, August 23, 2010 at 10:00 AM between the Plaintiff Susan Marmaduke representing FLIR Systems Inc. and Defendant Pro Se Thom Gambaro wherein Ms. Marmaduke requested a document to be filed combining previous filings and it was agreed that a combined document would be filed that would contain answers to the FLIR complaint and the Pro Se counterclaims in one document as the Court requires by Friday, August 27, 2010. Electronic files followed this conversation that included FLIR First Amended Complaint and Exhibits A through M.

3. A review of these documents provided insight into areas of this case that may have been previously overlooked and the answers to the FLIR First Amended Complaint and Exhibits A through M herein is different than previously answered. The first observation was that the FLIR First Amended Complaint and Exhibits A through M contain possibly two reasons the complaint may be invalid and should be dismissed.

4. The first reason is that the FLIR First Amended Complaint was filed by local counsel Christopher Lewis as Document 15 on April 29, 2010 and this complaint may be invalid and subject to dismissal as an invalid complaint because local counsel Christopher Lewis was exposed to be representing FLIR as local counsel with a long standing conflict of interest with Motionless Keyboard Company an opposing party in this case. This was exposed by PATENT ENFORCEMENT EXHIBIT 05 that named Christopher Lewis with Schwab, Williamson & Wyatt, PC on the Certificate of Service for a Motionless Keyboard Company motion for an extension of time. Motionless Keyboard Company is

named as a Defendant in this case and in PATENT ENFORCEMENT COMPANY EXHIBIT 09 Devon Newman also an attorney with the firm Schwabe, Williamson & Wyatt, PC admits in the third paragraph of Page 1 of 2 that legal work was done for a Motionless Keyboard Company stockholder who is named Thomas V. Robinson:

> "…the work performed for Mr. Robinson regarding IRS filings for MKC was of a very limited duration in time, beginning long after 2000."

5. The conflict of interest was further exposed in PATENT ENFORCEMENT EXHIBIT 08 that confirms the date Schwabe, Williamson & Wyatt PC was representing a client opposing Motionless Keyboard Company that is May 6, 2005, as the exhibit is page 72 of the OPINION AND ORDER of Judge Ann Aiken, the presiding District Court Judge. The actual period of time Schwabe, Williamson and Wyatt PC represented Motionless Keyboard Company in a conflict of interest to this case was established in the **SUPPLIMENTAL DECLARATION OF THOMAS L GAMBARO IN SUPPORT OF MOTION 03** that was submitted originally to disqualify Schwabe, Williamson & Wyatt PC for being the local representative of FLIR Systems Inc. in paragraph 2 on page 2 of 4 that identified the period of time Schwabe represented Motionless Keyboard Company:

> The DECLARATION OF KEVIN E. BRANNON as an attorney for SCHWABE, WILLIAMSON, & WYATT states on page 2 of 4 in paragraph 2 that "Mr. Robinson is a Motionless Keyboard Company (MKC) shareholder and creditor. Between March 1 to May 31, 2005, I worked to help him recover his MKC investment by supervising a paralegal in the preparation of two Internal Revenue Service forms for MKC."

6. The date confirmed by PATENT ENFORCEMENT COMPANY EXHIBIT 08 is May 6, 2005 that is between March 1, 2005 and May 31, 2005 that clearly identifies a conflict of interest that existed to disqualify Schwabe, Williamson & Wyatt PC and

**FLIR AMENDED COMPLAINT ANSWERS AND COUNTERCLAIMS   Pg 3 of 11**

Christopher Lewis from representing FLIR as local counsel and potentially making the FLIR First Amended Complaint invalid that may result in denial of the Motion for Summary Judgment of Non-Infringement of FLIR of the U.S. Patent No. 5,332,322.

