**Susan D. Marmaduke**, OSB 841458
E-mail: susan.marmaduke@harrang.com
**Sivhwa Go**, OSB 033252
E-mail: hwa.go@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 S.W. Fifth Avenue, 16th Floor
Portland, OR  97204
Telephone:  (503) 242-0000
Facsimile:  (503) 241-1458

**William A. Brewer, III**, *Admitted Pro Hac Vice*
E-mail: wab@bickelbrewer.com
**Michael J. Collins**, *Admitted Pro Hac Vice*
E-mail: mjc@bickelbrewer.com
**Farooq A. Tayab**, *Admitted Pro Hac Vice*
E-mail: fat@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201-4612
Telephone:  (214) 653-4000
Facsimile:  (214) 653-1015

Attorneys for Plaintiff FLIR Systems, Inc.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**THOMAS L. GAMBARO**, an individual d/b/a **PATENT ENFORCEMENT COMPANY**; **MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation.<br><br>Defendants.<br>_____ | Civil No.:  3:10-cv-00231-BR<br><br><br>**PLAINTIFF'S STATUS REPORT ON RULE 16 CONFERENCE** |

PAGE 1 -   **PLAINTIFF'S STATUS REPORT ON RULE 16 CONFERENCE**

## I. INTRODUCTION

FLIR Systems, Inc. ("FLIR") submits this status report in anticipation of the Rule 16 conference scheduled for 9 a.m. on Tuesday, September 7, 2010.

## II. DISCUSSION

### A. Conferral

Counsel for Defendant Motionless Keyboard Company, Inc. ("MKC"), Defendant Gambaro, and counsel for FLIR have conferred about the subjects discussed in this status report. On September 3, 2010, counsel for MKC submitted a letter to the court setting forth defendants' positions.

The parties agree that it would be desirable for the court to stay discovery pending decision on two motions they intend to file:

1) MKC's motion to dismiss FLIR's claims against it; and,

2) FLIR's motion for partial summary judgment establishing that the claim construction reached in *MKC v. Microsoft, et al.*, Civ. No. 04-CV-189-AA ("*Microsoft* case") is binding on Defendant Gambaro (and MKC) in this action.

The parties propose that their disagreements over discovery and the protective order can be deferred pending disposition of those two motions. FLIR has prepared, and submits a proposed case management schedule in case the court wishes to address it now, although FLIR submits that, as a practical matter, resolution of the claim construction issue is likely to be dispositive of the dispute.

PAGE 2 -   **PLAINTIFF'S STATUS REPORT ON RULE 16 CONFERENCE**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

### B. Status of Pleadings

#### 1. FLIR's Complaint

FLIR filed its First Amended Complaint on April 29, 2010, seeking the following declaratory relief: 1) noninfringement; 2) invalidity of the '322 patent; 3) unenforceability of the '322 patent against FLIR because of defendants' misuse of the patent (demanding future royalties from FLIR with actual knowledge that the '322 patent was expired and basing their accusations of infringement – both to FLIR and in a video posted on the Internet – on a construction of the '322 patent that had already been litigated and rejected); attorney fees and costs under 35 USC Section 285.  (Docket No. 15).

This Court ordered Defendant Gambaro to file an Answer to FLIR's First Amended Complaint no later than August 13, 2010, and set that same date as the deadline by which MKC was to file an appearance.  (Docket No. 63).

#### 2. MKC

MKC, by and through Attorney James Buchal, filed a notice of appearance on August 12, 2010.  (Docket No. 73).  MKC has filed no response to FLIR's complaint and has produced nothing in discovery.  Mr. Buchal intends to file a motion to dismiss.

#### 3. Gambaro

Defendant Gambaro has filed various pleadings purporting to be an answer to FLIR's First Amended Complaint and counterclaims, but none that actually respond to

PAGE 3 -   PLAINTIFF'S STATUS REPORT ON RULE 16 CONFERENCE

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

the allegations of that complaint.[1]  FLIR intends to file a reply no later than September 17, 2010 (21 days from date of service of Defendant Gambaro's most recent pleading) and thereby to close the pleadings with respect to him.

