**Susan D. Marmaduke**, OSB 841458
E-mail: susan.marmaduke@harrang.com
**Sivhwa Go**, OSB 033252
E-mail: hwa.go@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 S.W. Fifth Avenue, 16th Floor
Portland, OR  97204
Telephone:  (503) 242-0000
Facsimile:  (503) 241-1458

**William A. Brewer, III**, *Admitted Pro Hac Vice*
E-mail: wab@bickelbrewer.com
**Michael J. Collins**, *Admitted Pro Hac Vice*
E-mail: mjc@bickelbrewer.com
**Farooq A. Tayab**, *Admitted Pro Hac Vice*
E-mail: fat@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201-4612
Telephone:  (214) 653-4000
Facsimile:  (214) 653-1015
        Attorneys for Plaintiff FLIR Systems, Inc.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation, | Civil No.:  3:10-cv-00231-BR |
| Plaintiff, | |
| vs. | **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT GAMBARO'S COUNTERCLAIMS** |
| **THOMAS L. GAMBARO**, an individual d/b/a **PATENT ENFORCEMENT COMPANY**; **MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation. | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

_____

PAGE  1 -    **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT GAMBARO'S COUNTERCLAIMS**

Plaintiff FLIR Systems, Inc. ("FLIR") files this Answer and Affirmative Defenses to Defendant Gambaro's Counterclaims, on personal knowledge as to its own actions and on information and belief as to all other matters, as follows:

## I.

## ANSWER TO DEFENDANT GAMBARO'S COUNTERCLAIMS

1.      Procedural History:  FLIR filed and served its First Amended Complaint (Docket No. 15) on April 29, 2010.  Defendant MKC has never filed a responsive pleading to that First Amended Complaint, nor any counterclaims.  (MKC's answer and counterclaims to FLIR's original complaint were stricken because MKC was unrepresented by legal counsel when they were filed.  See Minute Order dated June 23, 2010.  (Docket No. 48)).  Though Defendant Gambaro has filed no pleading which actually responds to the allegations in FLIR's First Amended Complaint, he has filed several documents which purport to constitute an "answer and counterclaims":

        a)      On June 24, 2010, Gambaro filed "Defendant Motion 07 to Allow defendant Thomas L. Gambaro Counterclaims for CV 10-231-BR" (Docket No. 49) and "Defendant Thomas L. Gambaro and US Patent Number 5,322,322 Counterclaims to FLIR Complaint" (Docket No. 58).  This Court denied as moot Defendant Gambaro's Motion 49.  (Docket No. 50).

        b)      On June 30, Defendant Gambaro filed "Motion 08 to Allow Defendants Counterclaims" (Docket No. 53).  This Court granted that motion "insofar as Defendant Gambaro is given leave to file an amended answer no later than 8/13/2010." (Docket No. 63).

PAGE  2 -      **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT GAMBARO'S COUNTERCLAIMS**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

        c)      On August 5, 2010, Defendant Gambaro filed "Defendant Thomas L. Gambaro U.S.P. 5,322,322 and U.S.D. 405,071 Counterclaims.  Demand for Jury Trial."  (Docket No. 70).

        d)      On August 17, 2010, Defendant Gambaro filed "Amended Answer and Counterclaims to Amended Complaint, with Jury Demand, against FLIR Systems, Inc." (Docket No. 74).

        e)      On August 27, 2010, Defendant Gambaro filed "Amended Answers and Counterclaims with Jury Demand to Amended Complaint."  (Docket No. 76).  For purposes of this pleading, FLIR denominates that document "Defendant Gambaro's Counterclaims."

