James L. Buchal, OSB #921618
jbuchal@mbllp.com
MURPHY & BUCHAL LLP
2000 S.W. First Avenue, Suite 420
Portland, OR  97201
Tel:    503-227-1011
Fax:   503-227-1034
*Attorney for Defendant,*
*Motionless Keyboard Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation<br><br>Plaintiff,<br><br>v.<br><br>THOMAS L. GAMBARO, an individual; MOTIONLESS KEYBOARD COMPANY, an Oregon corporation,<br><br>Defendants. | Case No. CV 10-0231-BR<br><br>**MEMORANDUM OF MOTIONLESS KEYBOARD COMPANY IN SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** |

**Argument**

Motionless Keyboard Company (MKC) was dissolved no later than April 11, 2008.  (Buchal Decl. Ex. 1; *see also* Gambaro Decl. ¶ 2.)  It does not hold the patent at issue in this action, though it formerly did.  (Gambaro Decl. ¶ 2; Buchal Decl. ¶ 4.)  It has no interest in the outcome of this case, and counsel for MKC has offered to stipulate to dismissal with prejudice, such that MKC could never bring any claims against FLIR related to the patent, but that offer was refused.

Page 1- MEMORANDUM OF MOTIONLESS KEYBOARD COMPANY IN
          SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR
          SUMMARY JUDGMENT

Plaintiff seeks declaratory relief against "defendants" concerning the '322 patent (Counts One and Two), attorney fees pursuant to the patent laws in connection with that declaration (Count Three), and a declaration that the patent is unenforceable because of alleged patent misuse through overreaching settlement demands (Count Four). Insofar as MKC no longer has or had, at any relevant times, any interest in the patent, all of these declarations do not implicate its interests.

Plaintiff ostensibly seeks to keep MKC in the case because defendant Gambaro sent letters threatening FLIR with infringement claims on MKC letterhead, and purporting to make threats on behalf of MKC. Those actions, assuming they occurred, were *ultra vires*. ORS 60.637 ("A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs"). They do not provide a basis for liability as against MKC, and even if they did, MKC has no assets and any judgment against MKC would simply amount to a judgment against defendant Gambaro. Gambaro Decl. ¶ 4; *see* ORS 60.645(2) (certain claims against dissolved corporations may be enforced "against the shareholder of the dissolved corporation to the extent of the shareholder's pro rate share of the claim or the corporate assets distributed to the shareholder in liquidation, whichever is less").

It appears that the real motive to keep MKC in the suit is to try and force defendant Gambaro to hire counsel, which he cannot do, and deny him an opportunity to litigate his infringement claims. That would be unjust.

Page 2- MEMORANDUM OF MOTIONLESS KEYBOARD COMPANY IN
SUPPORT OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR
SUMMARY JUDGMENT

**Conclusion**

This Court should enter judgment dismissing MKC from the case, or, in the alternative, enter a stay of proceedings against MKC to give Mr. Gambaro his day in court upon the offer to stipulate, set forth herein, that MKC will be bound by whatever happens to him if not dismissed immediately.

DATED:  September 17, 2010.

                                  **MURPHY & BUCHAL LLP**

                                  _s/ James L. Buchal_
                                  **James L. Buchal**, OSB #921618
                                  Tel:  503-227-1011
                                  Fax:  503-227-1034
                                  jbuchal@mbllp.com
                                  _Attorney for Defendant,_
                                  _Motionless Keyboard Company_

## CERTIFICATE OF SERVICE

I certify that on September 17, 2010, the foregoing Memorandum of Motionless Keyboard Company in Support of Motion to Dismiss, or, in the Alternative, for Summary Judgment will be electronically filed with the Court's electronic court filing system, which will generate automatic service upon all parties enrolled to receive such notice.

The following will be manually served by first class U.S. mail:

Thomas L. Gambaro
P.O. Box 14741
Portland, OR  97293

<u>s/ Carole A. Caldwell</u>