James L. Buchal, OSB #921618
jbuchal@mbllp.com
MURPHY & BUCHAL LLP
2000 S.W. First Avenue, Suite 420
Portland, OR  97201
Tel:    503-227-1011
Fax:    503-227-1034
*Attorney for Defendant,*
*Motionless Keyboard Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>THOMAS L. GAMBARO, an individual; MOTIONLESS KEYBOARD COMPANY, an Oregon corporation,<br><br>  Defendants. | Case No. CV 10-0231-BR<br><br>**DECLARATION OF THOMAS L. GAMBARO** |

Thomas L. Gambaro states:

1. I am a defendant in his action and make this Declaration in support of the motion of Motionless Keyboard Company (MKC) to dismiss this action as against it, or, in the alternative, for summary judgment of dismissal.

2. During the appeal of the *Motionless Keyboard Company v. Microsoft Corporation et al* in the U.S. Court of Appeals for the Federal Circuit, when the '322 patent was owned by Motionless Keyboard Company, an alternative energy experiment with hydrogen fuel resulted in a spontaneous combustion that caused the loss of the

Page 1-   DECLARATION OF THOMAS L. GAMBARO

contents of the rented garage. The garage contained the majority of assets of MKC including court exhibits, patent certificates and experimental models. After a majority vote of shareholders MKC was dissolved in or about May of 2005; no action was taken with the State of Oregon which later dissolved MKC administratively.  In the wake of MKC's dissolution, the patent was assigned to me.  Unfortunately, the instrument reflecting this assignment was destroyed in the fire.

       3.      In March of this year, I formed Patent Enforcement Company and registered it as my business name with the State of Oregon and then attempted to assign the patent to Patent Enforcement Company.  Thereafter, an attorney at Schwabe Williamson and Wyatt, previously representing plaintiff, objected to the assignment, and in response to his objection, I executed another patent assignment from MKC to Patent Enforcement Company.

       4.      It was an error to do this, since MKC was dissolved in 2005.  It was also a mistake to continue to use the MKC name in negotiations with plaintiff concerning their infringement. MKC has no assets, and the only shareholder who received any assets in its dissolution was me; I received the patent and the models not destroyed in the fire.

       5.      Available funds to hire an attorney in this action need to be directed to product development, from which a new company will be formed to exploit IP formerly held by MKC.  Mr. Buchal was kind enough to agree to attempt to remove MKC from

///
///
///
///

Page 2-   DECLARATION OF THOMAS L. GAMBARO

the action for a nominal sum so that I could get my day in court.

I certify under penalty of perjury that the foregoing is true and correct.

DATED: September 17, 2010.

_____
Thomas L. Gambaro

Page 3- DECLARATION OF THOMAS L. GAMBARO

## CERTIFICATE OF SERVICE

I certify that on September 17, 2010, the foregoing Declaration of Thomas L. Gambaro will be electronically filed with the Court's electronic court filing system, which will generate automatic service upon all parties enrolled to receive such notice.

The following will be manually served by first class U.S. mail:

Thomas L. Gambaro
P.O. Box 14741
Portland, OR  97293

_s/ Carole A. Caldwell_

Page 4-   DECLARATION OF THOMAS L. GAMBARO