**Susan D. Marmaduke**, OSB 841458
E-mail: susan.marmaduke@harrang.com
**Sivhwa Go**, OSB 033252
E-mail: hwa.go@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 S.W. Fifth Avenue, 16th Floor
Portland, OR  97204
Telephone:  (503) 242-0000
Facsimile:  (503) 241-1458

**William A. Brewer, III**, *Admitted Pro Hac Vice*
E-mail: wab@bickelbrewer.com
**Michael J. Collins**, *Admitted Pro Hac Vice*
E-mail: mjc@bickelbrewer.com
**Farooq A. Tayab**, *Admitted Pro Hac Vice*
E-mail: fat@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201-4612
Telephone:  (214) 653-4000
Facsimile:  (214) 653-1015

Attorneys for Plaintiff FLIR Systems, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>**THOMAS L. GAMBARO**, an individual d/b/a **PATENT ENFORCEMENT COMPANY**; **MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation.<br><br>  Defendants. | Civil No.:  3:10-cv-00231-BR<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT DEFENDANT GAMBARO IS BOUND BY '322 PATENT CLAIM CONSTRUCTION IN PRIOR ACTION** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT GAMBARO IS BOUND BY PRIOR ACTION**

## TABLE OF CONTENTS

Pages

I.  BACKGROUND ................................................................................................. 1

    A.  Introduction ............................................................................................ 1

    B.  Summary of Argument ........................................................................... 1

II.  UNDISPUTED FACTS ...................................................................................... 4

III.  ARGUMENT ..................................................................................................... 8

    A.  Applicable legal standards ..................................................................... 8

    B.  Defendant Gambaro, doing business as PEC, is precluded from disputing the claim construction of the '322 Patent reached in the Prior Action to which MKC was a party. ....................................................... 9

        1.  The claim construction of the '322 Patent was actually and necessarily determined in the Prior Action. ...................................... 9

        2.  The claim construction issues in this case are in substance the same as those decided in the Prior Action. ..................................... 10

        3.  Defendant Gambaro is bound by the ruling on claim construction of the '322 Patent that was reached in the Prior Action. ..................................................................................................... 11

            a.  Defendant Gambaro is bound because he is MKC's successor in interest by assignment in the '332 Patent. ......... 11

            b.  Alternatively, Defendant Gambaro is bound because he assumed control over the Prior Action and has "had his day in court." ............................................................... 13

IV.  CONCLUSION ............................................................................................... 15

PAGE i -   **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                                               **PAGES**

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 106 S. Ct. 2548 (1986) ............................................................................... 9

*Headwaters Inc. v. U.S. Forest Serv.*,
   399 F.3d 1047 (9th Cir. 2005) ....................................................................................... 12

*Int'l Nutrition Co. v. Horphag Research, Ltd.*,
   220 F.3d 1325 (Fed. Cir. 2000) ..................................................................................... 12

*Montana v. United States*,
   440 U.S. 147, 99 S. Ct. 970 (1979) .......................................................................... 1-2, 10

*Motionless Keyboard Co.*, 486 F.3d 1376 (Fed. Cir. 2007) ................................................. 1, 8, 10

*Motionless Keyboard Co. v. Microsoft Corp.*,
   No. Civ. 04-180-AA, 2005 WL 1113818 (D. Or. May 6, 2005) ........................... 1, 4-7, 10-11

*NeoMagic Corp. v. Trident Microsystems, Inc.*,
   287 F.3d 1062 (Fed. Cir. 2002) ..................................................................................... 11

*New Hampshire v. Maine*,
   532 U.S. 742, 121 S. Ct. 1808 (2001) ............................................................................. 1

*SRI Int'l v. Matshushita Elec. Corp. of Am.*,
   775 F.2d 1107 (Fed. Cir. 1985) (*en banc*) ..................................................................... 11

*Taylor v. Sturgell*,
   553 U.S. 880, 123 S. Ct. 2161 (2008) ..................................................................... 1-3, 12-13

*Taylor-Reed Corp. v. Mennen Food Prods., Inc.*,
   324 F.2d 108 (7th Cir. 1963) ......................................................................................... 12

