

**Thomas L. Gambaro**
Email: thom.gambaro@gmail.com
**MOTIONLESS KEYBOARD COMPANY**
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589

FILED'10 SEP 17 9:23USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS L. GAMBARO**, an individual; and **MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation<br><br>Defendants. | Case No. CV 10-0231-BR<br><br>**DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT DECLARATION**<br><br>**DEMAND FOR JURY TRIAL** |

## DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT DECLARATION

I, Thomas L. Gambaro reply to the FLIR Amended Complaint with the following:

1.     I am a defendant in this action and make this Declaration in reply to the

Plaintiff FLIR Systems Inc.'s FIRST AMENDED COMPLAINT FOR DECLARATORY

JUDGEMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENT filed

April 29, 2010 to reply to the complaint and also to support or dismiss this action, or, in

the alternative, for summary judgment of dismissal.

**DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT**
**DECLARATION**                                                              **Pg 1 of 14**

2.      On information and belief FLIR Systems, Inc. ("FLIR") has made a series

of false accusations seeking a Declaratory Judgment Of Non-Infringement And Invalidity

of Patent regarding my communications related to U.S. Patent 5,332,322. To clarify my

position and dispel the false allegations contained in the complaint the following

definitions are included from Black's Law Dictionary:

**Patent**, n. A grant of some privilege, property, or authority, made by the
government or sovereign of a country to one or more individuals. Definition Three: A
grant made by the government to an inventor, conveying and securing to him the
exclusive right to make, use and sell his invention for a term of years.

**Patent infringement.** The act of using or selling any patented invention without
authority during the term of the patent and this includes one who induces the
infringement. 35 U.S.C.A. § 271.

**Infringement**. A breaking into; a trespass or encroachment upon; a violation of a
law, regulation, contract, or right. Used especially of invasions of the rights secured by
patents, copyrights, and trademanrks.

**First Amendment**. Amendment to U.S. Constitution guaranteeing basic freedoms
of speech, religion, press, and assembly and the right to petition the government for
regress of grievances.

**Freedom of expression**. Right guaranteed by First Amendment of the U.S.
Constitution; includes freedom of religeion, speech, and press.

**Freedom of speech**. Right guaranteed by First Amendment of U.S. Constitution.

**Fighting words**. Fighting words, which may constitutionally be prohibited, are
words directed to the person of the hearer which would have a tendency to cause acts of
violence by the person to whom, individually, the remark is addressed.

**Threat**. A communicated intent to inflict physical or other harm on any person or
on property. A declaration of intention or determination to inflict punishment. loss, or
pain on another, or to injure another by the commission of some unlawful act. A
statement may constitute a threat even though it is subject to a possible contingency in
the maker's control. The prosecution must establish a "true threat," which means a
serious threat as distinguished from words uttered as mere political argument, idle talk or
jest. In determining whether words were uttered as a threat the context in which they
were spoken must be considered.

**DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT**
**DECLARATION**                                               **Pg 2 of 14**

3.      Prior to any communication with FLIR Systems, Inc. I first became aware of the FLIR i5 and i7 Thermal Imaging Camera through an advertisement in one of the GlobalSpec Alerts that come to my email box periodically. I followed this with a review of FLIR web pages http://www.flir.com/US/ to gather additional information on patent infringements. I traced the products to the local distributor and went to their facility to conduct a personal inspection of the products and interview with the sales personal to determine if the conditions of patent infringement were present. On information and belief the information on sales and marketing as reported by the sales personal is accurate and this includes over five years of marketing of the FLIR i5 and or i7 Thermal Imaging Camera in the U.S. with an estimate of over $5,000,000 in sales based on reported sales. I photographed the FLIR i5 in operation to determine one feature of the '322 patent that is that "information is entered into an electronic system". Images were recorded of the FLIR i7 reading the heat signature of a candle I brought with me and other electrical heat signatures form equipment at the sales facility. These images were used to prepare the '322 Claim Charts sent to FLIR IP Attorney as was the process in the Microsoft case.

4.      On opinion and belief based on the definitions of "patent infringement" and "threat" cited above the facts support the charge that FLIR Systems, Inc. has been threatening the U.S. Government by patent infringements to U.S. Patent No. 5,332,322. The '322 Patent inventor when the patent is issued by the Patent and Trademark Office becomes an ongoing contractual authority and agent to act to protect the intellectual property and U.S. Government interests in this case from a domestic act of technological terrorism. This is the exact opposite of the false charges made in the FLIR Amended Complaint. FLIR makes broad unsubstantiated and generalized charges against inventor.

