

**THOMAS L. GAMBARO**
P.O. Box 14741
Portland, Oregon 97293-0741
503-544-0589 mobile
thom.gambaro@gmail.com

FILED'10 SEP 17 9:19USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS L. GAMBARO, an individual;<br>MOTIONLESS KEYBOARD COMPANY<br><br>Defendants. | Case No. CV 10-0231-BR<br><br><br>**DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE**<br><br>**DEMAND FOR JURY TRIAL** |

### DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE

The Defendant(s) assert this motion pursuant to RULE 12 (b)(1)(2)(4) and (6) and the relief requested is that the Court will issue an order of denial of the Plaintiff's motion of summary judgment of non-infringement of U.S. Patent No. 5,332,322 and thereby dismiss the case against Defendant(s). The arguments for each of the sections of the RULE 12(b) relied upon for this motion will be addressed separately. These may make reference to filed documents in this case to state reasons for relief to be granted.

**DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE Page 1 of 6**

## RULE 12 (b)(1)

The Defendant(s) assert that the Court lacks subject matter jurisdiction.

**Jurisdiction.** The word is a term of large and comprehensive import, and embraces every kind of judicial action. It is the authority by which courts and judicial officers take cognizance of and decide cases. The legal rights by which judges exercise their authority. It exists when court has cognizance of class of cases involved, proper parties are present, and point to be decided is within powers of court. The right and power of a court to adjudicate concerning the subject matter of a given case. Scope and extent of jurisdiction of federal courts is governed by 28 U.S.C.A § 1251 et seq. -- Black's Law

Judge Anna J. Brown has DENIED Defendant Motion 01 to Amend Caption in DOCKET # 17. This Defendant Motion 01 was DENIED with leave to renew (minute Order #48) and therefore PATENT ENFORCEMENT COMPANY is not currently a party in this case so PATENT ENFORCEMENT COMPANY is a non-party in this case and outside of the Court's jurisdiction. The conclusion of these facts is that the Court does not have jurisdiction over the '322 patent as a party. This is a patent infringement case without a patent as a party. The Court does not have the proper party present.

## RULE 12 (b)(2)

The Defendant(s) assert that the Court lacks personal jurisdiction.

**Straw man** or **party**. Nominal party to a transaction; one who acts as an agent for another for the purpose of taking title to real property and executing whatever documents and instruments the principal may direct respecting the property. Person who purchases property for another to conceal identity of real purchaser. – Black's Law

**Citizen.** One who, under the Constitution and laws of the United States, or of a particular state, is a member of the political community, owing allegiance and being entitled to the enjoyment of full civil rights. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, and citizens of the United States and of the state wherein they reside. U.S. Const., 14th Amend. –Black's Law

Defendant Thomas L. Gambaro is a natural born citizen of the United States being born in Portland, Oregon and herein distinguishes that this status is not the same and separate from the status as straw man for the legal entity PATENT ENFORCEMENT

**DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE Page 2 of 6**

COMPANY that has been assigned the ownership right, title and interest of U.S. Patent No. 5,332,322. As presented above in RULE 12 (b)(1) this Court does not have jurisdiction through personal jurisdiction over the asset of U.S. Patent No. 5,332,322 being distinguished as not being the PATENT ENFORCEMENT COMPANY. The true owner of the '322 patent that is not a party in this case. The conclusion of these facts is that the Court does not as well have personal jurisdiction over the '322 patent as a party. This is a patent infringement case without a patent as a proper party.

## RULE 12 (b)(4)

The Defendant(s) assert that Plaintiff FLIR has failed to prosecute resulting in insufficient process.

