

Thomas L. Gambaro
Email:  thom.gambaro@gmail.com
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589



FILED '10 SEP 29 14:04 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS L. GAMBARO**, an individual; and **MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation<br><br>Defendants. | Case No. CV 10-0231-BR<br><br>**MOTION FOR RECONSIDERATION TO DISMISS CASE BASED ON INCORRECT CASE CAPTION**<br><br>**DEMAND FOR JURY TRIAL** |

### LR 7-1(A) CERTIFICATION

The undersigned Defendant Pro Se certifies that the parties have made a good faith effort through a personal conference to resolve the dispute and have been unable to do so. This has been accomplished based on numerous meetings and conversations.

### MOTION FOR RECONSIDERATION
### TO DISMISS CASE BASED ON INCORRECT CASE CAPTION

On April 29, 2010 Plaintiff FLIR filed: FIRST AMENDED COMPLAINT FOR

DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF

PATENT in Case No. 10-0231-BR that was Document 15. This document was filed by Christopher Lewis from SCHWABE, WILLIAMSON, & WYATT and the caption for Document 15 was:

**FLIR SYSTEMS, INC.**, an Oregon corporation,

    Plaintiff,

vs.

**THOMAS L. GAMBARO**, an individual d/b/a **PATENT ENFORCEMENT COMPANY; MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation.

    Defendants.

Judge Anna J. Brown has DENIED Defendant Motion 01 to Amend Caption in DOCKET # 17. This Defendant Motion 01 was DENIED with leave to renew (minute Order #48) and therefore PATENT ENFORCEMENT COMPANY is not currently a party in this case so PATENT ENFORCEMENT COMPANY is a non-party in this case and outside of the Court's jurisdiction. The correct caption for the case now is:

**FLIR SYSTEMS, INC.**, an Oregon corporation,

    Plaintiff,

vs.

**THOMAS L. GAMBARO**, an individual **MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation.

    Defendants.

### DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE

The Defendant(s) assert this motion pursuant to RULE 12 (b)(1)(2)(4) and (6) and the relief requested is that the Court will issue an order of denial of the Plaintiff's motion of summary judgment of non-infringement of U.S. Patent No. 5,332,322 and thereby dismiss the case against Defendant(s). The arguments for each of the sections of the RULE 12(b) relied upon for this motion will be addressed separately. These may make reference to filed documents in this case to state reasons for relief to be granted.

### RULE 12 (b)(1)

The Defendant(s) assert that the Court lacks subject matter jurisdiction.

**Jurisdiction.** The word is a term of large and comprehensive import, and embraces every kind of judicial action. It is the authority by which courts and judicial officers take cognizance of and decide cases. The legal rights by which judges exercise their authority. It exists when court has cognizance of class of cases involved, proper parties are present, and point to be decided is within powers of court. The right and power of a court to adjudicate concerning the subject matter of a given case. Scope and extent of jurisdiction of federal courts is governed by 28 U.S.C.A § 1251 et seq. -- Black's Law

Judge Anna J. Brown has DENIED Defendant Motion 01 to Amend Caption in DOCKET # 17. This Defendant Motion 01 was DENIED with leave to renew (minute Order #48) and therefore PATENT ENFORCEMENT COMPANY is not currently a party in this case so PATENT ENFORCEMENT COMPANY is a non-party in this case and outside of the Court's jurisdiction. The conclusion of these facts is that the Court does not have jurisdiction over the '322 patent as a party. This is a patent infringement case without a patent as a party. The Court does not have the proper party present.

### RULE 12 (b)(2)

The Defendant(s) assert that the Court lacks personal jurisdiction.

**Straw man** or **party**. Nominal party to a transaction; one who acts as an agent for another for the purpose of taking title to real property and executing whatever documents

and instruments the principal may direct respecting the property. Person who purchases property for another to conceal identity of real purchaser. – Black's Law

**Citizen.** One who, under the Constitution and laws of the United States, or of a particular state, is a member of the political community, owing allegiance and being entitled to the enjoyment of full civil rights. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, and citizens of the United States and of the state wherein they reside. U.S. Const., 14th Amend. –Black's Law

Defendant Thomas L. Gambaro is a natural born citizen of the United States being born in Portland, Oregon and herein distinguishes that this status is not the same and separate from the status as straw man for the legal entity PATENT ENFORCEMENT COMPANY that has been assigned the ownership right, title and interest of U.S. Patent No. 5,332,322. As presented above in RULE 12 (b)(1) this Court does not have jurisdiction through personal jurisdiction over the asset of U.S. Patent No. 5,332,322 being distinguished as not being the PATENT ENFORCEMENT COMPANY. The true owner of the '322 patent that is not a party in this case. The conclusion of these facts is that the Court does not as well have personal jurisdiction over the '322 patent as a party. This is a patent infringement case without a patent as a proper party.

### RULE 12 (b)(4)

The Defendant(s) assert that Plaintiff FLIR has failed to prosecute resulting in insufficient process.

