Thomas L. Gambaro
Email: thom.gambaro@gmail.com
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589

FILED 10 SEP 29 14:02 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**THOMAS L. GAMBARO**, an individual; and **MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation<br><br>Defendants. | Case No. CV 10-0231-BR<br><br>**DECLARATION OF THOMAS L. GAMBARO SUPPORTING MOTION FOR PART SUMMARY JUDGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## DECLARATION OF THOMAS L. GAMBARO
## SUPPORTING MOTION FOR PARTIAL SUMMARY JUDGMENT

1.  I, THOMAS L. GAMBARO, under penalty of perjury declare the following:

2.  That the preparation for the October 6th hip replacement surgery has taken more time and attention than I originally anticipated. There were consultations that continued over a period of weeks that included three doctors and numerous appointments for tests and retests that were required to qualify for the surgery.

**MOTION FOR RECONSIDERATION OF RULE 37 (a)(1) COMPELLING FLIR**
**DISCOVERY** Pg 1 of 8

3. The recovery time is estimated to be up to six weeks and this is a variable. I may be on crutches and I may not be able to drive during this period. I currently am not set up to search legal data bases as an attorney does regularly and there are eleven case law references in the TABLE OF AUTHORITIES filed by FLIR. My normal procedure in doing legal research is to go to Lewis and Clark Law Library to use that facility to review specific cases. I may or may not have access to this during the recovery after October 6th as the variable of my ability to drive after surgery is currently unknown. I can update the Court as some of these variables are reduced however, this may be considered by the Court a potential failure to act because of "excusable neglect" that may be the basis to grant DEFENDANT PRO SE MOTION FOR EXTENSION OF TIME.

4. FLIR has filed considerable material including transcripts and exhibits from the *Motionless Keyboard Company v. Microsoft Corporation et al* case. My understanding of the instructions of the Court were that the previous case would not be reviewed again and I can see no other reason to include this material unless the Plaintiff will attempt as Microsoft Corporation tried and failed to do and that is to invalidate the U.S. Patent No. 5,332,322 as a defense contrary to the instructions of the Court. This is such a misleading tactic by the Plaintiff to try to invalidate a patent that has expired that it almost reaches the level of travesty of justice to warrant a sanction. The term of patent infringement by FLIR is also subject to the term from February of 1999 with U.S. Patent Design 405,071, based on the filed counterclaims, so it is moot to attempt again to invalidate U.S. Patent No. 5,332,322 as Microsoft Corporation failed to do. FLIR arguments are without merit and the PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT THAT DEFENDANT THOMAS L. GAMBARO IS BOUND

BY '322 PATENT CLAIM CONSTRUCTION IN PRIOR ACTION should be denied if for no other reason because the FLIR counsel has violated the instructions of the Court by attempting to retry the *Motionless Keyboard Company v. Microsoft Corporation et al* case. There are other reasons as well to deny the pending motion of FLIR.

5. As previously mentioned a complete review of the documents FLIR has filed has not been done and this includes a comprehension of the eleven cases cited by FLIR in the TABLE OF AUTHORITIES. This will be a critical for the defense cross motion that may follow. To date the only case cited by FLIR that has been partially reviewed is *Celotex Corp. v. Carrett* case and this is to date limited to third party legal opinions such as the text following this paragraph.

> **Cases on Summary Judgment: Has There Been a Material Change in Standards?**
>
> *Jack H. Friedenthal\**
>
> The proper role of summary judgment in the federal courts remains somewhat uncertain and undefined today despite the fact that, except for technical, clarifying amendments, its embodiment in Federal Rule 56 has not been altered since the adoption of the Federal Rules of Civil Procedure in 1938.
> On the one hand, a number of judges have shown a marked aversion to the early resolution of a case whenever the pleadings appear to confirm the existence of a genuine issue of material fact. Summary judgment has been described by one judge as "an extreme and treacherous remedy;" as will be discussed below, some Supreme Court Justices have gone out of their way to cripple its use. On the opposite side, however, are others who extol its virtues. According to Mr. Justice Rehnquist, "[i]t is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"

6. From this brief review the Defendant Pro Se has concluded that at the very least partial or complete summary judgment is premature in this case because there exists a critical "existence of a genuine issue of material fact" that be unjust to overlook by making the option of even a partial summary judgment an option for the Plaintiff. This position is subject to considerable legal research the Defendant Pro Se has not yet completed. The Defendant Pro Se opposes even partial summary judgment.

7.  The Plainiff's attempt to mislead the Court in the MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT by including the all the transcripts, documents and exhibits from the "Prior Action" from the *Motionless Keyboard Company v. Microsoft Corporation et al* case including the Judge Ann Aiken claim construction, that was only partial upheld by the U.S. Court of Appeals for the Federal Circuit that is in the FLIR Appendix B on page 1 of 10 in the second paragraph past the caption quoted:

> **Holdings:** The Court of Appeals, Rader, Circuit Court Judge, held that:
> (1) term "concavity" in patent directed to ergonomic keyboard designed for hand-held use requires a bowl-like depression in the housing of the device;

8.  FLIR may only rely on the definition of "concavity" upheld by the Court of Appeals and this becomes a matter of material fact that needs to be established before any issues of summary judgment can be considered by the Court. The question that needs to be answered is that of a material fact that is does FLIR Accused Devices follow the Court of Appeals definition of "concavity"? Vital to the defense of U.S. Patent No. 5,332,322 is this fact maintained by the Defendant Pro Se that the FLIR Accused Devices still fall within the scope of the patent and in the interest of justice the Defendant Pro Se requires the granting of MOTION FOR RECONSIDERATION OF RULE 37 (a)(1) COMPELLING FLIR DISCOVERY supported by this declaration. This issue of fact versus law was bypassed by Judge Ann Aiken previously because the fact was never established that was; Is the definition of "concavity" consistent with the established claims of the '322 patent? This should have been an issue for a jury that was never convened. This travesty of justice includes four judges ruling on issues of material facts without having the '322 embodiment in evidence to make a correct ruling of law.

