

**Thomas L. Gambaro**
Email: thom.gambaro@gmail.com
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589

FILED'10 11 19 9 51USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FLIR SYSTEMS, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS L. GAMBARO, an individual; and MOTIONLESS KEYBOARD COMPANY, an Oregon corporation<br><br>Defendants. | Case No. CV 10-0231-BR<br><br><br>**DEFENDANT OPPOSITION TO SAITEK REPLY FOR MOTION TO UNSEAL PROTECTIVE ORDER**<br><br><br>**DEMAND FOR JURY TRIAL** |

### DEFENDANT OPPOSITION TO SAITEK REPLY

The Defendant THOMAS L. GAMBARO, an individual and the founder of Motionless Keyboard Company respectfully indicates there is no merit to the opposition of Saitek Industries Ltd. represented by Joseph W. Price to the motion of Defendant to allow the unsealing of protective order files for *Motionless Keyboard Company v Microsoft Corporation et al.* Mr. Price is just not informed as to additional developments after the appeal to the case at the United States Court of Appeals for the Federal Circuit.

**DEFENDANT OPPOSITION TO SAITEK REPLY FOR MOTION TO UNSEAL**
**PROTECTIVE ORDER**                                                                Pg 1 of 5

Mr. Price states "Mr. Gambaro has provided no evidence as to why he requires access to Saitek's documents produced under a Protective Order." Mr. Price is familiar with the incident entered in evidence by the Defendant PEC Exhibit 06 previously filed shown in Exhibit A that is the front page of The Oregonian newspaper for Tuesday May 8, 2007. There is a very inaccurate report of an accident that was not a fire but a spontaneous combustion of the same chemicals found in the now common energy saving light bulb during the process of following the process of a U.S. Patent to produce an alloy metal that would dissolve Water ($H_2O$) and release Hydrogen ($H_2$) that might have been practical to provide a solid fuel that could be transported and used in automobiles with water as fuel instead of gasoline currently in use.

Mr. Price at the time was representing Saitek Industries in the appeal of the patent infringement case however he must not have followed the aftermath of the incident or he would have known all property including Motionless Keyboard Company archives were loaded into Exhibit B and Exhibit C Drop Box R2 162 ML and illegally transported by the individuals shown in Exhibit G and the entire contents of the 2014 S.E. 12th Garage were buried in cement in Arlington Oregon. Mr. Price incorrectly assumes that "Any documents in the possession of his attorney James Buchal that were created by Mr. Gambaro and produced to Defendants are obviously already available to Mr. Gambaro. Mr. Price would not have made this statement if he knew the additional developments resulting from the May 8, 2007 incident. Defendant has provided a reason he requires access to the Protective Order files. Two file cabinets of research documents including the U.S. Patent 5,332,322 certificate at issue in this case and more than 200 CD archive

**DEFENDANT OPPOSITION TO SAITEK REPLY FOR MOTION TO UNSEAL
PROTECTIVE ORDER                                                    Pg 2 of 5**

records with the complete financial records of Motionless Keyboard Company. There were also Exhibits for the ongoing case on appeal including the infamous "Cherry Model Number Five" that was in the patent infringement case, that is now one of the prototype models buried in Arlington Oregon. As I recall there were some twenty CD recordings made of the documents produced during discovery and these are no longer in the possession of Defendant Gambaro as these have been buried in 2007. This is a reason and the evidence is provided to confirm the facts to justify unsealing the Protective Order documents in the possession of James Buchal the attorney for Motionless Keyboard Company. These Protective Order documents were all lost after the accident.

