**Susan D. Marmaduke**, OSB 841458
E-mail: susan.marmaduke@harrang.com
**Sivhwa Go**, OSB 033252
E-mail: hwa.go@harrang.com
HARRANG LONG GARY RUDNICK P.C.
1001 S.W. Fifth Avenue, 16th Floor
Portland, Oregon 97204
Telephone: (503) 242-0000
Facsimile: (503) 241-1458

**William A. Brewer, III**, *Admitted Pro Hac Vice*
E-mail: wab@bickelbrewer.com
**Michael J. Collins**, *Admitted Pro Hac Vice*
E-mail: mjc@bickelbrewer.com
**Farooq A. Tayab**, *Admitted Pro Hac Vice*
E-mail: fat@bickelbrewer.com
BICKEL & BREWER
4800 Comerica Bank Tower
1717 Main Street
Dallas, Texas 75201-4612
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
Attorneys for Plaintiff FLIR Systems, Inc.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **FLIR SYSTEMS, INC.**, an Oregon corporation,<br><br>           Plaintiff,<br><br>   vs.<br><br>**THOMAS L. GAMBARO**, an individual d/b/a **PATENT ENFORCEMENT COMPANY**; **MOTIONLESS KEYBOARD COMPANY**, an Oregon corporation,<br><br>           Defendants.<br>_____ | Civil No.: 3:10-cv-00231-BR<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY** |

PAGE 1 -   **PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY**

Plaintiff FLIR Systems, Inc. ("FLIR") files this Response to Defendant Motionless Keyboard Company's Motion to Dismiss, or, in the alternative, for Summary Judgment (the "Motion"), as follows:

## I.

## **PRELIMINARY STATEMENT**

For months defendants Thomas L. Gambaro ("Gambaro") and his company, Motionless Keyboard Company ("MKC") (together, "Defendants"), accused certain of FLIR's products (the "Accused Devices") of infringing United States Patent No. 5,332,322 (the "'322 Patent") and, on that basis, threatened to sue FLIR. In order to put to rest Defendants' meritless accusations, FLIR initiated this action on March 1, 2010, and sought declarations that: (1) FLIR does not infringe the '322 Patent; (2) the '322 Patent is invalid; and (3) the '322 Patent is unenforceable because of Defendants' patent misuse. *See* Complaint for Declaratory Judgment of Non-Infringement and Invalidity of Patent (Dkt. No. 1) ("Original Complaint") at ¶¶ 22-27, 31-33. In addition, FLIR has pleaded a claim for attorneys' fees under 35 U.S.C. § 285 based on Defendants' patent misuse and bad faith. *See* First Amended Complaint for Declaratory Judgment of Non-Infringement and Invalidity of Patent (Dkt. No. 15) ("Amended Complaint") at ¶¶ 33-39.

MKC now seeks to dismiss FLIR's claims based on the erroneous assertion that it has not, at any relevant time, had an interest in the '322 Patent. That contention is based on a concise statement of material facts consisting of three assertions: (1) "MKC at no relevant time held the '322 patent at issue in this action;" (2) "MKC was at all relevant times a dissolved corporation;" and (3) "MKC has no assets, and Mr. Gambaro was the only recipient of assets in its dissolution." Defendant Motionless Keyboard's Concise Statement of Material Facts in

PAGE 2 -    **PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

Support of its to Motion to Dismiss, or, in the Alternative, for Summary Judgment (Dkt. No. 94). Those contentions are without merit.

<u>First</u>, MKC's legal conclusion as to what period of ownership is "relevant" for purposes of FLIR's claims against it is erroneous and MKC has failed to show there is no genuine issues of fact as to when it transferred ownership to Gambaro.  <u>Second</u>, MKC misunderstands what the relevant period is and the legal significance of corporate dissolution.  <u>Third</u>, the potential difficulty in collecting a money judgment against a party is not a basis for dismissal of claims against it.  Accordingly, the Motion should be denied.

