

Thom Gambaro
<thom.gambaro@gmail.com>

03/29/2011 08:33 PM

To Bonnie_Boyer@ord.uscourts.gov

cc James Buchal <jbuchal@mbllp.com>, Susan MARMADUKE <Susan.MARMADUKE@harrang.com>

bcc

Subject Letter to Judge Brown

1 attachment

Dear Anna J. Brown.pdf

Hi Bonnie Boyer,

Please forward this file to Judge Brown.

Thank you.

Thom Gambaro
Defendant Pro Se

March 29, 2011

Dear Anna J. Brown,

I trust this finds you well. There are three additional arguments that may have been overlooked regarding Plaintiff's pending motion (#86) for Partial Summary Judgment directed toward resolving whether Judge Aiken's rulings in the Motionless Keyboard matter are binding as to Gambaro in this matter.

The first argument is associated with the idea of embodiment keytops that may or may not extend above the enclosed area of the concavity in the housing. The Aiken ruling stated the keytops must be below the level of the concavity on the inside of the concavity. For this reason Microsoft, Saitek and Nokia were allowed to walk away as if they were not infringing the '322 patent.

This ruling was and is invalid because it overlooks the key element of ergonomics at issue in the case and the spirit of the '322 patent that is the dynamic interaction of the thumb within the physical embodiment. In Claim One this is specified in the second section of Claim One as "a housing having a grippable portion which permits the device to be held in one hand **with the thumb free to move at least temporarily** to a predetermined key-actuation position while the device is held,"

The Aiken ruling adds a limitation to the '322 patent that was never specified. The application of the Ailen ruling is that the **thumb is not free to move** because it can only activate keys with keys completely inside the concavity. This invalidates the role of the thumb dexterity in the overall function of the '322 patent because the thumb movements determine the ergonomics of the '322 patent claims. The physical embodiment of the housing is not the key element of the '322 patent but the Aiken ruling extended an undue importance to the physical attributes of the keytops being above or below the concavity.

All of the keytops and all of the keys forming a keyboard within the concavity in the accused Microsoft, Saitek and Nokia devices were all within the scope of the dexterity of the thumb in each accused product. The Aiken ruling overlooked apparently this simple analogy and all judges to date overlooked an actual understanding of the '322 patent.

The second (perhaps overlooked but obvious fact) is that nowhere in the Aiken ruling is there any reference to any evidence presented by Motionless Keyboard Company, so in effect of this is it could be said that Motionless Keyboard Company did not meet it's burden of proof because there seems to be no evidence in the Aiken rulings that any of the Motionless Keyboard evidence was ever considered. So far this seems to be the fate of the Defendant Pro Se as the rulings in this case seem to overlook all evidence in the record.

Perhaps this will change and the evidence in the record now that is contained in the claim charts may yet see the light of day.

The third reason the Aiken ruling could not apply to the Defendant Pro Se, is that during the course of securing counsel to appeal the Aiken rulings in the Microsoft et al case one of the attorney's that considered taking the case for appeal at one point of the meeting to review the case asked "Who is the judge in this case?" I replied Judge Ann Aiken. He replied, "She is a dirty judge." He proceeded to educate the Defendant Pro Se on how a favorable ruling could be obtained. It involved the college fund for Judge Aiken's four boys and financial contributions that could be made for a favorable ruling. The attorney who made the Defendant Pro Se agree not to disclose his name provided additional details that all proved to be accurate on the progression of the case. Judge Aiken is known in the legal community to not do well with technical issues. She may have a vast knowledge of the law but not technical expertise that ever reached a level great enough in the '322 patent to make an informed ruling on the issues.

This is one of the protests of the Defendant Pro Se regarding the validity of the Aiken ruling and my view of the basic flaw in the current legal system in patent cases. It should be a requirement that the judge evaluating a patent infringement case have an established background of technical expertise with sufficient "skill in the art" of the patent in review to make a coherent ruling. This process should take place where the patent was issued that is the Patent and Trademark Office before a case ever comes to a Federal Court.

The more you as the judge in this case support the ruling of Judge Aiken, the more my point is made, that due process of law is violated when the ruling is born from a judge without sufficient "skill in the art" to make a coherent ruling. We have wasted over a year on an invalid ruling. The more we disagree the more this becomes a case to revise the patent laws. It is okay that we disagree and the Defendant Pro Se will await your future ruling hopefully before my patents all expire.

Included is a quote from Document 126 in this case:

The Court hereby issues its final warning to Gambaro. Any further violations of this Court's orders, including its case-management orders, will be sanctioned to include the possibility of striking Gambaro's Answer and permitting Plaintiff Flir to proceed to a judgment in this matter without Gambaro's participation.

**Civil Minutes**
**Hon. Anna J. Brown** (CivilMO blank.wpd)
Case 3:10-cv-00231-BR Document 126 Filed 03/25/11 Page 1 of 2 Page ID#: 1355

The Defendant Pro Se does not consider the statement of the Court to be a "final warning" but more accurately a threat of tyranny to the Constitutionally assured rights of a natural born citizen of the United States. The Defendant Pro Se is outraged that these measures were even considered to the point of including them in an order. DO NOT THREATEN ME AGAIN IN WRITING. I do not take kindly to threats in any form.

I never wanted this case as it should have been settled out of court and the Defendant Pro Se has only done the best he could to defend myself. Perhaps this Defendant Pro Se is proof that representing yourself brings with it the possibility you have a fool for a client.

I have obligations to my biodiesel plantation in Mexico that may take me out of the U.S. around June for an extended period of time and I may not be available in any event when you specify I must appear. Since the Defendant Pro Se has not been allowed the to speak for the most part there is little reason to be there at all. You may just forward the transcript. If you do not want the Defendant Pro Se to appear or speak fine just order it. I will look forward to that order as is will assure a case to go to the Court of Appeals for the Federal Circuit. One more step toward changing the patent laws so a little guy will have a fighting chance against a corporation. The report from a patent attorney in Houston is that FLIR paid Bickel and Brewer between $1.5 million to $2.5 million plus expenses to handle this case. Many times more than my settlement demands based on estimated sales and FLIR came into this case with a thin defense in the first place.

That is really what I am protesting the most. Every day this case goes on unresolved is one more day FLIR is stealing legally due royalties according to the established patent laws. The evidence is now in the record, in my view, that is clear and convincing that there could be no doubt FLIR has infringed the '322 and '071 patents. Any other ruling to the contrary of patent infringement will be appealed.

In conclusion the statement: **"striking Gambaro's Answer and permitting Plaintiff Flir to proceed to a judgment in this matter without Gambaro's participation."** Is considered by the Defendant Pro Se as an atrocity to the judicial system to even suggest such a thing. This statement is viewed as an act of Judicial Terrorism?

This is however proving to be a very educational exercise. The Court may order that Gambaro is bound by the Aiken ruling, but Gambaro will never agree to the Aiken ruling based on the above three arguments. The Aiken ruling is FRAUD pure and simple.

The Defendant Pro Se, hereafter awaits in silence, the further orders from this court.

                              Sincerely,

                              *[signature]*

                              Thomas L. Gambaro
                              Defendant Pro Se

cc. James Buchal, Susan Marmaduke