7. The second observation was one of the electronic Exhibits A through M with the FLIR First Amended Complaint were altered and became misleading that could result in dismissal of the complaint and is confirmed by the fact that EXHIBIT B originally filed now is different from the EXHIBIT B that was sent followed the conversation with Susan Marmaduke. The EXHIBIT B sent electronically on August 23, 2010 is identified as:

Case 3:10-cv-00231-BR Document 70-2 Filed 08/05/10 Page 1 of 13 Page ID#: 704

That is identical to COUNTERCLAIM EXHIBIT B however the earlier EXHIBIT B is identified by the title "EX B with file stamp.pdf" dated April 30, 2010 with the heading:

Case 3:10-cv-00231-BR Document 15-3 Filed 04/29/2010 Page 1 of 10

The previous filing on April 29, 2010 as EXHIBIT B is different than the EXHIBIT B filed electronically by Susan Marmaduke on August 23, 2010. This is misleading because they represent and contain completely different versions of similar documents that is confusing as well as misleading and may also contribute to the denial of the Summary Judgment of Non-Infringement FLIR is seeking in this proceeding.

8. THOMAS L. GAMBARO made an error to use MOTIONLESS KEYBOARD COMPANY letterhead in the numerous letters sent to FLIR IP Counsel and attorneys. These are identified as Exhibit C, Exhibit D, Exhibit E, Exhibit F, Exhibit G, Exhibit I, Exhibit J, Exhibit K, Exhibit L and Exhibit M. This was misleading as to who the owner of the U.S. Patent No. 5,332,322 being infringed by FLIR, really is. The owner of the '322 patent has not been Motionless Keyboard Company throughout the time span of the

letters identified as the above named Exhibits. The '322 patent is registered to and was assigned to the Motionless Keyboard Company at the Patent and Trademark Office, however, the Motionless Keyboard Company has not existed since May of 2007. The evidence of this fact is contained in **DECLARATION OF THOMAS L. GAMBARO IN SUPPORT OF MKC MOTION TO WITHDRAW MKC** that was filed on July 14, 2010 in Paragraph 2 on page 2 of 4 and Paragraph 3 on page 2 & 3 of 4 and Paragraph 4 on page 3 of 4 quoted below:

> 2.) As I understand it, on information and belief, the second question that may be clarified by EXHIBIT B on page 4 of 6 is should Motionless Keyboard Company be a party in this proceeding CV 10-0231-BR? The incident contained in more detail in MOTIONLESS KEYBOARD COMPANY EXHIBIT A that is the OPENING BRIEF for an appeal of a case in the Oregon Court of Appeals is included to provide the evidence that in May of 2007 the vast majority of Motionless Keyboard Company assets and records were lost and a vote was taken of the Motionless Keyboard Company stockholders to the question in the fourth paragraph of the report.
>
> 3.) "<u>Should the Motionless Keyboard Company registered as an Oregon Corporation to conduct research and development, disband and register as MOTIONLESS LLC in Delaware with all issued U.S. Patents as primary assets to continue the business of licensing the property of the issued U.S. Patents? YES or NO</u>"
>
> 4.) Part of the results that were unanimous from the vote of stockholders that voted is shown in EXHIBIT B on page 5 of 6 and 6 of 6 that are the front and back images of the three post card votes still in the file of stockholder reports. The events that followed took a slightly different course because the attorney who did the legal work for Motionless Keyboard Company finally registered the name in Delaware as MOTIONLESS KEYBOARD LLC and the patent at issue that is the '322 patent in this case was never assigned to the new company MOTIONLESS KEYBOARD LLC and only recently was the '322 patent registered to PATENT ENFORCEMENT COMPANY.

**FLIR AMENDED COMPLAINT ANSWERS AND COUNTERCLAIMS   Pg 5 of 11**

9.      It was an error to use MOTIONLESS KEYBOARD COMPANY letterhead, but it was not an error to charge FLIR Systems Inc. with infringement of U.S. Patent No. 5,332,322 previously, and now added to the counterclaims is U.S Patent Design No. 405,071 that is included again as COUNTERCLAIM EXHIBIT B that is a combined claim chart of the specified intellectual property.

10.     The true owner of U.S. Patent No. 5,332,322 is identified in PATENT ENFOREMENT COMPANY EXHIBIT 01 and PATENT ENFORCEMENT COMPANY EXHIBIT 02 filed with **DEFENDANT MOTION 01 TO AMEND CAPTION FOR CV 10-0231-BR** on May 10, 2010, This motion was denied and would have brought the true owner of U.S. Patent No. 5,332,322 into this case CV 10-0231-BR.