### C. Status of Discovery

FLIR and counsel for MKC had agreed to waive the Fed.R.Civ.P. 26(a)(1) initial disclosures, but Defendant Gambaro declined to so stipulate.  Therefore, if this Court does not stay discovery, FLIR intends to make the requisite initial disclosures, in the expectation that defendants will do likewise.

---

[1]  Specifically:

On August 5, 2010, Defendant Gambaro filed a pleading entitled "Defendant Thomas L. Gambaro U.S.P. 5,322,322 and USD 405,071 Counterclaims."  (Docket No. 70).  Except to the extent Gambaro's counterclaim of infringement may be viewed as a denial of FLIR's allegations of noninfringement, the pleading fails to respond to the allegations set forth in FLIR's First Amended Complaint.  The undersigned conferred with Defendant Gambaro and drew his attention to the need to answer FLIR's allegations.

On August 17, 2010, Defendant Gambaro filed "Defendant Amended Answers and Counterclaims" which again failed to respond to the allegations of FLIR's First Amended Complaint, except to allege infringement.  (Docket No. 74).  The undersigned conferred with Defendant Gambaro and informed him that the allegations in the First Amended Complaint will be deemed admitted unless denied.  Defendant Gambaro agreed to file a responsive pleading by August 27, 2010.  He requested that the undersigned, as a courtesy, email him another copy of FLIR's First Amended Complaint.  The undersigned did so on that day.  In the process, the undersigned inadvertently substituted "Exhibit B" to Defendant Gambaro's August 5 pleading in place of Exhibit B to the FLIR First Amended Complaint.  Defendant Gambaro said nothing about that error.

On August 27, 2010, Defendant Gambaro filed a pleading entitled "FLIR Amended Complaint Answers and Counterclaims."  (Docket No. 76).  In it, he reiterates his counterclaim of infringement and avers that FLIR's complaint should be dismissed because Schwabe Williamson & Wyatt represented FLIR when it was filed or, alternatively, because the undersigned attached the wrong version of Exhibit B to the August 23, 2010, courtesy email.  Again, except to allege infringement, Defendant Gambaro fails to respond to the allegations in FLIR's First Amended Complaint.

PAGE 4 -   **PLAINTIFF'S STATUS REPORT ON RULE 16 CONFERENCE**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

Other than that, the status of discovery is unchanged since FLIR filed its status report for the July 19, 2010 conference. (Docket No. 61). Defendants have produced no documents and no substantive answers to FLIR's First Request for Production of Documents and First Set of Interrogatories served on May 4, 2010.

On May 17, 2010, defendants served a Request for FLIR Document Production. On June 29, 2010, FLIR has produced 1,763 pages of documents on a DVD. FLIR has stated its intention to produce additional documents once a protective order is entered.

### D. Motions

1. <u>Defendant Gambaro's motion to unseal *Microsoft* documents</u>

FLIR takes no position with respect to this motion.

2. <u>Other motions</u>

On July 30, 2010, this Court issued a minute order (Docket No. 69) denying Defendant Gambaro's Motion for Substitution of PEC NDA for FLIR Protective Order and directing FLIR to submit a new form of protective order removing references to "proposed" no later than August 6, 2010, which FLIR did. (Docket No. 71). The Court also suggested that:

> "the parties review the language at Para. 3 regarding the
> 'outside counsels' eyes only' designation to ensure it does not
> preclude pro se Defendant Gambaro from accessing the
> materials."

(Docket No. 69). The new form of protective order which FLIR submitted retained the "outside counsels' eyes only" designation and, on August 10, 2010, this Court entered a minute order noting that:

> "there continues to be some dispute between Plaintiff and pro se Defendant Gambaro as to the provision in the proposed Protective Order potentially restricting access to 'Outside Counsel Only' and thereby excluding access to Defendant Gambaro."

(Docket No. 72). Therefore, the Court said it will consider arguments concerning the proposed form of Protective Order at the upcoming hearing.