2.      FLIR denies all allegations set forth in all of Defendant Gambaro's various counterclaims on file in this case and, in the belief that Defendant Gambaro's Counterclaims (Docket No. 76) is the operative pleading, FLIR specifically responds as follows:

3.      With respect to the allegations set forth in Paragraph A of Defendant Gambaro's Counterclaims, FLIR specifically denies that the nine Accused Devices, which include "the FLIR i5 Thermal Imaging Camera, FLIR i7 Thermal Imaging Camera, FLIR b-40 Thermal Imaging Camera, FLIR b-50 Thermal Imaging Camera, FLIR b-60 Thermal Imaging Camera, FLIR i-40 Thermal Imaging Camera, FLIR i-50

PAGE 3 -    **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT GAMBARO'S COUNTERCLAIMS**

*Harrang Long Gary Rudnick P.C.
1001 SW Fifth Ave., 16th Floor
Portland, OR 97204
Telephone: (503) 242-0000
Facsimile: (503) 241-1458*

Thermal Imaging Camera, FLIR i-60 Thermal Imaging Camera and FLIR *infra* CAM SD" infringe claims 1-3 and 5 of United States Patent No. 5,322,322 (the "322 Patent"). In addition, FLIR denies that Defendant Gambaro is entitled to declaratory relief that any of the Accused Devices infringe the '322 Patent.

4.     FLIR denies all allegations set forth in Paragraph B of Defendant Gambaro's Counterclaims.  In particular, FLIR denies that any of the Accused Devices "contains each and every element" of claims 1-3 and 5 of the '322 Patent and the "claim of U.S. Patent Design 405,071" (the "'071 Patent").

5.     FLIR denies all allegations set forth in Paragraph C of Defendant Gambaro's Counterclaims.  In particular, FLIR denies that any of the Accused Devices "contains the equivalent of each and every element" of claims 1-3 and 5 of the '322 Patent and "the claim of U.S. Patent Design 405,071."

6.     In Paragraph D of Defendant Gambaro's Counterclaims, Defendant Gambaro states that each of the Accused Devices "are to be individually examined" for each of the 25 recited "elements."  FLIR denies that defendant is entitled to such a review.  In addition, to the extent that Defendant Gambaro's statements are to be construed as allegations that any of the Accused Devices infringe any claim of the '322 Patent and/or the design claimed under the '071 Patent, FLIR denies all such "allegations."

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

7.     FLIR hereby repeats and incorporates by reference each and every denial of the allegations in Defendant Gambaro's Counterclaims set forth in the preceding paragraphs as if fully set forth herein.  Defendant Gambaro purports to assert a counterclaim for declaratory relief of infringement of the '322 Patent and the '071 Patent. FLIR denies infringement and denies that Defendant Gambaro is entitled to such relief. To the extent necessary, FLIR denies that Defendant Gambaro is entitled to damages and attorneys' fees for infringement of the '322 Patent and/or the '071 Patent.

## II.

## DEFENSES

8.     FLIR asserts the following defenses and affirmative defenses to Defendant Gambaro's Counterclaims:

**A.     First Defense: Failure To State A Claim**

9.     Defendant Gambaro's Counterclaims fail to state a claim upon which relief may be granted.  Defendants have not sufficiently alleged and/or cannot prove that: (i) any of the Accused Devices infringe any claim of the '322 Patent in light of the prior construction of the claims by this Court; which is binding on all Defendants in this action including Defendant Gambaro; (ii) the claims of the '322 Patent are valid and/or enforceable against FLIR; and/or (iii) the '071 Patent is valid and/or enforceable against FLIR.

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

**B.    Second Defense: Non-Infringement of the '322 Patent**

10.    FLIR has not directly infringed, indirectly infringed, contributed to or induced the infringement of any valid and enforceable claim of the '322 Patent and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**C.    Third Defense:  Non-Infringement of the '071 Patent**

11.    FLIR has not directly infringed, indirectly infringed, contributed to or induced the infringement of any valid and enforceable claim of the '071 Patent and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**D.    Fourth Defense: The '322 Patent is Invalid**

12.    The '322 Patent is invalid and void for failing to meet the conditions for patentability, including but not limited to the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**E.    Fifth Defense:  The '071 Patent is Invalid**

13.    The '071 Patent is invalid and void for failing to meet the conditions of patentability, including but not limited to the requirements set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 171.

**F.    Sixth Defense:  Prosecution History Estoppel**

14.    Defendant Gambaro is estopped from seeking constructions of the claims of the '322 Patent that are inconsistent with statements made by Defendant Gambaro and others involved in the prosecution of the application leading to the '322 Patent to the United States Patent and Trademark Office ("Patent Office") during the prosecution of the application that issued as the '322 Patent.