**STATUTES**

ORS 684.005(1) .................................................................................................................... 3

ORS 684.010 ........................................................................................................................ 3

**OTHER AUTHORITIES**

FRCP 56(a) ........................................................................................................................... 9

FRCP 56 (d)(1) ..................................................................................................................... 9

PAGE ii - **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

## I. BACKGROUND

### A. Introduction

Plaintiff FLIR Systems, Inc. ("FLIR") files this memorandum in support of its motion for partial summary judgment seeking a ruling that Defendant Gambaro, an individual doing business as Patent Enforcement Company ("PEC"), is bound by the claim construction of United States Patent No. 5,332,322 (the "'322 Patent") reached by the Honorable Ann Aiken in *Motionless Keyboard Co. v. Microsoft Corp.*, No. Civ. 04-180-AA, 2005 WL 1113818 (D. Or. May 6, 2005) ("*Motionless Keyboard*"), and affirmed in *Motionless Keyboard Co.*, 486 F.3d 1376, 1380-82 (Fed. Cir. 2007) ("Prior Action"). Copies of the decisions of the US District Court and Federal Circuit Court of Appeals in the Prior Action are attached as Appendix A and B, respectively.

### B. Summary of Argument

The preclusive effect of a federal court judgment, or ruling on a disputed issue, is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, ___, 123 S. Ct. 2161, 2171 (2008). Issue preclusion bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748-49, 121 S. Ct. 1808 (2001). Preclusion protects parties from the "expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54, 99 S. Ct. 970 (1979).

PAGE 1 -  MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

Those interests are similarly implicated when persons who were not parties to the original action attempt to relitigate issues that were resolved in that action. The Supreme Court has aspired to create "crisp rules with sharp corners" regarding the preclusive effect of a ruling to one who was not a party in the action in which the ruling was made. *Taylor,* 553 U.S. at ___, 123 S. Ct. at 2177.

Although the term "privies" has traditionally been used to denominate those nonparties who are bound by prior rulings under the doctrine of collateral estoppel, the Supreme Court has recently avoided the term, saying:

> "* * * this usage has been criticized as conclusory and analytically unsound. * * * The nomenclature has been abandoned in the applicable section of the Second Edition of the Restatement."

*Montana*, 440 U.S. at 155 n. 5 (internal citations omitted). The Supreme Court likewise avoided the use of the term "privity" in *Taylor v. Sturgell*, noting:

> "The substantive legal relationships justifying preclusion are sometimes collectively referred to as 'privity.' * * * The term 'privity,' however, has also come to be used more broadly, as a way to express the conclusion that nonparty preclusion is appropriate on any ground. * * * To ward off confusion, we avoid using the term 'privity' in this opinion."

553 U.S. at ___, 128 S. Ct. at 2172 n.8 (internal citations omitted).

Instead, the Supreme Court has enumerated six circumstances, each of which is an independently sufficient basis for preclusion. *Taylor v. Sturgell*, *supra*. A nonparty may be precluded from relitigating an issue which was actually litigated and resolved in a valid court determination essential to the prior judgment when any one of the following is present:

PAGE 2 -   **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

    1) an agreement by a nonparty to be bound by the ruling;

    2) <u>a substantive legal relationship between the party and nonparty, such as that between an assignee and assignor;</u>

    3) adequate representation of the nonparty in the prior action by someone with the same interests;[1]

    4) <u>control over litigation of the prior action by a nonparty, so that the nonparty "had his day in court";</u>

    5) the nonparty to the first action brings suit in the second action as the designated representative or agent of a person who was a party to the first action; or,

    6) special statutory schemes such as probate or bankruptcy proceedings which expressly foreclose successive litigation by nonlitigants.

*See Taylor*, 553 U.S. at ___, 128 S. Ct. at 2172-73 (emphasis added).