5.      The inventor denies making any threats as alleged in the opening (1.) PRELIMINARY STATEMENT in particular "have threatened to sue FLIR based on their erroneous allegations". There is no threat, as herein are the counterclaims in this legal proceeding, so the alleged threat is actually non-existent, as we are in court. To claim "erroneous allegations" is basically a willful false statement as '322 claim chart evidence was provided and additional evidence that clarified the FLIR infringing products cited did in fact contain the embodiment of the definition of "concavity" upheld by the U.S. Court of Appeals for the Federal Circuit. The carelessly written and inaccurate statements here are only misleading to the Court and this only attempts to shift the blame to the inventor for the crimes of patent infringement committed by FLIR Systems, Inc.  The list of "Accused Devices" is accurate. The inventor is an engineer skilled in the art of ergonomic data entry devices and the evidence was precise. FLIR attempts to cloud all issues by misdirected and generalized allegations of wrongdoing by the inventor. This completely overlooks the fact that the U.S. Government that granted the '322 patent is also a party in this proceeding. FLIR indirectly attempts to defame the character of the U.S. Government as well in these baseless charges.

6.      In the second section (2.) THE PARTIES the statements regarding FLIR And Its Business appears to be accurate however the Defendant Gambaro has not traveled to the specified location to confirm or deny the existence of the FLIR facility in that location but will acknowledge that this appears to be an accurate statement of fact. Under the section (3.) Defendants it is accurate that Defendant Thomas Gambaro is the sole named inventor of the '322 patent.

7.     The statements (4.) regarding Patent Enforcement Company are accurate. The statements regarding (5.) Defendant Motionless Keyboard Company are inaccurate and have not been amended to include additional information provided about MKC. Gambaro is a significant shareholder in the now non-existent Motionless Keyboard Company.

8.     Under (6.) JURISDICTION AND VENUE the Defendant Gambaro denies that the Court now has jurisdiction over the '322 patent or that the '322 patent is invalid. The fact (7.) of this is covered in detail in DEFENDANT ACCELLERATED UNSEALING OF PROTECTIVE ORDER DOCUMENTS MOTION beginning in paragraph two on page one and continued through the first paragraph of page two. This case ended June 24, 2010 with the denial of the motion to amend the caption to include Patent Enforcement Company by Judge Anna Brown effectively excluding the '322 patent from the case for lack of JURISDICTION. The venue may be correct (8.) however jurisdiction is not.

**Jurisdiction.** The word is a term of large and comprehensive import, and embraces every kind of judicial action. It is the authority by which courts and judicial officers take cognizance of and decide cases. The legal rights by which judges exercise their authority. It exists when court has cognizance of class of cases involved, proper parties are present, and point to be decided is within powers of court. The right and power of a court to adjudicate concerning the subject matter of a given case. Scope and extent of jurisdiction of federal courts is governed by 28 U.S.C.A § 1251 et seq.

**Venue.** Formerly spelled *visne*. In common law pleading and practice, a neighborhood; the neighborhood, place or country in which an injury is declared to have been done, or fact declared to have happened. The general venue statute governing civil actions in U.S. district courts is 28 U.SC.A. § 1391. Venue does not refer to jurisdiction at all. "Jurisdiction" of the court means the inherent power to decide a case, whereas "venue" designates the particular county or city in which a court with jurisdiction may hear and determine the case. As such, while a defect in venue may be waived by the parties, lack of jurisdiction may not.

9.     The FACTUAL BACKGROUND is incorrect. FLIR was not wrongfully accused of infringing the '322 patent. FLIR counsel would like the Court to believe it.

**DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT**
**DECLARATION**                                                              **Pg 5 of 14**

10.     FLIR omits the fact that additional evidence was requested and provided

that the rulings of the claim constructions from the *Motionless Keyboard Company v.*

*Microsoft Corp.* excuse FLIR's infringing of the '322. May be when they sent letter.

11.     On information and belief this may be FLIR counsel position and the case

references may be correct however the conclusion that "Accused Devices do not

infringe" is based on products physically very different than the FLIR Accused Devices

and the physical limitations from the previous case do not apply to FLIR Products.