> **Conflict of interest.** Term used in connection with public officials and fiduciaries and their relationship to matters of private interest or gain to them. Ethical problems connected therewith and covered by statutes in most jurisdictions by federal statutes on the federal level. Generally, when used to suggest disqualification of a public official from performing his sworn duty, the term "conflict of interest" refers to a clash between public interest and the private pecuniary interest of the individual concerned.
> –Black's Law

The Defendant(s) filed Motion 03 for disqualification of FLIR INC. local counsel representation by SCHWABE, WILLIAMSON, & WYATT due to a known conflict of interest prior to filing of CV 10-0231-BR 0231-BR that also existed in the previous case *Motionless Keyboard Company v. Microsoft Corp. et al.* The filing of FLIR Systems Inc. FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENT on filed April 29, 2010 named Motionless Keyboard Company as a Defendant. Prior knowledge of a potential conflict of interest was admitted by Christopher J. Lewis in PATENT ENFORCEMENT COMPANY EXHIBIT 04 on page two in paragraph two by the statement "we do not

**DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE Page 3 of 6**

believe that our representation of a shareholder in unrelated matters presents an actual conflict of interest." The Defendants maintain that SCHWABE, WILLIAMSON, & WYATT have only recently, finally, taken steps to correct a long standing pattern of conflict of interest that existed during the *Motionless Keyboard Company v. Microsoft Corp. et al.* case where SCHWABE, WILLIAMSON, & WYATT defended a client for patent infringement opposed to the Motionless Keyboard Company, the owners of U.S. Patent No. 5,332,322, during these proceedings. The local representatives for FLIR was SCHWABE, WILLIAMSON, & WYATT that have withdrawn as local counsel for FLIR. The first amended complaint may have been amended again by the replacement local counsel HARRAND, LONG, GARY, RUDNICK P.C. after April 29, 2010 but has not and the conflict of interest remains with the SCHWABE, WILLIAMSON, & WYATT complaint filed invalid with a known conflict of interest with party Motionless Keyboard Company. The conflict of interest renders invalid FLIR filing and has failed to prosecute resulting in insufficient process that can be grounds to grant this motion.

### RULE 12 (b)(6)

The Defendant(s) assert that the Plaintiff FLIR has failed to state a claim upon which relief can be granted.

**RULE 12 (b)(1)** This is a patent infringement case without a patent as a party.

**RULE 12 (b)(2)** Defendant Gambaro is not now the true owner of '322 patent.

**RULE 12 (b)(4)** FLIR has failed to prosecute resulting in insufficient process.

**RULE 12 (b)(6)** FLIR's invalid complaint fails to state a claim upon which relief can be granted. The true owner of the '322 patent is not a party to this case.

**DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE Page 4 of 6**

As presented in arguments for **RULE 12 (b)(1) RULE 12 (b)(2) RULE 12 (b)(4)** and **RULE 12 (b)(6)** the Defendant(s) request that the **DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE** be granted by an denial of the FLIR FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENT to dismiss Plaintiff's case.

Respectfully submitted,

September 17, 2010

By: _____
Thomas L. Gambaro
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 17, 2010, a true copy of the foregoing **DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE** was served to the following counsel by hand delivery, electronic filing via email with electronic signature.

**James L. Buchal,** OSB 921618
jbuchal@mbllp.com
**Murphy & Buchal LLP**
2000 SW First Avenue, Suite 420
Portland, OR 97201
Tel: 503-227-1011x3
Fax: 503-227-1034          Attorney for Defendant Motionless Keyboard Company

**Susan D. Marmaduke,** OSB 841458
susan.marmaduke@harrang.com
**Sivhwa Go,** OSB 033252
hwa.go@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 SW FIFTH AVENUE, 16TH FLOOR
PORTLAND, OREGON 97204
Telephone: 503-242-0000
Facsimile: 503-241-1458

**William A. Brewer III,** *Admitted Pro Hac Vice*
wab@bickelbrewer.com
**Michael J. Collins,** *Admitted Pro Hac Vice*
mjc@bickelbrewer.com
**Farooq A. Tayab,** *Admitted Pro Hac Vice*
fat@bickelbrewer.com
BICKEL & BREWER
4800 Commercial Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone: 214-653-4000
Fax: 214-653-1015          Attorneys for Plaintiff FLIR Systems, Inc.

Respectfully submitted,

September 17, 2010   By: _____
Thomas L. Gambaro
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

**DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE Page 6 of 6**