**Conflict of interest.** Term used in connection with public officials and fiduciaries and their relationship to matters of private interest or gain to them. Ethical problems connected therewith and covered by statutes in most jurisdictions by federal statutes on the federal level. Generally, when used to suggest disqualification of a public official from performing his sworn duty, the term "conflict of interest" refers to a clash between public interest and the private pecuniary interest of the individual concerned.
–Black's Law

The Defendant(s) filed Motion 03 for disqualification of FLIR INC. local counsel representation by SCHWABE, WILLIAMSON, & WYATT due to a known conflict of interest prior to filing of CV 10-0231-BR 0231-BR that also existed in the previous case *Motionless Keyboard Company v. Microsoft Corp. et al.* The filing of FLIR Systems Inc. FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENT on filed April 29, 2010 named Motionless Keyboard Company as a Defendant. Prior knowledge of a potential conflict of interest was admitted by Christopher J. Lewis in PATENT ENFORCEMENT COMPANY EXHIBIT 04 on page two in paragraph two by the statement "we do not believe that our representation of a shareholder in unrelated matters presents an actual conflict of interest." The Defendants maintain that SCHWABE, WILLIAMSON, & WYATT have only recently, finally, taken steps to correct a long standing pattern of conflict of interest that existed during the *Motionless Keyboard Company v. Microsoft Corp. et al.* case where SCHWABE, WILLIAMSON, & WYATT defended a client for patent infringement opposed to the Motionless Keyboard Company, the owners of U.S. Patent No. 5,332,322, during these proceedings. The local representatives for FLIR was SCHWABE, WILLIAMSON, & WYATT that have withdrawn as local counsel for FLIR. The first amended complaint may have been amended again by the replacement local counsel HARRAND, LONG, GARY, RUDNICK P.C. after April 29, 2010 but has not and the conflict of interest remains with the SCHWABE, WILLIAMSON, & WYATT complaint filed invalid with a known conflict of interest with party Motionless Keyboard Company. The conflict of interest renders invalid FLIR filing and has failed to prosecute resulting in insufficient process that can be grounds to grant this motion.

### RULE 12 (b)(6)

The Defendant(s) assert that the Plaintiff FLIR has failed to state a claim upon which relief can be granted.

**RULE 12 (b)(1)** This is a patent infringement case without a patent as a party.

**RULE 12 (b)(2)** Defendant Gambaro is not now the true owner of '322 patent.

**RULE 12 (b)(4)** FLIR has failed to prosecute resulting in insufficient process.

**RULE 12 (b)(6)** FLIR's invalid complaint fails to state a claim upon which relief can be granted. The true owner of the '322 patent is not a party to this case.

As presented in arguments for **RULE 12 (b)(1) RULE 12 (b)(2) RULE 12 (b)(4)** and **RULE 12 (b)(6)** the Defendant(s) request that the **DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE** be granted by an denial of the FLIR FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENT to dismiss Plaintiff's case.

The September 16, 2010 filing Plainiff FLIR filed: **ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT GAMBARO'S COUNTERCLAIMS** using the same caption in Document 81 as was used for Document 15 in Case No. 10-0231-BR that is since the ruling Judge Anna J. Brown where Defendant Motion 01 was DENIED to Amend Caption in DOCKET # 17 is an improper and unauthorized caption that attempts to enter a non-party in this case that is PATENT ENFORCEMENT COMPANY. Plaintiff FLIR has misrepresented the jurisdiction in this case as was also argued in the pending motion **DEFENDANT MOTION PURSUANT RULE 12 (b) TO DISMISS CASE** filed on September 17, 2010, corrected now to include Rule 7-1 certification that is submitted for reconsideration.

The true party of interest in this case is not Thomas L. Gambaro or Motionless Keyboard Company in this case and Plaintiff FLIR has provided no evidence to confirm or deny that either Defendant(s) now are the true party of interest and because Thomas L. Gambaro filed the registration of PATENT ENFORCEMENT COMPANY that the individual is now the true party of interest when clearly the evidence confirms Thomas L Gambaro and PATENT ENFORCEMENT COMPANY are not the same party.

The Defendant(s) respectfully request reconsideration of the previous motion submitted without Rule 7-1 certification be granted to dismiss Case No. CV 10-0231-BR based on the foregoing arguments.

Dated: September 29, 2010                    Respectfully submitted,

By: _____
Thomas L. Gambaro
Email: thom.gambaro@gmail.com
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on September 29, 2010, a true copy of the foregoing **MOTION FOR RECONSIDERATION TO DISMISS CASE BASED ON CASE INCORRECT CAPTION** was served to the following counsel by hand delivery, electronic filing via e-mail with electronic signature and first class mail:

**James L. Buchal,** OSB 921618
jlbuchal@mbllp.com
**Murphy & Buchal LLP**
2000 SW First Avenue, Suite 420
Portland, OR 97201
Tel: 503-227-1011x3
Fax: 503-227-1034      Attorney for Defendant Motionless Keyboard Company

**Susan D. Marmaduke,** OSB 841458
susan.marmaduke@harrang.com
**Sivhwa Go,** OSB 033252
hwa.go@harrang.com
**HARRANG LONG GARY RUDNICK P.C.**
1001 SW FIFTH AVENUE, 16TH FLOOR
PORTLAND, OREGON 97204
Telephone: 503-242-0000
Facsimile: 503-241-1458

**William A. Brewer III,** *Admitted Pro Hac Vice*
wab@bickelbrewer.com
**Michael J. Collins,** *Admitted Pro Hac Vice*
mjc@bickelbrewer.com
**Farooq A. Tayab,** *Admitted Pro Hac Vice*
fat@bickelbrewer.com
**BICKEL & BREWER**
4800 Commercial Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone: 214-653-4000
Fax: 214-653-1015      Attorneys for Plaintiff FLIR Systems, Inc.

Respectfully submitted,

September 29, 2010  By: *[signature]*
Thomas L. Gambaro
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

**MOTION FOR RECONSIDERATION TO DISMISS CASE BASED ON CASE INCORRECT CAPTION**      Pg 8 of 8