9. An additional "existence of a genuine issue of material fact" is embodied in the MOTION FOR RECONSIDERATION TO DISMISS CASE BASED ON INCORRECT CASE CAPTION and this motion should end the case because the patent at issue is not within the jurisdiction of the Court. This declaration supports this motion.

10. In the event that this case does continue with improper jurisdiction then the Defendant Pro Se herein declares that there will be a question of Constitutional Challenge to a Statute made within the scope of this case. The Rule 5.1 Notice is filed accordingly. The issue is the denial of Constitutional rights of due process of law that are denied to independent inventors by summary judgment procedures currently in practice. The current judicial procedure for patent infringement cases is also a violation of the Constitutional rights of the United States Patent and Trademark Office who is always a party in patent infringement cases since the patent is issued under the USPTO authority. The rights of due process of law are routinely denied the USPTO as the material facts established by the patent examiners are not routinely included in the process of review of the patent infringement cases as they should be. The current system requires the examination of a patent to be conducted by an examiner "with ordinary skill in the art" to approve the patent for issue. The rights of the patent holder may or may not be ruled on by a Federal Judge "with ordinary skill in the art" and the result is the U.S. Government is misrepresented in patent infringement cases and violations of the due process of law result in cases such as this case and the previous case that is the *Motionless Keyboard Company v. Microsoft Corporation et al* case. The Rule 5.1 Constitutional challenge to the statues will require the USPTO to examine and confirm any violation of the rights of a patent holder according to the standard of one "with ordinary skill in the art".

MOTION FOR RECONSIDERATION OF RULE 37 (a)(1) COMPELLING FLIR
DISCOVERY                                                                  Pg 5 of 8

11. There is a precedent to support the Constitutional challenge to the Statues in the appeal of Interference No. 104,073 where the current Defendant Pro Se represented himself and prevailed to prove that I was the first to invent the U.S. Patent No. 5,332,322 and when the case was filed for appeal with the USCAFC a solicitor from the USPTO stepped in and asked to represent the appeal because the USPTO ruling was at issue. I agreed to allow the solicitor to represent Motionless Keyboard Company in the appeal and the first to invent ruling was upheld in the Court of Appeals as well. The point is that the USPTO is always a party and may not be represented well enough in Federal Court. A corporation such as FLIR should not be allowed to challenge a patent in federal court unless the examination of the facts are established in their favor by the examiners "with ordinary skill in the art". This raises the bar on standards in Federal Court but should considerably reduce the waste of time with filings before the Court such as those filed in this case for the partial summary judgment to allow FLIR to evade obvious patent infringement through legal bombings of irrelevant documents from previous cases. The proposed changes to the Constitution would establish a process whereby an inventor would review and issue a letter of patent infringement and the corporation either settles out of court or a process like the interference process currently used in USPTO interference cases is started with the fees for examination paid by the corporation charged with infringement. The examiners "with ordinary skill in the art" review the evidence of the corporation as any patent would be examined. The correct facts would be established by examiners "with ordinary skill in the art" and Federal Judges that may or may not be "with ordinary skill in the art" are not brought into play until the facts are known to make any determinations of law under the existing patent statues.

## CONCLUSION

The declaration herein is intended to support the specified motions and also intended to provide a preliminary overview of the reasons for the NOTICE UNDER RULE 5.1 FOR CONSTITUTIONAL CHALLENGE OF PATENT INFRINGEMENT DUE PROCESS.

Dated: September 29, 2010                    Respectfully submitted,

By: _____
Thomas L. Gambaro
Email: thom.gambaro@gmail.com
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on September 29, 2010, a true copy of the foregoing **DECLARATION OF THOMAS L. GAMBARO SUPPORTING MOTION FOR PART SUMMARY JUDGMENT** was served to the following counsel by hand delivery, electronic filing via e-mail with electronic signature and first class mail:

**James L. Buchal,** OSB 921618
jlbuchal@mbllp.com
**Murphy & Buchal LLP**
2000 SW First Avenue, Suite 420
Portland, OR 97201
Tel: 503-227-1011x3
Fax: 503-227-1034  Attorney for Defendant Motionless Keyboard Company

**Susan D. Marmaduke,** OSB 841458
susan.marmaduke@harrang.com
**Sivhwa Go,** OSB 033252
hwa.go@harrang.com
**HARRANG LONG GARY RUDNICK P.C.**
1001 SW FIFTH AVENUE, 16TH FLOOR
PORTLAND, OREGON 97204
Telephone: 503-242-0000
Facsimile: 503-241-1458

**William A. Brewer III,** *Admitted Pro Hac Vice*
wab@bickelbrewer.com
**Michael J. Collins,** *Admitted Pro Hac Vice*
mjc@bickelbrewer.com
**Farooq A. Tayab,** *Admitted Pro Hac Vice*
fat@bickelbrewer.com
**BICKEL & BREWER**
4800 Commercial Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone: 214-653-4000
Fax: 214-653-1015  Attorneys for Plaintiff FLIR Systems, Inc.

Respectfully submitted,

September 29, 2010 By: _____
Thomas L. Gambaro
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com