Mr. Price makes mention of an amount of money for costs in the amount of $4,689,09 that he alleges Saitek is entitled that misrepresents the amount awarded by Judge Aiken in the last paragraph CONCLUSION of Exhibit B page 10 of 10 that is $4,849.65. The award of costs granted by Judge Aiken. Mr. Price overlooks the statement made in Saitek Exhibit B page 7 of 10 in the last sentence of the last paragraph that is quoted as, "However, if defendants prevail on the appeal, they then may seek costs for the hearing transcript." In fact the Defendant Saitek did not prevail in the appeal as the invalidity of U.S. Patent No. 5,332,322 was overturned. Mr. Price failed to submit any motion for costs from the appeal and the Defendant Gambaro is quite confident Saitek Industries paid his fees and any expenses associated with his representation of Saitek and no amount is believed due as the costs were awarded against Motionless Keyboard Company and not U.S. Patent 5,332,322 as Mr. Price alleges in his statement: "These costs are a proper lien on the only assets of MKC, namely the patents at issue." This statement is not supported

by any facts in the case and Defendant Gambaro is not aware of any lien granted against the U.S. Patent 5,332,322 that was not the "only known asset of MKC". Mr. Price overlooks the asset of the "Cherry Model Number Five" that has an appraised value of $250,000 dollars and U.S. Patent 5,178,477 was also an asset of MKC along with four other issued patents. The fact that Mr. Price alleges the lien is against the patents at issue is further discredited by Saitek Exhibit A on page 1 of 1 where the "patents at issue" were sold to the Defendant Gambaro on May 20, 2005 that was prior to the award of costs by Judge Aiken made on August 4, 2005. Mr. Price is in error that there are any liens by Saitek against U.S. Patent 5,332,322 at issue in this case. There are no merits to any of the arguments to oppose unsealing of the Protective Order releasing the documents to the custody of Defendant Gambaro. Granting the motion to unseal would be in effect returning my property. A further reason to allow the unsealing of the Protective Order files is that discovery has been stayed in this case and there may be documents in the Protective Order files the Defendant Gambaro might use in his defense. This reply may be considered a declaration of Thomas L. Gambaro under penalty of perjury that the statements made herein are accurate on information and belief.

Respectfully submitted,

November 19, 2010    By: _____
Thomas L. Gambaro
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 19, 2010, a true copy of the foregoing **DEFENDANT OPPOSITION TO SAITEK REPLY FOR MOTION TO UNSEAL PROTECTIVE ORDER** was served to the following counsel by hand delivery, and/or electronic filing via email with electronic signature.

**James L. Buchal**, OSB 921618
jlbuchal@mbllp.com
**Murphy & Buchal LLP**
2000 SW First Avenue, Suite 420
Portland, OR 97201
Tel: 503-227-1011x3
Fax: 503-227-1034          Attorney for Defendant Motionless Keyboard Company

**Susan D. Marmaduke**, OSB 841458
susan.marmaduke@harrang.com
**Sivhwa Go**, OSB 033252
hwa.go@harrang.com
**HARRANG LONG GARY RUDNICK P.C.**
1001 SW FIFTH AVENUE, 16TH FLOOR
PORTLAND, OREGON 97204
Telephone: 503-242-0000
Facsimile: 503-241-1458

**William A. Brewer III**, *Admitted Pro Hac Vice*
wab@bickelbrewer.com
**Michael J. Collins**, *Admitted Pro Hac Vice*
mjc@bickelbrewer.com
**Farooq A. Tayab**, *Admitted Pro Hac Vice*
fat@bickelbrewer.com
**BICKEL & BREWER**
4800 Commercial Bank Tower
1717 Main Street
Dallas, TX 75201-4612
Telephone: 214-653-4000
Fax: 214-653-1015

**Joseph W. Price**
jprice@swlaw.com
**SNELL & WILMER LLP**
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7420
Facsimile: (714) 427-7799

*Attorneys for*
*Defendant Saitek Industries Ltd.*

Attorneys for Plaintiff FLIR Systems, Inc.

Respectfully submitted,

November 19, 2010   By: *[signature]*
Thomas L. Gambaro
P.O. Box 14741
Portland, Oregon 97293-0741
Telephone: 503-544-0589
Email: thom.gambaro@gmail.com