## II.

## FACTUAL BACKGROUND

A.  <u>MKC Accuses FLIR Of Infringing The '322 Patent.</u>

On behalf of MKC, Gambaro sent FLIR an e-mail on November 3, 2009, alleging that "FLIR may have used U.S. Patent No. 5,332,322 . . . in the FLIR B-Series products and use of the IP may extend as far back as five years." Declaration of William E. Powell III in Support of Plaintiff's Response to Motionless Keyboard Company's Concise Statement of Material Facts in Support of its to Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Powell Declaration"), Exhibit 1 (E-mail from Thomas L. Gambaro to William E. Powell III, FLIR Systems, Inc., dated November 3, 2009). FLIR, based in part on application of this Court's construction of the '322 Patent claims in *Motionless Keyboard Co. v. Microsoft Corp.*, No. Civ. 04-180-AA, 2005 WL 1113818, at *19 (D. Or. May 6, 2005) (the "Microsoft Matter"), which was upheld by the Federal Circuit (*See Motionless Keyboard Co. v. Microsoft Corp.*, 486 F.3d 1376, 1380-82 (Fed. Cir. 2007)), notified Defendants on November 11, 2009, that none of its Accused Devices infringe the '322 Patent. *See* Powell Declaration, Exhibit 2 (Letter from

PAGE 3 - **PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

William Powell III, FLIR Systems, Inc. to Thomas L. Gambaro, Motionless Keyboard Company, dated November 11, 2009).

On November 18, 2009, however, Defendants: (1) reasserted the allegation that "FLIR created a situation with Motionless Keyboard Company three to five years ago when it used for commercial profit the intellectual property of U.S. Patent No. 5,332,322"; and (2) stated that the prior judicial construction of the claims of the '322 Patent had "no basis in physical reality" and "the previous rulings of the District Court and Federal Court will crumble when the actual evidence of the physical embodiments is brought to light." *Id.*, Exhibit 3 (Letter from Thomas L. Gambaro, Motionless Keyboard Company to William E. Powell, FLIR Systems, Inc., dated November 18, 2009). Shortly thereafter, Defendants demanded that FLIR pay to settle their alleged infringement of the '322 Patent, and notified FLIR that Defendants had retained counsel to negotiate "a settlement agreement between our companies." *Id.*, Exhibit 4 (Letter from Thomas L. Gambaro, Motionless Keyboard Company to William E. Powell III, FLIR Systems Inc., dated November 23, 2009); *id.*, Exhibit 5 (Letter from Thomas L. Gambaro, Motionless Keyboard Company to William E. Powell III, FLIR Systems, Inc., dated December 7, 2009). FLIR, however, informed Defendants that, because the Accused Devices do not infringe the '322 Patent, it was not interested in discussing a settlement. *See* Declaration of Farooq A. Tayab in Support of Plaintiff's Response to Motionless Keyboard Company's Concise Statement of Material Facts in Support of its to Motion to Dismiss, or, in the Alternative, for Summary Judgment ("Tayab Declaration"), Exhibit 1 (Letter from William Brewer III, Bickel & Brewer to Thomas L. Gambaro, Motionless Keyboard Company, dated December 29, 2009). Defendants responded by stating that: (1) they were "currently viewing the pattern of conduct of FLIR Systems, Inc. as a threat like an act of domestic technological terrorism . . . [f]urther dishonesty

PAGE 4 -  **PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

on the part of FLIR Systems, Inc. representatives may expand the scope of what could become a jury trial and possibly a test case that may be known as *Motionless v. FLIR, et all*;" and (2) that unless the matter is settled in two weeks, they would proceed with "additional steps to resolve this situation that may cost FLIR millions."  *Id.*, Exhibit 2 (Letter from Thomas L. Gambaro, Motionless Keyboard Company to William Brewer III, Bickel & Brewer, dated January 15, 2010); *id.*, Exhibit 3 (Letter from Thomas L. Gambaro, Motionless Keyboard Company to William Brewer III, Bickel & Brewer, dated February 14, 2010).

As a result of Defendants' repeated threats, FLIR filed this action on March 1, 2010.  *See* Original Complaint.