11.     On information and belief, it is the understanding of the Defendant(s) that unless the true owner of a patent, is in the case, the case must be dismissed because the Court would not have jurisdiction over the property at issue that is U.S. Patent No. 5,332,322. FLIR, therefore, should get a denial of their motion for Summary Judgment of Non-Infringement since at no time during the proceeding has the true owner of the patent at issue been in the case since PATENT ENFORCEMENT COMPANY was not admitted to the proceeding. The Counterclaims identify the true owner of U.S. Patent Design 405,071 as THOMAS L. GAMBARO that has always been a party in this case and this intellectual property combines with U.S. Patent No. 5,332,322 with the true owner of the patent identified as PATENT ENFORCEMENT COMPANY to prove FLIR infringements.

12.     On information and belief as well, the argument originally forwarded in FLIR EXHIBIT H, becomes moot as specified in Paragraph B on page 2 & 3 since the rulings of a utility patent do not apply to a design patent. FLIR will be found guilty as charged.

**FLIR AMENDED COMPLAINT ANSWERS AND COUNTERCLAIMS    Pg 6 of 11**

## THOMAS L. GAMBARO COUNTERCLAIMS
### U.S. Patent No. 5,332,322 and U.S. Patent Design 405,071

A.   U.S. Patent Number 5,332,322 titled "ERGONOMIC THUMB-ACTUABLE KEYBOARD FOR A HAND GRIPPABLE DEVICE", Claim One through Claim Three, and Claim Five are infringed by FLIR Systems Inc. with nine FLIR Accused Devices that include the FLIR i5 Thermal Imaging Camera, FLIR i7 Thermal Imaging Camera, FLIR b-40 Thermal Imaging Camera, FLIR b-50 Thermal Imaging Camera, FLIR b-60 Thermal Imaging Camera, FLIR i-40 Thermal Imaging Camera, FLIR i-50 Thermal Imaging Camera, FLIR i-60 Thermal Imaging Camera and FLIR infra CAM SD.

B.   Each of the FLIR Accused Devices that are the i5, i7, b-40, b-50, b-60, i-40, i-50, I-60, and infra CAM SD also contains each and every element of U.S. Patent Number 5,332,322 Claim 1-3 & 5 and the CLAIM of U.S. Patent Design 405,071.

C.   Each of the FLIR Accused Devices that are the i5, i7, b-40, b-50, b-60, i-40, i-50, I-60, and infra CAM SD also contains the equivalent of each and every element of U.S. Patent Number 5,332,322 Claim 1-3 & 5 and the CLAIM of U.S. Patent Design 405,071.

D.   Each FLIR____ Accused Device below are to be individually examined (i5, then i7 et al.) in turn for each of the following elements for each Accused Device individually:

1.   The FLIR __ Accused Device is a hand-held device?

2.   The FLIR __ Accused Device contains an electronic system?

3.   The FLIR __ Accused Device contains a keyboard?

4.   The FLIR __ Accused Device has a keyboard capable of entering information?

5.   The FLIR __ Accused Device has an electronic system controlled by a keyboard?

**FLIR AMENDED COMPLAINT ANSWERS AND COUNTERCLAIMS   Pg 7 of 11**

6. The FLIR __ Accused Device is a hand-held device with a housing?

7. The FLIR __ Accused Device has a housing with a grippable portion?

8. The FLIR __ Accused Device is a device that can he held in one hand?

9. The FLIR __ Accused Device is a device held in one hand with the thumb free?

10. The FLIR __ Accused Device lets the thumb move to predetermined positions?

11. The FLIR __ Accused Device has a housing that contains a concavity?

12. The FLIR __ Accused Device has a housing that contains a concave area?

13. The FLIR __ Accused Device has a concavity at the key-actuation positions?

14. The FLIR __ Accused Device has a thumb-associable cluster of keys?

15. The FLIR __ Accused Device has three or more keys forming a keyboard?

16. The FLIR __ Accused Device has a keyboard in a concavity?

17. The FLIR __ Accused Device has a plurality of keys in a cluster of at least three?

18. The FLIR __ Accused Device allows the thumb to selectively actuate keys?

19. The FLIR __ Accused Device allows the thumb to make endo movements?

20. The FLIR __ Accused Device allows the thumb to move lateral and endo?

21. The FLIR __ Accused Device allows the thumb to move inside a concavity?

22. The FLIR __ Accused Device lets the thumb move inside concave areas?

23. The FLIR __ Accused Device allows keys to activate to enter information?

24. The FLIR __ Accused Device allows information to enter an electronic system?

25. FLIR Systems Incorporated is infringing U.S. Patent 5,332,322 and U.S. Patent Design 405,-071 for each and every accused devices specified above.