It is now apparent that Mr. Gambaro will continue to represent himself and that Mr. Buchal's role with respect to MKC is a limited one. In the circumstances, FLIR respectfully submits that the dispute over the protective order may best be handled by adjudicating the issues serially and staging discovery accordingly, *i.e.*:

1. <u>Claim construction</u> - Decide whether Defendant Gambaro is bound by the claim construction reached in the *Microsoft* case. If so, proceed to liability issues; if not, proceed to a *Markman* hearing to construe the claim and then proceed to liability issues.

2. <u>Liability</u> - Decide whether the accused products infringe the '322 patent, as so construed. Alternatively, decide whether there is any genuine issue of fact as to whether the '322 patent is enforceable against FLIR in light of the conduct of Defendants Gambaro and MKC. If this Court decides that Defendant Gambaro is bound by the claim construction reached in the *Microsoft* case, FLIR expects that noninfringement will be obvious from visual inspection of the accused devices, possibly supported by CAD files depicting the precise surface topography of those devices.

3. <u>Damages</u> - A decision on damages would be needed only if FLIR were found liable for infringement and the '322 patent deemed valid and enforceable against FLIR.

PAGE 6 -   **PLAINTIFF'S STATUS REPORT ON RULE 16 CONFERENCE**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

Discovery on infringement would be stayed until claim construction is decided, and discovery on damages would be stayed pending an adjudication of infringement and enforceability. Defendant FLIR is prepared to file a motion to trifurcate the case and to stay discovery accordingly. The form of the protective order could then be decided at such time as discovery warranting entry of such an order is needed.

### E. Proposed Case Management Order

FLIR's proposed case management order is attached as Exhibit A.

## III. CONCLUSION

In light of the nature of this dispute, including the limited role of counsel on the defendants' side of the case, FLIR respectfully requests that this Court continue to hold regular conferences, that it continue to follow a step-by-step approach to adjudication of the issues, and that it stay discovery except to the extent it may be needed in order to prepare a claim or defense pertinent to the particular issue or issues under adjudication at each such step.

DATED this 3rd day of September, 2010.

**BICKEL & BREWER**
William A. Brewer, III, *Admitted Pro Hac Vice*
Michael J. Collins, *Admitted Pro Hac Vice*
Farooq A. Tayab, *Admitted Pro Hac Vice*

**HARRANG LONG GARY RUDNICK PC**

By:   s/ Susan D. Marmaduke
Susan D. Marmaduke, OSB 841458
susan.marmaduke@harrang.com
Telephone: (503) 242-0000
Facsimile: (503) 241-1458

Attorneys for Plaintiff FLIR Systems, Inc.

PAGE 7 -   PLAINTIFF'S STATUS REPORT ON RULE 16 CONFERENCE

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

# CERTIFICATE OF SERVICE

I certify that on September 3, 2010, I served or caused to be served a true and complete copy of the foregoing **PLAINTIFF'S STATUS REPORT ON RULE 16 CONFERENCE** on the party or parties listed below as follows:

    _____    Via CM / ECF Filing

    _____    Via First Class Mail, Postage Prepaid

    _____    Via Email

    _____    Via Personal Delivery

| | |
|---|---|
| Thomas L. Gambaro<br>individually and dba<br>Patent Enforcement Company<br>and Motionless Keyboard Company<br>P.O. Box 14741<br>Portland, OR  97293<br><br>Defendants *Pro Se* | James M. Buchal, Esq.<br>Murphy & Buchal<br>2000 SW 1st Avenue, Suite 420<br>Portland, OR  97201<br><br>Counsel for Defendant Motionless Keyboard Company |

**HARRANG LONG GARY RUDNICK P.C.**

By:   /s Susan D. Marmaduke
     Susan D. Marmaduke, OSB 841458
     susan.marmaduke@harrang.com
     Telephone:  (503) 242-0000
     Facsimile:  (503) 241-1458

     Attorneys for Plaintiff FLIR Systems, Inc.

P0214222.DOC;2

PAGE  1 -  **CERTIFICATE OF SERVICE**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*