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

G.    **Seventh Defense: Inequitable Conduct**

15.    During the prosecution of the '322 Patent, Defendant Gambaro and others substantially involved in the prosecution of the application leading to the '322 Patent concealed information material to the patentability of the claims from the Patent Office. Gambaro reduced to practice a prototype device called the Cherry Model which incorporated the claimed subject matter of the '322 Patent as early as February 1987 – *i.e.*, six years prior to the filing of the patent application that issued as the '322 Patent. Gambaro demonstrated this device to third-parties for the purpose of commercial evaluation and procurement of capital investment.  Gambaro used some of the investment funds that he had received as a result of those demonstrations as personal income. Gambaro intentionally failed to disclose the existence of the prototype device and its subsequent demonstration to members of the public six years prior to the filing of the patent application with the intent to deceive the Patent Office.  This deception renders the '322 Patent unenforceable for inequitable conduct.

16.    In addition, prior to the issuance of the '322 Patent, Gambaro was aware of information material to the patentability of the claims of the '322 Patent, but withheld that information from the Patent Office.  More specifically, Gambaro knew that certain prior art, including but not limited to, the United States Design Patent Nos. D258,061 and D303,250, the Tomy Car Toy and the Cherry Model prototype anticipated or rendered obvious one or more claims recited in the patent application that led to the issuance of the '322 Patent.  Nevertheless, Gambaro intentionally failed to disclose such material prior

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

art to the Patent Office, thereby committing fraud on the Patent Office.  This fraud

renders the '322 Patent unenforceable for inequitable conduct.

17.     Furthermore, prior to the issuance of the '071 Patent, Gambaro was aware

of information material to the patentability of the ornamental design claimed in the '071

Patent, but withheld that information from the Patent Office.  Gambaro knew that certain

prior art, including but not limited to, the Cherry Model prototype and other prototypes

that he had fabricated and demonstrated to members of the public several years prior to

the filing of the patent application that led to the issuance of the '071 Patent anticipated

or rendered obvious the ornamental design claimed in the '071 Patent.  Nevertheless,

Gambaro intentionally failed to disclose such material prior art to the Patent Office,

thereby committing fraud on the Patent Office.  This fraud renders the '071 Patent

unenforceable for inequitable conduct.

**H.     Eighth Affirmative Defense – Waiver, Laches and Estoppel**

18.     Defendant Gambaro's Counterclaims are or may be barred, in whole or in

part, under the doctrines of waiver, laches, and/or estoppel.  FLIR has been prejudiced

because Defendant Gambaro's unreasonable delay in notifying FLIR of the alleged

infringement of the '322 Patent and the '071 Patent.

**I.     Ninth Defense:  Collateral Estoppel**

19.     The construction of the claim terms of the '322 Patent were fully and

finally litigated in the action styled *Motionless Keyboard Company v. Microsoft*

*Corporation, Nokia Inc., and Saitek Industries Ltd.*, Civil No. 04-180-AA, in the United

States District Court for the District of Oregon, Eugene Division (the "*Microsoft*

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

Action"). Defendants including Defendant Gambaro should be precluded from asserting or otherwise construing any terms of the claims of the '322 Patent in a manner inconsistent with the prior judicial construction of the claims. The doctrine of collateral estoppel prevents defendants from challenging the Court's construction of the claim terms of the '322 Patent (and subsequent affirmation of those constructions by the Federal Circuit) because identical issues with respect to the scope and meaning of the claims of the '322 Patent were involved in the *Microsoft* Action, were actually litigated in the *Microsoft* Action, and were necessary to the outcome of the *Microsoft* Action. Defendants including Defendant Gambaro had a full and fair opportunity to litigate these issues in the *Microsoft* Action, and the trial court's claim construction was affirmed on appeal.