At least the two circumstances which are underlined above apply here. Each is an independently sufficient basis upon which to preclude Defendant Gambaro from relitigating the claim construction reached in the Prior Action:

    1.    MKC, which held the '322 Patent when it brought the Prior Action, has assigned the patent to Defendant Gambaro, doing business as PEC.[2] Defendant Gambaro

---

[1] Representation is "adequate" for purposes of nonparty preclusion only if, at a minimum, "special procedures were followed [to protect the nonparty] or the party to the prior suit understood it was representing the nonparty." *Taylor,* 553 U.S. at ___, 128 S. Ct. at 2174 (citing *Richards v. Jefferson County*, 517 U.S. 793, 801, 116 S. Ct. 1761 (1996)). Examples include class actions and suits brought by trustees, guardians, and other fiduciaries. *Id.* at 2172-73.

[2] According to Defendant Gambaro, he caused MKC to assign the '322 Patent to PEC, which is his assumed business name. Answer ¶ 4; Marmaduke Decl. Ex. 3 (Patent Assignment Abstract); Ex. 1 (Hearing Tr.) at 10:6-9. An assumed business name is not a legally distinct entity, but is simply the name under which a person "carries on, conducts,

is, therefore, MKC's successor-in-interest with respect to the '322 Patent. Gambaro is therefore bound by the claim construction reached in the Prior Action.

    2.    Alternatively, Defendant Gambaro is bound because he assumed control over the litigation of the Prior Action. He has already "had his day in court" even though he was not a formal party to that litigation.

The dispute over the construction of certain asserted claims of the '322 Patent are the same in both cases, and the construction reached by the court in the Prior Action was necessary to its judgment of noninfringement. Defendant Gambaro, doing business as PEC, is therefore bound by the claim construction of the '322 Patent in the Prior Action.

## II.    UNDISPUTED FACTS

Defendant Gambaro is an individual doing business as PEC. Answer ¶ 3 (Dkt. No. 11); Declaration of Susan Marmaduke in Support of Plaintiff's Concise Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment ("Marmaduke Decl."), Ex. 1 ("Hearing Tr.") at 22:6-11. Gambaro was the sole inventor of the '322 Patent. Answer ¶ 3.

In 1997, Gambaro assigned the '322 Patent to Motionless Keyboard Company ("MKC"), an Oregon corporation. Compl. ¶ 4 (Dkt. No. 1); Answer ¶ 4. Gambaro was an officer of MKC and its single largest shareholder. Marmaduke Decl. Ex. 6 (PA Depo) Vol. 1 at 7:14-25, 8:20-22, 11:6-11; Answer ¶ 4.

---

or transacts" business. *See* ORS 684.005(1), ORS 684.010. Thus, PEC is merely another name for Defendant Gambaro.

PAGE 4 - **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

In 2004, MKC commenced an action against Microsoft Corporation, Saitek Industries, Ltd. and Nokia, Inc., alleging that they had infringed the '322 Patent (the "Prior Action"); *Motionless Keyboard*, 2005 WL 1113818 at *1. Gambaro was deposed in both his individual capacity and as MKC's corporate representative. Marmaduke Decl. Ex. 6 (PA Depo) Vol. 1 at 11:7-11.

To decide MKC's claims, the court was required to construe Claim 1, the '322 Patent's only independent claim.[3] *See Motionless Keyboard*, 2005 WL 1113818 at **13-19. The claim construction issue was joined in cross motions for summary judgment; a *Markman* hearing was held in that context. *Id.* at *1. MKC's motion for summary judgment was supported by a Declaration of Thom Gambaro, as was its memorandum in opposition to the defendants' motion for summary judgment. Marmaduke Decl. Ex. 5

---

[3] The claim, with the pertinent limitations italicized, states:

> "A hand-held device for entering information into an electronic system via a keyboard, the device comprising:
>
> > a housing having a grippable portion which permits the device to be held in one hand with the thumb free to move at least temporarily to a predetermined key-actuation position while the device is held,
> >
> > *a concavity in said housing at said key-actuation position,* and
> >
> > *a thumb-associable cluster of keys forming a keyboard within said concavity*, each of the plurality of keys in said cluster being selectively actuable via mixed lateral and slight endo, translation of the thumb within said concavity, whereby information is entered into an electronic system."