12.     The "disputed terms" are quoted in a phrase taken out of context within

the '322 patent are inconsistent with previous rulings from the UNITED STATES

PATENT AND TRADEMARK OFFICE in Interference No. 103,074 with both rulings

quoted below from FLIR First Amended Complaint that is Document 15 page 5 par 3 and

PATENT ENFORCEMENT COMPANY EXHIBIT 03 page 3 par 3:

Motionless Keyboard Co., 2005 WL 1113818, at *119:

"a concavity in said housing at said key actuation position, and a thumb-
associable cluster of keys forming a keyboard within said concavity..." to mean "that the
concavity must be formed by a depression in the housing of the device, and that all keys
comprising the keyboard must be contained in the housing of the device, and all keys
comprising the keyboard must be contained entirely within the concave area and sunk
below the surface of the housing, so that the thumb movement occurs within the concave
area."
U.S. Patent No. 5,332,322 Count 1 from Interference No. 104,073:

[1]     A hand-held device [2] for entering information into an electronic system
via a keyboard, the device comprising:
[3] a housing having a grippable portion which permits the device to be held in
one hand with the thumb free to move at least temporarily to a predetermined key-
actuation position while the device is held,
[4] a concavity in said housing at said key-actuation position, and
[5] a thumb-associable cluster of keys forming a keyboard within said concavity,
each of the plurality of keys in said cluster being selectively actuable via mixed
lateral, and slight endo, translation of a thumb within said concavity, [6] whereby
information is entered into an electronic system.

Defendant(s) argue that Judge Ann Aiken made a similar error in law as Junior

Party Goddard attempted to do in Interference No. 104,073 that was ruled on by the

UNITED STATES PATENT AND TRADEMARK OFFICE that issued the '322 patent

that is quoted from PATENT ENFORCEMENT COMPANY EXHIBIT 03 page 5 par 4:

Goddard's attempt to ignore the plain language of the count overlooks established
precedent. When the "whereby" clause recites a positive limitation to the claim, it will be
given effect whereas when it mearly states the result of the limitation in the claim the
clause is construed as adding nothing to the patentability or substance of the claim.
*Compare Simpson et al. v. Neracher at al.,* [9] F.2d 416, 432, 91 USPQ 43, 57 (CCPA
1951) and *Israel v. Cresswell,* 166 F 2d 153, 76 USPQ 594, 597 (CCPA 1948). The
whereby clause [2] requires that "information is entered into an electronic system".

The Judge Ann Aiken claim construction was and is completely non-sequitar

because it renders the '322 patent inoperable by completely imposing a limitation that the

"thumb is not free to move" when in fact the '322 patent claim one language clearly

states the "thumb is free to move" and '322 claim two language states "keys are located

in said concavity within a cone of motion of a user's thumb". Judge Ann Aiken failed her

oath on this case by failing to uphold the laws governing the rights of the owners of the

'322 patent. This fact is supported by the fact that none of the four judges that ruled on

the '322 patent at any time physically handled a '322 patent embodiment. This would be

like saying that one knows all about driving without ever being behind the wheel of a

motor vehicle. FLIR will not be protected by this travesty of justice committed against

the '322 patent in the previous case. The COUNTERCLAIMS included contain now a

utility and design patent combined for infringement and the limitation imposed by the

Judge Ann Aiken case will not apply to the design claim constructions. The LAW is

opposed to FACTS however unless the FACTS are known in contrast to established

LAW statutes and precedents, including patent claims, the LAW is subject of error.

**DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT**
**DECLARATION                                                     Pg 7 of 14**

13.    FLIR claim that their products do not infringe because "there is no depression, or concavity, created in the housing of these imagers," and "the keys positioned on the angular portion extend above the upper extent of the housing" and "protrude[c] above that plane." Is simply not consistent with the physical reality of the FLIR Accused Devices that will be easily proved when FLIR produces requested discovery of the CAD files. These statements mislead the Court.

14.    FLIR also wrongfully claims non-infringement based on the doctrine of equivalents by the statement "[t]he Federal Circuit found in the previous litigation that devices which have keys raised above the housing do not permit thumb movement to activate the keys within the cavity." This is a completely non-sequitar ruling but will not save FLIR in any event. This conclusion does not hold up to physical reality in the world where the '322 patent is. This will easily be proven with discovery FLIR CAD files.

15.    The quotes are accurate on information and belief. So what. FLIR continues to claim a spade is not black. All these statements fall under the First Amendment protection that fail to reach the level as defined above of "Threat".