**B.    MKC Owned The '322 Patent During The Relevant Time Period.**

The '322 Patent was issued to Gambaro on July 26, 1994, and was assigned to MKC on September 17, 1997.  *See* Tayab Declaration, Exhibit 4 ('322 Patent); *id.*, Exhibit 5 (Patent Assignment Abstract).  MKC remained the record owner of the '322 Patent until March 31, 2010, when it assigned the '322 Patent to Patent Enforcement Company—Gambaro's assumed business name.  *See* Declaration of James L. Buchal (Dkt. No. 84) ("Buchal Declaration") Exhibit 3 (Patent Assignment Abstract); Tayab Declaration, Exhibit 6 (Letter from Thomas L. Gambaro, Motionless Keyboard Company to William Brewer III, Bickel & Brewer; William E. Powell III, FLIR Systems, Inc.; and Christopher Lewis, Schwabe, Williamson, & Wyatt, dated March 31, 2010) ("The U.S. Patent No. 5,332,322 has been transferred from Motionless Keyboard Company and assigned to PATENT ENFORCEMENT COMPANY effective this date."); Buchal Declaration, Exhibit 2 (Copy of a printout of records from the Oregon Secretary of State reflecting the registration of the name on March 30, 2010); Tayab Declaration, Exhibit 7 (Hearing Tr. 22:6-11).

PAGE 5 -   **PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

## III.

## ARGUMENTS AND AUTHORITIES

MKC asserts that FLIR's claims for: declarations of non-infringement, invalidity, and patent misuse; and an award of attorneys' fees should be dismissed under Federal Rule of Civil Procedure 12(b) or, in the alternative, on summary judgment because (1) MKC had no interest in the '322 Patent at any relevant time; and (2) the threats made by MKC were *ultra vires* because it was administratively dissolved in 2008. *See* Motion at 2 ("Insofar as MKC not longer has or had, at any relevant times, any interest in the patent, all these declarations do not implicate its interests."). Those contentions are without merit.

**A.    The Motion Should Be Denied Because The Evidence Demonstrates That MKC Owned The '322 Patent At Relevant Times.**

MKC's assertion that it should be dismissed because it did not hold the '322 Patent at any relevant time is without merit. In fact, at best for MKC, genuine issues of material fact remain as to whether it owned the '322 Patent at any relevant time.[1]

---

[1] In any event, the Motion is premature because discovery has been stayed in this matter. Accordingly, FLIR has not had an opportunity to depose MKC and Gambaro regarding: (1) the various alleged transfers of ownership of the '322 Patent among themselves; (2) the dissolution; and (3) MKC's assets or the transfer of those assets, much less obtain documents regarding the same. *See* Tayab Declaration at ¶ 3. The self-serving, conclusory declarations of Gambaro and MKC's counsel, therefore, should be given little or no weight. *See* Fed. R. Civ. P. 56(f); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-51 (2000) ("[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'"); *Carlton v. Steele*, 278 Fed. Appx. 352, 354 (5th Cir. 2008) ("To the extent Carlton argues that the testimony of 'interested witnesses' should be met with some skepticism at the summary judgment stage, we agree."); *U.S. v. Real Property Located at 3234 Washington Ave. North, Minneapolis, Minn.*, 480 F.3d 841, 845 (8th Cir. 2007) ("Indeed, if the credibility of a critical *interested* witness is even partially undermined in a material way by the non-moving party's evidence, summary judgment in favor of the party with the burden of proof should be denied.").

PAGE 6 -    **PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

To recover damages for patent infringement, plaintiff must hold legal title to the patent at the time of the infringement. *See Seiko Epson Corp. v. Print-Rite Holdings, Ltd.*, No. CV 01-500-BR, 2005 WL 1231240, *2 (D. Or. May 23, 2005) ("Generally, one seeking money damages for patent infringement must have held legal title to the patent at the time of the infringement.") (quoting *Rite-Hite Corp. v. Kelley Co., Inc.,* 56 F.3d 1538, 1551 (Fed. Cir. 1995)). Indeed, a subsequent assignee may neither maintain an action in its own name nor be joined with the patentee. *See McNulty v. Taser Intern.*, Inc., No. SACV 01-395-DOC, 2002 WL 257860, *2-3 (C.D. Cal. Feb. 4, 2002).