## DAMAGES TO BE DETERMINED BY JURY

B. The Court enter judgment against the Plaintiff on patent infringements of each and every FLIR Accused Device for infringement of the '322 Patent and '071 Patent including attorney fees and costs.

## PRAYER FOR RELIEF

C. The Court enter judgment against Plaintiff on and dismiss with prejudice, each claim of the COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENT in favor of the Defendant.

## DECLARATORY JUDGMENTS FOR INFRINGEMENT DAMAGES

A. Damages for infringement of U.S. Patent Number 5,332,322 titled "ERGONOMIC THUMB-ACTUABLE KEYBOARD FOR A HAND GRIPPABLE DEVICE" and U.S. Patent Design 405,071 titled "CURSOR CONTROL-DATA ENTRY DEVICE as illustrated with additional evidence that includes U.S. Patent Design 405,071 patent issued February 2, 1999 and '322 Claim Chart examining '071 embodiments based on the sales of FLIR Accused Devices that are disclosed during discovery for the i5, i7,

**FLIR AMENDED COMPLAINT ANSWERS AND COUNTERCLAIMS   Pg 9 of 11**

b-40, b-50, b-60, i-40, i-50, I-60, and infra CAM SD contain each and every element of U.S. Patent Number 5,332,322 Claim One through Claim Three and Claim Five and the CLAIM of U.S. Patent Design 405,071 either literally or the equivalent of all specified claims that includes the life of both patents combined that include the continuous term of July 26, 1994 to February 2, 2013. These are illustrated in COUNTERCLAIM EXHIBIT A and COUNTERCLAIM EXHIBIT B.

### JURY DEMAND

B.   The Defendant THOMAS L. GAMBARO, US Patent No. 5,332,322 and U.S. Patent Design 405,071 demands a trial by jury.

Respectfully submitted,

August 27, 2010    By:    _____
Thomas L. Gambaro
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 27, 2010, a true copy of the foregoing **FLIR AMENDED COMPLAINT ANSWERS AND COUNTERCLAIMS** was served to the following counsel by hand delivery, electronic filing via email with electronic signature.

**James L. Buchal**, OSB 921618
jbuchal@mbllp.com
**Murphy & Buchal LLP**
2000 SW First Avenue, Suite 420
Portland, OR 97201
Tel: 503-227-1011x3
Fax: 503-227-1034                    Attorney for Defendant Motionless Keyboard Company

**Susan D. Marmaduke**, OSB 841458
susan.marmaduke@harrang.com
**Sivhwa Go**, OSB 033252
hwa.go@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 SW FIFTH AVENUE, 16TH FLOOR
PORTLAND, OREGON 97204
Telephone: 503-242-0000
Facsimile: 503-241-1458

**William A. Brewer III**, *Admitted Pro Hac Vice*
wab@bickelbrewer.com
**Michael J. Collins**, *Admitted Pro Hac Vice*
mjc@bickelbrewer.com
**Farooq A. Tayab**, *Admitted Pro Hac Vice*
fat@bickelbrewer.com
BICKEL & BREWER
4800 Commercial Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone: 214-653-4000
Fax: 214-653-1015                    Attorneys for Plaintiff FLIR Systems, Inc.

Respectfully submitted,

August 27, 2010        By:    _____
                              Thomas L. Gambaro
                              P.O. Box 14741
                              Portland, Oregon 97293-0741
                              Telephone: 503-544-0589
                              Email: thom.gambaro@gmail.com

**FLIR AMENDED COMPLAINT ANSWERS AND COUNTERCLAIMS    Pg 11 of 11**