## J.    **Tenth Defense: No Willful Infringement**

20.    Should FLIR be found to infringe the '322 Patent and/or the '071 Patent, such infringement was not willful.

## K.    **Eleventh Defense: Limitation Of Damages**

21.    To the extent that Defendant Gambaro may be entitled to any damages under Defendant Gambaro's Counterclaims for patent infringement, such damages are limited under 35 U.S.C. § 287 only to those damages occurring after the dates of notice of infringement by Defendant Gambaro to FLIR of the '322 Patent and '071 Patent, respectively. Furthermore, despite Defendant Gambaro's initial allegations, damages with respect to the '322 Patent are limited to those available during the life of the '322 Patent, which expired on January 12, 2010.

PAGE  9 -    **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT GAMBARO'S COUNTERCLAIMS**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

**L.**     **Twelfth Defense: Patent Misuse**

22.     Defendant Gambaro has misused the '322 Patent by: (i) demanding future damages with respect to the alleged infringement of an expired patent; (ii) asserting, in bad faith, claims constructions against FLIR that he knew were rejected by this Court (and affirmed by the Federal Circuit); and (iii) posting a video on the Internet, in bad faith, comparing the Accused Devices with claim terms of the '322 Patent based on claim constructions that were rejected by this Court in prior litigation.

**M.**     **Thirteenth Defense: Unclean Hands**

23.     Defendant Gambaro's Counterclaims are barred in whole or in part under the doctrine unclean hands.

**III.**

**JURY DEMAND**

24.     FLIR requests a trial by jury.

**IV.**

**REQUEST FOR RELIEF**

1.     WHEREFORE FLIR requests that the Court enter judgment against Defendant Gambaro, awarding FLIR the following relief:

a.     Dismissal with prejudice of Defendant Gambaro's Counterclaims:

b.     A judicial declaration that the Accused Devices do not directly or indirectly infringe any claim of the '322 Patent or the design of the '071 Patent;

c.     Reasonable attorneys' fees and costs;

PAGE  10 -   **ANSWER AND AFFIRMATIVE DEFENSES TO**
**DEFENDANT GAMBARO'S COUNTERCLAIMS**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

           d.       Pre-judgment and post-judgment interest at the highest lawful rates;

and

           e.       Such other and further relief that this Court may deem just and

proper.

        DATED this 16th day of September, 2010.

                  Respectfully submitted,

                  **BICKEL & BREWER**
                  William A. Brewer, III, *Admitted Pro Hac Vice*
                  Michael J. Collins, *Admitted Pro Hac Vice*
                  Farooq A. Tayab, *Admitted Pro Hac Vice*

                  **HARRANG LONG GARY RUDNICK PC**

                  By:    s/ Susan D. Marmaduke         
                      Susan D. Marmaduke, OSB 841458
                      susan.marmaduke@harrang.com
                      Sivhwa Go, OSB 033252
                      hwa.go@harrang.com
                      Telephone:  (503) 242-0000
                      Facsimile:  (503) 241-1458

                      Of Attorneys for Plaintiff FLIR Systems,
                      Inc.

PAGE  11 -   **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT GAMBARO'S COUNTERCLAIMS**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

# CERTIFICATE OF SERVICE

I certify that on September 16, 2010, I served or caused to be served a true and

complete copy of the foregoing **ANSWER AND DEFENSES TO DEFENDANT**

**GAMBARO'S COUNTERCLAIMS** on the party or parties listed below as follows:

_____     Via CM / ECF Filing

\_\_\_\_\_     Via First Class Mail, Postage Prepaid

\_\_\_\_\_     Via Email

\_\_\_\_\_     Via Personal Delivery

Thomas L. Gambaro                      James M. Buchal, Esq.
individually and dba                   Murphy & Buchal
Patent Enforcement Company             2000 SW 1st Avenue, Suite 420
and Motionless Keyboard Company        Portland, OR  97201
P.O. Box 14741
Portland, OR  97293                    Counsel for Defendant Motionless
                                       Keyboard Company

Defendants *Pro Se*


**HARRANG LONG GARY RUDNICK P.C.**


By:  ___s/ Susan D. Marmaduke_____
      Susan D. Marmaduke, OSB 841458
      susan.marmaduke@harrang.com
      Telephone:  (503) 242-0000
      Facsimile:  (503) 241-1458

      Of Attorneys for Plaintiff FLIR Systems,
      Inc.

P0214788.DOC;1

PAGE  1 -   **CERTIFICATE OF SERVICE**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*