*Motionless Keyboard*, 205 WL 1113818 at *14.

PAGE 5 -   **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

(Prior Action Docket) at Nos. 125, 128.  Mr. James Buchal represented MKC at the hearing on motions for summary judgment and *Markman* hearing; Gambaro was present. *Id.* at No. 154.  During that hearing, Mr. Buchal said, "* * * my client, Mr. Gambaro here, wished to demonstrate the dialing that was on these devices."  Marmaduke Decl. Ex. 8 (PA Hearing Tr.) at 4:25-5:1.  The court declined, stating there was no need for such demonstration.  *Id*. at 5:11-12.  The court did, however, accept for filing a Supplemental Declaration of Thom Gambaro.  Marmaduke Decl. Ex 9 (Suppl. PA Decl. of Gambaro).

The court decided the claim construction issue in an opinion and order dated May 6, 2005.  *Motionless Keyboard*, 205 WL 1113818 at *14.  The court first analyzed the plain language of the claims and the '322 Patent specification, and then considered the prosecution history of the '322 Patent.  The court concluded that, based on Gambaro's arguments to the Patent and Trademark Office in a patent interference proceeding to resolve the question of invention priority, "prosecution estoppel precludes a construction of the claim that encompasses a 'concavity' formed by the keys of the keyboard." *Motionless Keyboard*, 2005 WL 1113818 at *18.  The court observed that Gambaro had also distinguished the prior art keyboard which disclosed a concave slope of the keys.  *Id.* at *19.  The court concluded:

> "Notwithstanding the fact that the construction of claims is not a moving target that varies to correspond with a patentee's infringement allegations, I find that neither of plaintiff's constructions are supported by the plain language of the claim, the '322 Patent specification, or the prosecution history."

PAGE 6 - **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Harrang Long Gary Rudnick P.C.
1001 SW Fifth Ave., 16th Floor
Portland, OR 97204
Telephone: (503) 242-0000
Facsimile: (503) 241-1458

*Id*. at *17 (internal citation omitted).  The court explained:

> "I * * * reject plaintiff's construction of concavity as a depression formed by the keys or the keyboard.
>
> "Instead, I construe ['a concavity in said housing at said key actuation position, and a thumb-associable cluster of keys forming a keyboard within said concavity,'] to mean that the concavity must be formed by a depression in the housing of the device, and that all keys comprising the keyboard must be contained entirely within the concave area and sunk below the surface of the housing, so that the thumb movement occurs within the concave area."

*Id.* at *19.  Based on that construction, as well as the court's alternative conclusion that the '322 Patent is invalid based on obviousness, the court ordered issuance of judgment in favor of all defendants.  *Id.* at **19, 32.

In 2007, the United States Federal Circuit Court of Appeals reversed the district court's rulings on invalidity of the '322 Patent, but affirmed the ruling of no infringement "[b]ecause the district court correctly construed the claim limitation * * *."  *Motionless Keyboard Company v. Microsoft Corporation,* 486 F3d 1376, 1378 (2007).  .

During 2009 and early 2010, Gambaro repeatedly communicated with FLIR on behalf of MKC, demanding past and future royalty payments for infringement of that patent based on the same claim construction that the court had specifically rejected in the Prior Action.  On November 3, 2009, Gambaro sent FLIR an email saying, "I represent my more than fifty stockholders who are due licensing fees and royalties that have now apparently reached a significant level and this needs to be resolved."  Compl. ¶ 8 & n.2 and Ex. B at 1; Answer ¶ 8 (Gambaro does not deny authenticity of letter).  On November 18, 2009, he wrote to FLIR on MKC letterhead, demanding payment "for

PAGE 7 -    **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

willful patent infringements of '322 Patent that is property of Motionless Keyboard Company valid to December 31, 2009." Compl. ¶ 14 & n.4 and Ex. D at 2; Answer ¶ 14 (Gambaro does not deny authenticity of letter).  On January 15, 2010, he signed a letter on MKC letterhead as "Founder & Inventor" and threatened a lawsuit by MKC against FLIR and various individuals.  Compl. ¶ 19 & n.9 and Ex. I at 3; Answer ¶ 19 (Gambaro does not deny authenticity of letter).