16.    The statement suggests that a dictionary definition is incorrect and should be replaced with a fictitious definition dreamed up most likely by the Microsoft, Saitek and Nokia counsel to commit the infringements of the mid 2000 era defrauding the UNITED STATES PATENT AND TRADEMARK OFFICE and the owners of the ranted '322 patent. Thomas Jefferson would turn over in his grave if he were to witness how his policies for the patent system to expand commerce have been perverted. This practice of rewriting their patents by large corporations serves only to extinguish the spark that will fuel an economy. Our present economy reflects the result of this practice,

DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT
DECLARATION                                                                        Pg 8 of 14

17.    Defendant(s) acknowledge that these statements were made, however FLIR is also not producing the discovery requested on sales of Accused Products and Defendant(s) on new information and belief regard a settlement of $750,000 to settle for infringements of the '322 and '071 patents below the true level based on sales. When discovery is complete this belief will be either confirmed or denied.

18.    This is a statement taken out of context. Since FLIR repeatedly refuses to settle there is no need to disclose who Defendant(s) may or may not be consulting with in Dallas, Texas. This was forwarded to add incentive to a settlement out of Court.

19.    Again you can repeat a lie again and again but it does not make it true. To clarify this continued willful false statement the FLIR products do "contain a bowl-like depression in the housing within which the keyboard cluster is positioned". This is not an embodiment of the claim language of the '322 claims that FLIR has altered.

20.    The Defendant(s) stand on the First Amendment for all opinions expressed in letters to FLIR and deny threats were made. This statement is directed to FLIR being a threat. An excerpt from the Black's Law definition of "Threat" is added here for clarity:

The prosecution must establish a "true threat," which means a serious threat as distinguished from words uttered as mere political argument, idle talk or jest. In determining whether words were uttered as a threat the context in which they were spoken must be considered.

21.    The owner of a patent issued by the U.S. Government is in essence an agent of the Government and this repeated charge that "FLIR is and has been infringing on my patent…" is more than an individual statement, as the force of the U.S.P.T.O. behind these communications, as if FLIR has a motor vehicle parked in a no parking zone and the Defendant(s) is saying here is the ticket. It is now up to FLIR to pay the ticket, and this is will not be ignored by the U.S.P.T.O or '322 owners. First Amendment again.

**DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT**
**DECLARATION                                                        Pg 9 of 14**

22.    Again allegations of "Threats" must rise to the level specified in Black's Law Dictionary and FLIR has the burden of proof to turn "idle talk or jest" to threats.

"The prosecution must establish a "true threat," which means a serious threat as distinguished from words uttered as mere political argument, idle talk or jest. In determining whether words were uttered as a threat the context in which they were spoken must be considered."

23.    Words from the March 10, 2010 letter: "additional actions will now be taken to financially damage FLIR and all of the above named firms representing FLIR for aiding a corporation practicing patent infringement" on information and belief is accurate however Defendant(s) deny this is a threat any more than a person being mugged on the street for their money is threatening the perpetrators by crying "You will be arrested". FLIR has been engaged in commercial exploitation of '322 patent claims for over five years and Defendant(s) language is mild compared to the crimes against the patent laws. Additional quotes are regarded by Defendant(s) as "idle talk or jest".

24.    On information and belief these statements are accurate that the settlement amount was reduced to $500,000 however this overlooks the facts of more FLIR Accused Products now at issue and again until discovery on sales figures is complete it is unknown if this amount is great enough or not. Defendant(s) now believe it is too low.

25.    The YouTube video forwards U.S. Patent No. 5,332,322 claim language in the pure issued form compared to one FLIR Accused Device defining "concavity" according to ordinary dictionary definitions not fabricated definitions found nowhere in reality or other published technical works. Thomas L Gambaro has personally participated in at least two mock jury trials that were for cases of tobacco liability and plane crash liability. The YouTube video is not an uncommon method to test arguments.

**DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT**
**DECLARATION**                                                           **Pg 10 of 14**

26.    On information and belief this statement may be accurate. PEC is not currently a party in this proceeding and this point is moot.

27.    Repeating allegations with no merit is repeating allegations with no merit and there is little value in repeating these again.

28.    This is an accurate estimation of the current situation on information and belief however since the '322 is not within the jurisdiction of this case these issues will not be resolved within this case.

29.    FLIR has forwarded a complaint that was drafted and filed by an attorney and a firm that have a long standing conflict of interest with Motionless Keyboard Company and the Defendant(s) believe the case should be dismissed for lack of prosecution with an fraudulent complaint filed and also because the '322 patent is no longer in the jurisdiction of this Court. Count One is moot.

30.    FLIR has forwarded a complaint that was drafted and filed by an attorney and a firm that have a long standing conflict of interest with Motionless Keyboard Company and the Defendant(s) believe the case should be dismissed for lack of prosecution with an fraudulent complaint filed and also because the '322 patent is no longer in the jurisdiction of this Court. Count Two is moot.