The relevant time period is from at least 2004—when Defendants contend FLIR began infringing the '322 Patent—through January 12, 2010, when the '322 Patent expired. *See* Powell Declaration, Exhibit 3 ("FLIR created a situation with Motionless Keyboard company three to five years ago when it used for commercial profit the intellectual property of U.S. Patent No. 5,332,322."); Tayab Declaration, Exhibit 8 at 1 (Patent Abstract) ("The portion of the term of this patent subsequent to January 12, 2010 has been disclaimed."). In fact, MKC admits that it owned the '322 Patent through beyond May 2005,[2] and until at least October 6, 2006. *See* Tayab Declaration, Exhibit 5; Buchal Declaration at ¶ 2; Gambaro Declaration at ¶ 2. Moreover, there is evidence that MKC owned the '322 patent from 1997 until March 31, 2010. *See* Buchal Declaration, Exhibits 2, 3; Tayab Declaration, Exhibits 6, 7. MKC and Gambaro have

---

[2] Gambaro claims that on an unspecified date after May 2005, MKC transferred the '322 Patent to Gambaro, but MKC has represented that the alleged assignment was voided. *See* Tayab Declaration, Exhibit 9 (Microsoft Matter Opening Brief of Plaintiff-Appellant, Motionless Keyboard Company filed on October 6, 2006) ("In an attempt to prosecute this appeal pro se, the inventor purchased the patents from MKC for nominal consideration. In the wake of this Court's ruling [ON August 5, 2005] that the inventor could not prosecute the appeal, the inventor and MKC agreed to void that transaction."); *see also* Buchal Declaration at ¶ 2.

PAGE 7 - **PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

repeatedly accused FLIR of infringing the '322 Patent since 2004 and, in fact, threatened to sue FLIR for infringing the patent.  *See* Powell Declaration, Exhibits 1, 3, 4, 5; Tayab Declaration, Exhibits 2, 3.  Defendants, therefore, alleged that FLIR infringed the '322 Patent during periods in which it was owned by MKC.  MKC, therefore, is a proper defendant to Plaintiff's claims for declaratory relief.  *See, e.g., Seiko Epson Corp. v. Print-Rite Holdings, Ltd.*, No. CV 01-500-BR, 2005 WL 1231240, *2 (D. Or. May 23, 2005).  Accordingly, at best for MKC, genuine issues of material fact exist concerning whether MKC owned the '322 Patent at any relevant time.

B.   **The Motion Should Be Denied Because The Dissolution Of MKC Does Not Bar This Action.**

MKC asserts that it should be dismissed because the threats made by Gambaro on MKC's letterhead were *ultra vires* as MKC had previously been dissolved.  That contention is without merit because dissolution of a company does not prevent:  (1) it from collecting its assets; (2) commencement of a proceeding by or against the dissolved company; or (3) enforcement of a claim against the dissolved company.  *See* O.R.S. § 60.637(1) ("A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:  (a) Collecting its assets; (b) Disposing of its properties that will not be distributed in kind to its shareholders; (c) Discharging or making provision for discharging its liabilities; (d) Distributing its remaining property among its shareholders according to their interests; and (e) Doing every other act necessary to wind up and liquidate its business and affairs"); O.R.S. § 60.637(2) ("Dissolution of a corporation does not . . . (e) Prevent commencement of a proceeding by or against the corporation in its corporate name"); O.R.S. § 60.645 ("A claim against a dissolved corporation that is not barred under ORS 60.641 or 60.644 may be enforced:  (1) Against the dissolved corporation to the extent of its

PAGE 8 -   **PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

undistributed assets."). Post-dissolution, therefore, MKC was permitted to, among other things: (1) collect its assets; (2) do every act necessary to wind up its business; and (3) commence litigation in its own name. *See* O.R.S. § 60.637. As set forth above: (1) Defendants allege that FLIR has infringed the '322 Patent since 2004; and (2) any claim for infringement that arose while MKC owned the '322 is an asset of MKC. Contrary to MKC's assertions,[3] MKC's dissolution does not prevent FLIR from commencing and maintaining this action. *See* O.R.S. § 60.637; O.R.S. § 60.645. Accordingly, the Motion should be denied.[4]

## IV.

## FLIR'S OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MKC

1. FLIR objects to the first sentence of paragraph 4 of the Declaration of James L. Buchal ("Buchal Declaration") because it is not, as required by FED. R. CIV. P. 56(e) and FED. R. EVID. 602, based on personal knowledge; it is based on Buchal's "understanding" which is apparently based on hearsay.

2. FLIR objects to paragraphs 5 and 6 of the Buchal Declaration because they are irrelevant and based on speculation rather than personal knowledge as required by FED. R. CIV. P. 56(e) and FED. R. EVID. 602. Moreover, any alleged settlement discussions are inadmissible under FED. R. EVID. 408.