On March 1, 2010, FLIR commenced this action for declaratory judgment of noninfringement against Gambaro doing business as PEC and against MKC.  *See* Compl. at 1 & ¶¶ 3-5 (Dkt. No. 1).

Gambaro now owns all rights in the '322 Patent.  He represents that he caused MKC to assign the '322 Patent back to himself doing business as PEC.  *See e.g.,* Marmaduke Decl. Ex. 1 (Hearing Tr.) at 10:6-9; Declaration of Farooq A. Tayab in Support of Plaintiff's Concise Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment Ex. 1 (Gambaro Email to Brewer) at 1-2.

### III. ARGUMENT

#### A. Applicable legal standards

Plaintiff FLIR moves for partial summary judgment of preclusion under Rule 56.

> "A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim."

FRCP 56(a).

> "If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue.  The court should so

PAGE 8 -   **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

> determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts – including items of damages or other relief – are not genuinely at issue. The facts so specified must be treated as established in the action."

FRCP 56 (d)(1).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

### B. Defendant Gambaro, doing business as PEC, is precluded from disputing the claim construction of the '322 Patent reached in the Prior Action to which MKC was a party.

#### 1. The claim construction of the '322 Patent was actually and necessarily determined in the Prior Action.

Preclusion applies only to a ruling which was necessary to the prior adjudication and which was, in the words of the Supreme Court, "distinctly put in issue and directly determined by a court of competent jurisdiction." *Montana*, 440 U.S. at 153. The record leaves no doubt that those prerequisites are met. The parties briefed and argued the issue of claim construction and, in the words of the federal circuit:

> "The district court's determination of no infringement of the '322 Patent rested on claim construction. * * * By using the terms 'concavity in said housing' and 'keyboard within said concavity,' the patentee defined a depression within the housing of the device and set the keyboard entirely within that depression. The district court correctly grasped and conveyed this meaning."

*Motionless Keyboard*, 486 F.3d at 1380.

PAGE 9 -    **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

    2. <u>The claim construction issues in this case are in substance the same as those decided in the Prior Action.</u>

To determine the appropriate application of collateral estoppel, the court must determine that the issue presented in this case is in substance the same as the issue presented in the Prior Action. The pleadings show that a significant dispute in this case is over the meaning of the term "concavity," as that term is used in the '322 Patent – precisely the same term that was the focus of the dispute in the Prior Action. *See* Compl. ¶¶ 1, 8-21; Answer ¶¶ 1, 8-21; *Motionless Keyboard*, 2005 WL 1113818 at \*\*13-19; *Motionless Keyboard*, 486 F.3d at 1378, 1380-82.

In this action, Defendant Gambaro disputes the correctness of the claim construction in the Prior Action in this case. He states, "I indicated this was the basis for my disagreement with the OPINION AND ORDER of Judge Aikens [*sic*] because it did not work in Natural Law and included an invented "arbitrary" to work in the Laws of Man." Declaration of Thomas L. Gambaro Related to Report for Status Conference Scheduled for July 19, 2010 (Dkt. No. 62), at pages 2-3. FLIR submits that the doctrine of claim preclusion is a function of the "laws of man."

Defendant Gambaro argues that the claim construction in the Prior Action is not binding in this case because "FLIR ACCUSED DEVICES are not the same as those previously examined in earlier proceedings." Answer ¶ 13. That makes no difference for purposes of claim construction. "[I]t is well settled that claims may not be construed by reference to the accused device." *NeoMagic Corp. v. Trident Microsystems, Inc.,* 287

PAGE 10 - **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

F.3d 1062, 1074 (Fed. Cir. 2002) (citing *SRI Int'l v. Matshushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (*en banc*)). In *SRI Int'l*, the court explained that:

> "A claim is construed in light of the claim language, the other claims, the prior art, the prosecution history, and the specification, *not* in light of the accused device. * * * * It is only *after* the claims have been *construed without reference to the accused device* that the claims, as so construed, are applied to the accused device to determine infringement."