31.    Defendant(s) agree a "justiciable controversy" exists however it can not be resolved in this proceeding based on the reasons Count One and Count Two are invalid.

32.    The U.S. Patent No. 5,332,322 has been tested twice and found valid and the allegations without merit in the FLIR Amended Complaint fall very far from any known standards of law to challenge the '322 patent validity again.

33    Repeating allegations with no merit is repeating allegations with no merit.

**DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT**
**DECLARATION**                                                    **Pg 11 of 14**

34.    The previous erroneous claim constructions of Judge Ann Aiken were only partially upheld that is only the definition of "concavity" as upheld on appeal by the U.S. Court of Appeals for the Federal Circuit and U.S. Patent No. 5,332322 was also upheld as valid and if this prior construction is binding on MKC then this means it is binding on a corporation that is non-existent like valid claims of non-infringement FLIR is asserting. An invalid complaint born of conflict of interest and claim constructions binding on a non-existent corporation in a proceeding where the patent at issue is not a party to the case can only by law be dismissed.

35.    The Defendant(s) agree that it is an exceptional case that has no merits based on the arguments of paragraph 34. and this case has so many errors of law that it is exceptional only in that it is bordering on a mockery of justice to continue.

36.    Repeating allegations with no merit is repeating allegations with no merit.

37.    FLIR Amended Complaint does not take into account the Defendant(s) COUNTERCLAIMS that include U.S. Patent Design 104,071 that is currently valid until February 2, 2013 on information and belief and allegations of patent misuse are also without merit as a continuous term of infringement is established by U.S. Patent Design 104,071 combined with U.S. Patent No. 5,332,322 and FLIR will be held accountable for their violations of the Patent Laws.

38.    The "Court's construction" may be binding on MKC, that no longer exists, however these constructions can never be accepted by the Defendant(s) being so far from physical reality as to be laughable. No misuse of '322 patent claim one has ever been included in any constructions and therefore this construction would also fall to the status of Unenforceable. The YouTube video claim constructions are authorized '322 claims.

DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT
DECLARATION                                          Pg 12 of 14

39.    FLIR provides no merit to warrant consideration of a declaratory judgment that the '322 patent is unenforceable due to Defendant(s) patent misuse in (i) attempting to extract future royalties on the expired patent since the '071 patent is now included, and (ii) the language of this allegation is incorrect: "alleging patent infringement based on claim constructions that have been rejected by the Court and binding on Defendants. What does that mean? The Defendant(s) have only asserted U.S. Patent No. 5,332,322 claims one through three and five are being infringed by FLIR.

40.    FLIR should be denied a trial based on this complaint, as it has no merits.

41.    Requests for relief are without merit and should be promptly dismissed.

Respectfully submitted,

September 17, 2010    By: _____

Thomas L. Gambaro
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

**DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT**
**DECLARATION**                                                    **Pg 13 of 14**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 17, 2010, a true copy of the foregoing **DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT DECLARATION** was served to the following counsel by hand delivery, electronic filing via email with electronic signature.

**James L. Buchal,** OSB 921618
jlbuchal@mbllp.com
**Murphy & Buchal LLP**
2000 SW First Avenue, Suite 420
Portland, OR  97201
Tel:  503-227-1011x3
Fax: 503-227-1034            Attorney for Defendant Motionless Keyboard Company

**Susan D. Marmaduke**, OSB 841458
susan.marmaduke@harrang.com
**Sivhwa Go**, OSB 033252
hwa.go@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 SW FIFTH AVENUE, 16TH FLOOR
PORTLAND, OREGON 97204
Telephone: 503-242-0000
Facsimile: 503-241-1458

**William A. Brewer III**, *Admitted Pro Hac Vice*
wab@bickelbrewer.com
**Michael J. Collins**, *Admitted Pro Hac Vice*
mjc@bickelbrewer.com
**Farooq A. Tayab**, *Admitted Pro Hac Vice*
fat@bickelbrewer.com
BICKEL & BREWER
4800 Commercial Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone: 214-653-4000
Fax: 214-653-1015            Attorneys for Plaintiff FLIR Systems, Inc.

Respectfully submitted,

September 17, 2010   By: _____
Thomas L. Gambaro
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

**DEFENDANT GAMBARO REPLY TO FLIR AMENDED COMPLAINT**
**DECLARATION**                                                        **Pg 14 of 14**