---

[3] MKC does not, nor could it, assert that Gambaro lacked actual or apparent authority on behalf of MKC to threaten to sue FLIR for allegedly infringing the '322 Patent. *See, e.g.*, Plaintiff's Concise Statement of Material Facts In Support of Plaintiff's Motion for Partial Summary Judgment that Defendants Thomas L. Gambaro and Patent Enforcement Company Are Bound by the Rulings in the Prior Action, at 4, 8, 14.

[4] MKC correctly notes that the parties have engaged in settlement discussions, but its insinuation as to FLIR's motives are without basis. In fact, although the parties have not reached an agreement on settlement terms, those discussions are ongoing.

PAGE 9 - **PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

3. FLIR objects to paragraph 2 of the Declaration of Thomas L. Gambaro ("Gambaro Declaration") because the assertions therein are self-serving, conclusory, and contradicted by other evidence submitted by Motionless Keyboard Company. *See, e.g.,* Tayab Declaration, Exhibit 5; Buchal Declaration, Exhibit 3.

4. FLIR objects to paragraph 5 of the Gambaro Declaration because it is irrelevant.

5. Finally, FLIR objects to the Gambaro and Buchal Declarations because discovery has been stayed and, therefore, FLIR has not had an opportunity to depose Gambaro or MKC much less obtain documents concerning among other things: (1) the various alleged transfers of ownership of the '322 Patent among themselves; (2) the dissolution; and (3) MKC's assets or the transfer of those assets. *See* Tayab Declaration at ¶ 3.

## V.

## CONCLUSION

For all the foregoing reasons, the Motion should be denied and Plaintiff granted all other relief to which it is entitled.

PAGE 10 - PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

DATED this 22nd day of November, 2010.

**HARRANG LONG GARY RUDNICK PC**

Susan D. Marmaduke, OSB 841458
susan.marmaduke@harrang.com
Sivhwa Go, OSB 033252
hwa.go@harrang.com
Telephone:  (503) 242-0000
Facsimile:  (503) 241-1458

**BICKEL & BREWER**

By:     /s/ Farooq A. Tayab
William A. Brewer, III, *Admitted Pro Hac Vice*
Michael J. Collins, *Admitted Pro Hac Vice*
Farooq A. Tayab, *Admitted Pro Hac Vice*
1717 Main Street, Suite 4800
Dallas, Texas 75201
Telephone:  (214) 653-4000
Facsimile:  (214) 653-1015

Of Attorneys for Plaintiff FLIR Systems, Inc.

PAGE 11 -   **PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR , IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND OBJECTIONS TO THE DECLARATIONS SUBMITTED BY MOTIONLESS KEYBOARD COMPANY**

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*

# CERTIFICATE OF SERVICE

I certify that on November 22, 2010, I served or caused to be served a true and complete copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT MOTIONLESS KEYBOARD COMPANY'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT on the party or parties listed below as follows:

|  |  |
|---|---|
| _____ | Via CM / ECF Filing |
| ☑ | Via First Class Mail, Postage Prepaid |
| _____ | Via Email |
| _____ | Via Personal Delivery |

| | |
|---|---|
| Thomas L. Gambaro<br>individually and dba<br>Patent Enforcement Company<br>and Motionless Keyboard Company<br>P.O. Box 14741<br>Portland, OR 97293<br><br>Defendants *Pro Se* | James M. Buchal, Esq.<br>Murphy & Buchal<br>2000 SW 1st Avenue, Suite 420<br>Portland, OR 97201<br><br>Counsel for Defendant Motionless Keyboard Company |

**BICKEL & BREWER**

By:   /s/ Farooq A. Tayab
    William A. Brewer, III, *Admitted Pro Hac Vice*
    Michael J. Collins, *Admitted Pro Hac Vice*
    Farooq A. Tayab, *Admitted Pro Hac Vice*
    1717 Main Street, Suite 4800
    Dallas, Texas 75201
    Telephone: (214) 653-4000
    Facsimile: (214) 653-1015

Attorneys for Plaintiff FLIR Systems, Inc.

PAGE 12 -   **CERTIFICATE OF SERVICE**

5229542.32
2069-06

*Harrang Long Gary Rudnick P.C.*
*1001 SW Fifth Ave., 16th Floor*
*Portland, OR 97204*
*Telephone: (503) 242-0000*
*Facsimile: (503) 241-1458*