775 F.2d at 1118 (citing *Palumbo v. Don-Joy Co.*, 762 F.2d 969, 974 (Fed. Cir. 1985)). Judge Aiken made the same point in the Prior Action: "Plaintiff's proposed constructions are at odds with a basic tenet of patent law – that claims are to be construed without regard to the accused device." *Motionless Keyboard*, 2005 WL 1113818 at *17.

      3.    <u>Defendant Gambaro is bound by the ruling on claim construction of the '322 Patent that was reached in the Prior Action.</u>

          a.    <u>Defendant Gambaro is bound because he is MKC's successor in interest by assignment in the '332 Patent.</u>

Where the other prerequisites for preclusion are present (*i.e.*, the same issue has been actually and necessarily decided by a court of competent jurisdiction), the next question is whether the ruling is binding on one who was not a party to the case in which the issue was decided. It is well established that an assignee of property is bound by rulings in a previous action in which the assignor was a party, where the rulings pertain to the property that is the subject of the assignment:

> "[N]onparty preclusion may be justified based on a variety of pre-existing 'substantive legal relationships' between the person to be bound and a party to the judgment. * * * Qualifying relationships include, but are not limited to, preceding and succeeding owners of property * * * and assignee and assignor. These exceptions originated 'as much

PAGE 11 -   **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

>    from the needs of property law as from the values of
>    preclusion by judgment.'"

*Taylor*, 553 U.S. at ___, 128 S. Ct. at 2172 (internal citations omitted).

A successor-in-interest by assignment is bound by rulings entered against its assignor before the assignment was made. *See Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052-53 (9th Cir. 2005) ("Privity, traditionally, arose from a limited number of legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest, chiefly:  * * * assignors and assignees [among others]").

The Federal Circuit has also recognized this doctrine, stating:

>    "A variety of relationships between two parties can give rise
>    to the conclusion that a nonparty to an action is in privity with
>    a party to the action for purposes of the law of judgments,
>    which is simply a shorthand way of saying that the nonparty
>    will be bound by the judgment in that action.  One situation in
>    which parties have frequently been held to be in privity is
>    when they hold successive interests in the same property.
>    Thus, a judgment with respect to a particular property interest
>    may be binding on a third party based on a transfer of the
>    property in issue to the third party after judgment."

*Int'l Nutrition Co. v. Horphag Research, Ltd.,* 220 F.3d 1325, 1329 (Fed. Cir. 2000) (internal quotations and citations omitted).  This rule applies to the assignment of rights under a patent.  *See Taylor-Reed Corp. v. Mennen Food Prods., Inc.*, 324 F.2d 108, 112 (7th Cir. 1963) (holding that a successor-in-interest by assignment to a patent was bound by rulings made in prior litigation in which the patent was at issue, and to which the assignor was a party).

PAGE 12 - **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

As MKC's successor in interest by assignment of the '322 Patent, Defendant Gambaro, doing business as PEC, is bound by the claim construction of that patent in the Prior Action as a matter of law.

> b. <u>Alternatively, Defendant Gambaro is bound because he assumed control over the Prior Action and has "had his day in court."</u>

A nonparty is bound by the judgment in a prior action if he or she "assumed control" over the litigation in which that judgment was rendered. *See Taylor*, 553 U.S. at ___, 128 S. Ct. at 2173 (quoting *Montana,* 440 U.S. at 154). As the Court said:

> "Because such a person has had 'the opportunity to present proofs and argument', he has already had his day in court even though he was not a formal party to the litigation."

*Id.*

Gambaro played an active role in the litigation of the claim construction issue in the Prior Action. He was deposed in both his individual capacity and as MKC's corporate representative; he attended the *Markman* hearing (at which MKC's counsel referred to him as "my client"); and he made multiple filings on his own behalf, including declarations in support of MKC's motion for summary judgment on claim construction, in opposition to the defendants' cross-motion for summary judgment on claim construction, and a supplemental declaration after the *Markman* hearing itself. Marmaduke Decl. Ex. 6 (PA Depo) Vol. 1 at 11:7-11; Ex. 8 (PA Hearing Tr.) at 4:25-5:1; Ex. 5 (Prior Action Docket) at Nos. 28, 128, 155, 247, 249; Ex. 9 (Suppl. PA Decl. of Gambaro).

PAGE 13 -   **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

Gambaro's interests in the '322 Patent and those of MKC have always been precisely aligned, notwithstanding the temporary shift in ownership of the '322 Patent from himself to MKC and back again. Throughout the Prior Action, Gambaro was the largest single shareholder of MKC. *See* Marmaduke Decl. Ex. 6 (PA Depo.) at Vol. 1 at 7:14-25; 8:20-22; 11:6-11; Answer ¶ 4. He and MKC have occupied the same mailing address for the past thirty years. Answer ¶ 4. Gambaro has treated MKC as his alter ego, repeatedly sending demand letters to FLIR on MKC letterhead. *See* Marmaduke Decl. Ex. 4 (Feb. 14, 2010 Gambaro letter to Brewer); Ex. 11 (Nov. 20, 2009 Gambaro letter to Powell and FLIR). *See also* Compl. ¶ 8 & n.2 and Ex. B at 1; Answer ¶ 8; Compl. ¶ 14 & n.4 and Ex. D at 2; Answer ¶ 14; Compl. ¶ 19 & n.9 and Ex. I at 3; Answer ¶ 19.

In short, Gambaro had his day in court during the Prior Action, even though he was not a formal party to it. *See also* Plaintiff's Concise Statement of Material Facts In Support of Plaintiff's Motion for Partial Summary Judgment ¶¶ 13-16, filed herewith. This is an additional reason that Gambaro is properly precluded from relitigating the claim construction ruling reached in the Prior Action.

PAGE 14 -   **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

## IV. CONCLUSION

FLIR respectfully submits that Defendant Gambaro, doing business as PEC, is bound by the claim construction of the '322 Patent upon which the court based its judgment of noninfringement in the Prior Action.

DATED this 17th day of September, 2010.

        **BICKEL & BREWER**
        William A. Brewer, III, *Admitted Pro Hac Vice*
        Michael J. Collins, *Admitted Pro Hac Vice*
        Farooq A. Tayab, *Admitted Pro Hac Vice*

        **HARRANG LONG GARY RUDNICK PC**

        By: /s/ Susan D. Marmaduke
        Susan D. Marmaduke, OSB 841458
        susan.marmaduke@harrang.com
        Sivhwa Go, OSB 033252
        hwa.go@harrang.com
        Telephone: (503) 242-0000
        Facsimile: (503) 241-1458

        Of Attorneys for Plaintiff FLIR Systems, Inc.

PAGE 15 - **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

# CERTIFICATE OF SERVICE

I certify that on September 17, 2010, I served or caused to be served a true and complete copy of the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT DEFENDANT GAMBARO IS BOUND BY THE CLAIM CONSTRUCTION IN THE PRIOR ACTION** on the party or parties listed below as follows:

   _____ Via CM / ECF Filing
   _____ Via First Class Mail, Postage Prepaid
   _____ Via Email
   _____ Via Personal Delivery

| | |
|---|---|
| Thomas L. Gambaro | James M. Buchal, Esq. |
| individually and dba | Murphy & Buchal |
| Patent Enforcement Company | 2000 SW 1st Avenue, Suite 420 |
| and Motionless Keyboard Company | Portland, OR  97201 |
| P.O. Box 14741 | |
| Portland, OR  97293 | Counsel for Defendant Motionless Keyboard Company |
| Defendants *Pro Se* | |

**HARRANG LONG GARY RUDNICK P.C.**

By:   /s/ Susan D. Marmaduke
  Susan D. Marmaduke, OSB 841458
  susan.marmaduke@harrang.com
  Telephone:  (503) 242-0000
  Facsimile:  (503) 241-1458

  Of Attorneys for Plaintiff FLIR Systems, Inc.

P0210993.DOC;7