IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


FLIR SYSTEMS, INC.,                          10-CV-231-BR

        Plaintiff,

                                             OPINION AND ORDER
v.

MOTIONLESS KEYBOARD COMPANY,
an Oregon corporation, and
THOMAS L. GAMBARO, an
individual,

        Defendants.


FAROOQ A. TAYAB
MICHAEL J. COLLINS
WILLIAM A. BREWER, III
Bickel and Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201
(214) 653-4000


SUSAN D. MARMADUKE
SIVHWA GO
Harrang Long Gary Rudnick, PC
1001 S.W. Fifth Avenue, Suite 1650
Portland, OR 97204-1116
(503) 242-0000

        Attorneys for Plaintiff


1   -   OPINION AND ORDER

**THOMAS L. GAMBARO**
P.O. Box 14741
Portland, OR 97293
(503) 544-0589

       Defendant, *Pro Se*

**JAMES L. BUCHAL**
Murphy & Buchal, LLP
2000 S.W. First Avenue, Suite 320
Portland, OR 97201
(503) 227-1011, ext. 2

       Attorneys for Defendant Motionless Keyboard Company


**BROWN, Judge.**

    This matter comes before the Court on the Motion (#82) of
Defendant Motionless Keyboard Company (MKC) to Dismiss or, in the
Alternative, for Summary Judgment and on the Motion (#86) for
Partial Summary Judgment of Plaintiff Flir Systems, Inc.  The
Court has jurisdiction over this matter pursuant to 28 U.S.C. §
1331.

    For the reasons that follow, the Court **DENIES** MKC's Motion
(#82) to Dismiss or, in the Alternative, for Summary Judgment and
**GRANTS** Flir's Motion (#86) for Partial Summary Judgment.


### PROCEDURAL BACKGROUND

    On March 1, 2010, Plaintiff filed its Complaint in response
to several letters from Defendant Thomas L. Gambaro (issued on
MKC letterhead) asserting numerous instances of Plaintiff's

2  -   OPINION AND ORDER

alleged infringement of United States Patent No. 5,332,322 ('322 Patent).  On April 29, 2010, Plaintiff filed its Amended Complaint (#15) in which Plaintiff seeks a declaration by this Court that Plaintiff has not infringed the '322 Patent, that the '322 Patent is invalid, and that the '322 Patent is unenforceable due to patent misuse.

On April 8, 2010, Gambaro filed an Answer (#11) on behalf of himself (*i.e.,* appearing *pro se*) and on behalf of MKC.  On April 29, 2010, Flir filed a Motion (#14) to Strike the Answer with respect to MKC on the ground that a corporation must be represented by an attorney in federal court.  At a hearing on that Motion, the Court granted the Motion to Strike with respect to MKC and informed Gambaro that MKC must be represented by counsel to defend itself in this matter.  On August 12, 2010, attorney James L. Buchal filed an appearance on behalf of MKC.  On September 17, 2010, MKC filed its Motion to Dismiss or, in the Alternative, for Summary Judgment and Plaintiff filed its Motion for Partial Summary Judgment.

On January 12, 2011, the Court heard argument on, *inter alia*, MKC's Motion to Dismiss and Flir's Motion for Partial Summary Judgment.  At the hearing, the Court directed the parties to confer as to whether MKC should remain as a defendant in this matter and, if not, whether the parties could reach an agreement to dismiss MKC.  The parties, however, could not reach an

agreement, and the Court took both Motions under advisement.

## FACTUAL BACKGROUND

On July 26, 1994, the '322 Patent was issued to Gambaro, an Oregon resident, as the sole inventor.  The '322 Patent covers a hand-grippable device that frees the thumb to actuate keys in multiple and different ways.

MKC was formed in February 1997 as an Oregon corporation in which Gambaro was an officer and a significant shareholder.  On September 17, 1997, Gambaro assigned the '322 Patent to MKC.

On February 9, 2004, MKC filed a complaint in this Court for infringement of the '322 Patent against Microsoft Corporation; Saitek Industries, Ltd.; and Nokia, Inc., No. 04-CV-180-AA (Prior Action).  In the Prior Action, Chief Judge Ann Aiken construed the terms of the '322 Patent.  *See Motionless Keyboard Co. v. Microsoft*, No. 04-CV-180-AA, 2005 WL 1113818, at *13-*20 (D. Or. May 6, 2005).  Chief Judge Aiken's claim construction was upheld on appeal to the United States Federal Circuit Court of Appeals.  *Motionless Keyboard Co. v. Microsoft*, 486 F.3d 1376, 1380-82 (Fed. Cir. 2007).

Although not a party in the Prior Action, Gambaro participated in the proceedings; was deposed in his individual capacity and as a representative of MKC; attended the *Markman* hearing on the claim construction; submitted four declarations,

three affidavits, and numerous additional filings; and also filed
an entry of appearance in the appeal.

Although Gambaro attests MKC was dissolved by a majority
vote of MKC's shareholders in May 2005, MKC was administratively
dissolved by the State of Oregon on  April 11, 2008.

Beginning in November 2009, Gambaro sent several
infringement letters to Flir on MKC letterhead despite MKC's
dissolution.

On March 30, 2010, Gambaro registered the assumed business
name "Patent Enforcement Company" with the State of Oregon.  It
appears on this record that MKC remained the record owner of the
'322 Patent until March 31, 2010, when MKC purportedly assigned
the '322 Patent to Patent Enforcement Company.

The '322 Patent expired on January 12, 2010.


## MKC'S MOTION (#82) TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

MKC seeks to be dismissed as a party in this matter on the
ground that it is a dissolved corporation without any interest in
the '322 Patent, and, therefore, its participation in this matter
is not required.

**I.    Standards.**

> To survive a motion to dismiss, a complaint
> must contain sufficient factual matter,
> accepted as true, to "state a claim to relief
> that is plausible on its face." [*Bell*

> *Atlantic v. Twombly*, 550 U.S. 554,] 570, 127
> S. Ct. 1955.  A claim has facial plausibility
> when the plaintiff pleads factual content
> that allows the court to draw the reasonable
> inference that the defendant is liable for
> the misconduct alleged.  *Id*. at 556. . . .
> The plausibility standard is not akin to a
> "probability requirement," but it asks for
> more than a sheer possibility that a
> defendant has acted unlawfully.  *Ibid*.  Where
> a complaint pleads facts that are "merely
> consistent with" a defendant's liability, it
> "stops short of the line between possibility
> and plausibility of 'entitlement to relief.'"
> *Id*. at 557, 127 S. Ct. 1955 (brackets
> omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell*

*Atlantic v. Twombly*, 550 U.S. 554, 555-56 (2007).  When

considering a motion to dismiss, the court must accept as true

the allegations in the complaint and construe them in favor of

the plaintiff.  *Intri-Plex Tech., Inc. v. Crest Group, Inc.*, 499

F.3d 1048, 1050 n.2 (9th Cir. 2007).  "The court need not accept

as true, however, allegations that contradict facts that may be

judicially noticed by the court." *Shwarz v. United States*, 234

F.3d 428, 435 (9th Cir. 2000)(citations omitted).

    Rule 12(b)(6) provides:

> [When] matters outside the pleading are
> presented to and not excluded by the court,
> the motion *shall* be treated as one for
> summary judgment and disposed of as provided
> in Rule 56, and all parties shall be given
> reasonable opportunity to present all
> material made pertinent to such a motion by
> Rule 56.

    There are two exceptions to this rule:  The court may

consider documents properly attached to the Complaint and documents that are subject to judicial notice because their authenticity cannot be questioned. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## II. Discussion.

MKC maintains it has been a dissolved corporation at all times relevant to this action, has not held title to the '322 Patent, and has not owned any assets.  In particular, MKC argues Gambaro's threats to bring infringement claims against Flir began in 2009 and could not have been made on MKC's behalf because MKC had already been dissolved.  Although MKC asserts any assets of the corporation were transferred to Gambaro when MKC was administratively dissolved by the State of Oregon on April 11, 2008, the Court notes this contention is contradicted by Gambaro's statement that MKC voted to dissolve itself in 2005. In any event, MKC asserts any judgment against MKC would merely amount to a judgment against Gambaro.  Ultimately MKC contends Flir is aware Gambaro cannot afford counsel for MKC and that Flir's motive in opposing MKC's Motion is to obtain a default judgment against MKC.  MKC, therefore, urges the Court to dismiss MKC or, in the alternative, to stay the proceedings against MKC on the ground that MKC will stipulate to be bound by any judgment against Gambaro.

Flir, in turn, contends there are disputes of fact as to the

ownership of the '322 Patent and as to MKC's potential to assert
infringement claims against Flir under the '322 Patent that
preclude dismissal of MKC at this stage of the litigation.  Flir
reiterates the infringement letters it received from Gambaro were
on MKC letterhead and, therefore, Gambaro's letters raise the
specter of claims by MKC against Flir, which Flir seeks to
resolve in this action.  In at least one letter, for example,
Gambaro suggests settling this matter "between our companies."
In addition, Flir notes the letters contain accusations of
infringement of the '322 Patent dating back to late 2004 when MKC
was still in business and the owner of the '322 Patent.
Moreover, in his letter of January 15, 2010, Gambaro informed
Flir that its refusal to settle the matter could lead to a jury
trial and "possibly a test case that may be known as *Motionless
v. FLIR, et all* [*sic*]," suggesting claims by MKC against Flir
exist.

    Despite Gambaro's claim that he acquired the '322 Patent in
an assignment from MKC in 2005 for nominal consideration, Flir
notes MKC's Exhibit 3 in support of its Motion shows MKC as the
assignor of the '322 Patent to Patent Enforcement Company in
March 2010.  Flir also points out that MKC stated in its opening
brief on appeal of the Prior Action to the Federal Circuit that
MKC and Gambaro voided the purported 2005 assignment of the '322
Patent from MKC to Gambaro after Chief Judge Aiken ruled Gambaro

8   -   OPINION AND ORDER

could not intervene in the Prior Action on that basis.  Thus, according to Flir, because Gambaro threatened Flir with patent infringement five years prior to November 2009, disputes of fact remain as to whether MKC was an owner of the '322 Patent during some or all of that period.

Flir emphasizes Oregon law does not prevent lawsuits by or against a dissolved corporation.  Or. Rev. Stat. § 60.637(2)(e) ("Dissolution of a corporation does not . . . [p]revent commencement of a proceeding by or against the corporation in its corporate name.").  See also Or. Rev. Stat. § 60.645.  Thus, Flir contends MKC could lawfully bring claims against Flir even after it was dissolved, and Flir may properly assert claims against MKC in this matter despite it dissolution.

Finally, Flir objects to paragraphs four, five, and six of Buchal's Declaration in support of MKC's Motion for lack of personal knowledge and to paragraphs five and six as inadmissible settlement discussions.  Flir also objects to paragraph two of Gambaro's Declaration as merely self-serving and to paragraph five as irrelevant.  The Court concludes it is not necessary to resolve these objections because this evidence does not alter the Court's conclusion that MKC's Motion should be denied.

The Court notes discovery in this matter has been stayed pending resolution of these Motions, and Flir has not had the opportunity to fully investigate the '322 Patent ownership

issues, the purported transfers of assets between Defendants, or the corporate dissolution of MKC.  Without discovery and depositions, Flir contends it cannot determine whether Gambaro's statements about the dissolution of MKC and the subsequent transfer of the '322 Patent and other MKC assets are true.  In summary, Flir contends it has provided sufficient evidence on this record to warrant a denial of MKC's Motion whether it is considered to be a Motion to Dismiss or a Motion for Summary Judgment.

The Court is satisfied Flir has set out sufficient facts in the record to state a plausible claim for declaratory relief against MKC.  The Court also concludes there are disputes of fact with respect to Flir's action for declaratory relief against MKC concerning, *inter alia*, whether MKC transferred the '322 Patent to Gambaro in 2005 and whether MKC was the owner of the '322 Patent until March 2010.  There are also issues that cannot be resolved conclusively on this record such as the chain of title for the '322 Patent, the nature of MKC's dissolution, and the distribution of MKC's assets on dissolution.  Thus, the Court cannot conclusively determine whether MKC was an owner of the '322 Patent during the period that Gambaro asserts Flir infringed the '322 Patent.  Viewing the evidence in the light most favorable to Flir, as the Court must for purposes of MKC's Motion, the Court concludes Flir has demonstrated at this stage

that disputes of material fact exist that preclude summary judgment.

The Court, therefore, denies MKC's Motion (#82) to the extent that MKC presently seeks the dismissal of MKC as a defendant or seeks summary judgment in MKC's favor.  The same reasoning also leads the Court to conclude that it is premature to grant MKC's alternative request to stay this action against MKC.  Accordingly, the Court denies MKC's alternative Motion to stay as well.


**FLIR'S MOTION (#86) FOR PARTIAL SUMMARY JUDGMENT**

Flir moves for summary judgment on the ground that Gambaro is bound by the preclusive effect of Chief Judge Aiken's claims construction of the '322 Patent in the Prior Action.

**I.    Standards.**

**A.    Summary Judgment.**

"Summary judgment is appropriate . . . if the pleadings, the discovery, disclosure materials on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  *Sprint PCS Assets, L.L.C. v. City of Palos Verdes Estates*, 583 F.3d 716, 720 (9th Cir. 2009)(citing Federal Rule of Civil Procedure 56).  The moving party must show the absence of a dispute as to any material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142,

1146 (9th Cir. 2005).  In response to a properly supported motion
for summary judgment, the nonmoving party must go beyond the
pleadings to show there is a genuine dispute as to a material
fact.  *Id*.

     A fact is in genuine dispute "'if the evidence is such that
a reasonable jury could return a verdict for the nonmoving
party.'"  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054,
1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477
U.S. 242, 248 (1986)).  The court must draw all reasonable
inferences in favor of the nonmoving party.  *Id*.  "Summary
judgment cannot be granted where contrary inferences may be drawn
from the evidence" as to material facts.  *Easter v. Am. W. Fin.*,
381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts
Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594 (9th
Cir. 1982)).

      If the nonmoving party's claims are factually implausible,
however, that party must "come forward with more persuasive
evidence than otherwise would be necessary."  *Wong v. Regents of
Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410
F.3d 1052, 1055 (9th Cir. 2005)(citing *Blue Ridge Ins. Co. v.
Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

**B.  Preclusion.**

     After "an issue is actually and necessarily determined by a
court of competent jurisdiction, that determination is conclusive

in subsequent suits based on a different cause of action
involving a party to the prior litigation." *Montana v. U.S.*, 440
U.S. 147, 153 (1979).

The Supreme Court recently discussed the concept of
preclusion at length in *Taylor v. Sturgell*, 553 U.S. 880 (2008).
In *Taylor* Justice Ginsburg provides significant clarity to this
area of federal common law.  Justice Ginsburg noted the often
confusing lexicon for preclusion and disfavored terms such as
collateral estoppel, direct estoppel, merger, bar, and privity.
*Id*. at 892-94.  The Court defined claim and issue preclusion and
their purposes as follows:

> The preclusive effect of a judgment is
> defined by claim preclusion and issue
> preclusion, which are collectively referred
> to as "res judicata."  Under the doctrine of
> claim preclusion, a final judgment forecloses
> "successive litigation of the very same
> claim, whether or not relitigation of the
> claim raises the same issues as the earlier
> suit." *New Hampshire v. Maine*, 532 U.S. 742,
> 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968
> (2001). Issue preclusion, in contrast, bars
> "successive litigation of an issue of fact or
> law actually litigated and resolved in a
> valid court determination essential to the
> prior judgment," even if the issue recurs in
> the context of a different claim.  *Id.*, at
> 748-749, 121 S. Ct. 1808.  By "preclud[ing]
> parties from contesting matters that they
> have had a full and fair opportunity to
> litigate," these two doctrines protect
> against "the expense and vexation attending
> multiple lawsuits, conserv[e] judicial
> resources, and foste[r] reliance on judicial
> action by minimizing the possibility of
> inconsistent decisions." *Montana v. United
> States*, 440 U.S. 147, 153-154, 99 S. Ct. 970,

59 L. Ed. 2d 210 (1979).

*Id.* at 892.

Here Flir seeks to apply issue preclusion to Gambaro, a party in this matter who was not a party to the Prior Action.  In general, a person who is not a party to an action has not had a full and fair opportunity to litigate the issues in that action and, therefore, is generally not bound by a decision in such a case.  *Id.* at 892-93.  The Supreme Court in *Taylor*, however, set out six categories of exceptions to the general rule that permits preclusion as against nonparties:  (1) a nonparty agrees to be bound by a determination between other parties, (2) a nonparty is bound on the basis of a pre-existing substantive legal relationship between the nonparty and a party to the decision, (3) a nonparty is adequately represented in the prior action, (4) a nonparty is bound by a prior decision if he "assumed control" of the litigation in which that decision was rendered, (5) a nonparty to the first action brings a suit on behalf of a party to the original action, and (6) a nonparty may be bound under certain statutory schemes that foreclose successive litigation by nonparties.  *Id.* at 893-95.

Flir contends the second and fourth of these categories of exceptions justify application of issue preclusion against Gambaro as to the claim construction of the '322 Patent by Chief Judge Aiken in the Prior Action.

14  -   OPINION AND ORDER

## II.  **Discussion.**

Chief Judge Aiken construed Claims One through Five of the '322 Patent in the Prior Action.  *Motionless Keyboard Co. v. Microsoft*, No. 04-CV-180-AA, 2005 WL 1113818, at *13-*20 (D. Or. May 6, 2005).  Flir contends the Court's '322 Patent construction was "actually and necessarily determined" in the Prior Action. *See Montana*, 440 U.S. at 153.

The portion of Chief Judge Aiken's claim construction pertinent to this action centers on Claim One and the form of the keys on the handheld devices at issue in this case.  Chief Judge Aiken set out Claim One of the '322 Patent in the Prior Action as follows:

> Claim One describes:
>
> A handheld device for entering information into an electronic system via a keyboard, the device comprising:
>
> > a housing having a grippable portion which permits the device to be held in one hand with the thumb free to move at least temporarily to a predetermined key-actuation position while the device is held,
> >
> > a concavity in said housing at said key-actuation position, and
> >
> > a thumb-associable cluster of keys forming a keyboard within said concavity, each of the plurality of keys in said cluster being selectively actuable via mixed lateral and slight endo, translation of a thumb within said concavity, whereby information is entered into an electronic system.

15  -   OPINION AND ORDER

*Motionless Keyboard Co.*, 2005 WL 1113818, at *14.  In Claim One

Chief Judge Aiken also described the limitation of "concavity" as

follows:

> I construe this phrase to mean that the
> concavity must be formed by a depression in
> the housing of the device, and that all keys
> comprising the keyboard must be contained
> entirely within the concave area and sunk
> below the surface of the housing, so that the
> thumb movement occurs within the concave
> area.

*Id.,* at *19.

As noted, Flir contends the second and fourth *Taylor*

exceptions support issue preclusion against Gambaro because of

Gambaro's status as MKC's assignee of the '322 Patent.  In *Taylor*

the Court elaborated on this exception:

> [N]onparty preclusion may be justified based
> on a variety of pre-existing "substantive
> legal relationship[s]" between the person to
> be bound and a party to the judgment. Shapiro
> 78.  *See also Richards*, 517 U.S., at 798, 116
> S. Ct. 1761.  Qualifying relationships
> include, but are not limited to, preceding
> and succeeding owners of property, bailee and
> bailor, and assignee and assignor.  *See* 2
> Restatement §§ 43-44, 52, 55.  These
> exceptions originated "as much from the needs
> of property law as from the values of
> preclusion by judgment."  18A C. Wright, A.
> Miller, & E. Cooper, Federal Practice and
> Procedure § 4448, p. 329 (2d
> ed.2002)(hereinafter Wright & Miller).

553 U.S. at 894.  Thus, Flir argues Gambaro's position as

successor/assignee of the '322 Patent justifies precluding

Gambaro from relitigating in this case Chief Judge Aiken's claim

16  -   OPINION AND ORDER

construction in the Prior Action.  According to the Federal
Circuit, assignees of the same property that has been subject to
a judicial ruling are bound by such rulings.  *Int'l Nutrition Co.
v. Horphag Research, Ltd.*, 220 F.3d 1325, 1329 (Fed. Cir. 2000).

Flir also contends Gambaro's control over the Prior Action
satisfies *Taylor's* fourth category of exceptions and justifies
precluding Gambaro from relitigating in this case the claim
construction from the Prior Action.  In *Taylor* the Supreme Court
held when "a person had 'the opportunity to present proofs and
argument', he has already 'had his day in court' even though he
was not a formal party to the litigation."  553 U.S. at 895
(quoting *Montana*, 440 U.S. at 154).  In *Montana* the Supreme Court
held:

> These interests are similarly implicated when
> nonparties assume control over litigation in
> which they have a direct financial or
> proprietary interest and then seek to
> redetermine issues previously resolved.  As
> this Court observed in *Souffront v. Compagnie
> des Sucreries*, 217 U.S. 475, 486-487, 30 S.
> Ct. 608, 612, 54 L. Ed. 846 (1910), the
> persons for whose benefit and at whose
> direction a cause of action is litigated
> cannot be said to be "strangers to the
> cause. . . .  [O]ne who prosecutes or defends
> a suit in the name of another to establish
> and protect his own right, or who assists in
> the prosecution or defense of an action in
> aid of some interest of his own . . . is as
> much bound . . . as he would be if he had
> been a party to the record."  *See Schnell v.
> Peter Eckrich & Sons, Inc.*, 365 U.S. 260,
> 262,    n. 4, 81 S. Ct. 557, 559, 5 L. Ed. 2d
> 540 (1961); cf. *Zenith Radio Corp. v.
> Hazeltine Research*, Inc., 395 U.S. 100, 111,

89 S. Ct. 1562, 1570, 23 L. Ed. 2d 129
(1969).

440 U.S. at 154 (footnote omitted).

Flir emphasizes Gambaro's significant participation in depositions and briefing and at the hearings in the Prior Action. Flir also notes Gambaro submitted declarations in support of MKC's motion for summary judgment on claim construction and in support of MKC's response to the defendants' cross-motion for summary judgment in the Prior Action.  In fact, Flir points out that MKC'c counsel introduced Gambaro as "his client" in a hearing before Chief Judge Aiken.  In addition, Flir contends MKC and Gambaro's financial and proprietary interests were precisely aligned in the Prior Action because both sought to prove the validity of the '322 Patent and that the defendants had infringed the '322 Patent.

Gambaro begins his Response by defining "arbitrary and capricious" and by discussing the concept of natural law versus common law.  Gambaro relies on these concepts when he contends at length that Chief Judge Aiken's claim construction in the Prior Action was erroneous, particularly with respect to the limitation of "concavity."  Gambaro argues, *inter alia*:  "This nonsequitur ruling of Law exists within the realm of Law, however the '322 Patent operates within the Natural law or the law of nature that is outside of the realm of the ruling of law and therefore the '322 previous rulings do not apply or bind the Defendant,

18  -  OPINION AND ORDER

Inventor Thomas L. Gambaro."  Gambaro also asserts the construction of the '322 Patent in the Prior Action is erroneous because Chief Judge Aiken did not handle the actual patented articles when she construed the claims.  Chief Judge Aiken, however, adhered to the long-standing principle that claims are to be construed according to their language rather than in light of the devices themselves.  *See NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002).  *See also SRI Int'l v. Matsushida Elec. Corp. Of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985).

Finally, after the briefing on these Motions was closed and the Court ordered the parties not to make any additional filings until the Court ruled on these Motions, Gambaro nonetheless made numerous unauthorized submissions, including most recently a March 29, 2011, letter (#128) in which Gambaro makes several additional substantive arguments as to why Chief Judge Aiken's claim construction in the Prior Action is invalid and should not apply to the merits of this case.  As noted, however, that claim construction became final when the Federal Circuit upheld it in 2007.

The issue in Flir's Motion is not whether that claim construction was correct--that question is now foreclosed by the Federal Circuit's decision.  The issue at the moment is whether that claim construction must be imported to this case and whether

Flir may assert it against Gambaro. Accordingly, the Court has repeatedly instructed Gambaro on this point and informed Gambaro that he cannot rely on natural law as a means of undermining the federal law that binds this Court.

In addition to his Response (#112), Gambaro also filed the Declaration (#103) of Thomas L. Gambaro Supporting Motion for Part Summary Judgment. Although it is styled as a Declaration, the Court construes this document as part of Gambaro's Response to Plaintiff's Motion because it contains argument directed at Flir's Motion. Gambaro contends in his Declaration that there are disputes of fact that preclude Flir's Motion for Partial Summary Judgment. Gambaro's asserted disputes of material fact, however, are either repetitions of his irrelevant arguments for the invalidity of the claim construction in the Prior Action or about the ultimate merits of this matter--*i.e.*, whether Flir's devices infringe the '322 Patent--a question which will be resolved later in this case.

Ultimately Gambaro does not address the specific question before the Court concerning the application of the exceptions to the general rule that issue preclusion does not operate to bind a nonparty to a ruling in a prior proceeding set out in *Taylor*.

As noted, the construction of the '322 Patent is in significant dispute in this matter, particularly the meaning of the term "concavity" as it relates to the thumb-actuated keypads

20  -  OPINION AND ORDER

on the devices of Flir and Gambaro.  Chief Judge Aiken's construction of those portions of the '322 Patent was essential to the resolution of the infringement claims in the Prior Action and was actually litigated and resolved in the District Court and on appeal.  Thus, the Court concludes the threshold requirements for the application of issue preclusion are met, and the Court turns to a consideration of whether it is appropriate to preclude Gambaro from relitigating in this action the '322 Patent claim construction from the Prior Action under the second and fourth exceptions set out by the Supreme Court.  *See Taylor*, 553 U.S. at 892.

**A.    The Second Exception.**

Although the Court has found there are genuine disputes of fact as to the chain of title to the '322 Patent, particularly with respect to MKC's ownership, Flir has established and Gambaro concedes that Gambaro is the record owner of the '322 Patent. Thus, Gambaro is bound by the rulings in the Prior Action with respect to the '322 Patent under the second exception set out by the Supreme Court in *Taylor* by virtue of Gambaro's succession to that property.  *See* 553 U.S. at 894.  *See also Int'l Nutrition Co.*, 220 F.3d at 1329.

**B.    The Fourth Exception.**

Because Gambaro had the opportunity to "present proofs and argument" in the Prior Action, participated significantly in

21  -   OPINION AND ORDER

those proceedings, had significant financial and proprietary interests in both MKC and the '322 Patent, and directed the Prior Action, the Court concludes Gambaro "actually controlled" the litigation in the Prior Action.  Thus, the Court finds Gambaro is also bound by the rulings in the Prior Action with respect to the '322 Patent under the fourth exception set out by the Supreme Court in *Taylor* by virtue of his control over that litigation.  *See* 553 U.S. at 895.  *See also Montana*, 440 U.S. at 154.

In summary, the Court concludes the claim construction of the terms of the '322 Patent disputed in this matter were actually litigated and necessarily determined by Chief Judge Aiken in the Prior Action, were subsequently upheld by the Federal Circuit, and, under the second and fourth exceptinos, are binding on Gambaro in this action.  Accordingly, the Court grants Flir's Motion for Partial Summary Judgment and orders that Gambaro and MKC are precluded from relitigating any such constructions in this action.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant MKC's Motion (#82) to Dismiss or, in the Alternative, For Summary Judgment. The Court also **DENIES** MKC's alternative request for the Court to stay this matter as to Flir's claims against MKC, but grants MKC leave to raise these arguments at an appropriate time after

22  -   OPINION AND ORDER

discovery has been completed.

The Court **GRANTS** Plaintiff Flir's Motion (#86) for Partial Summary Judgment and precludes Gambaro and MKC from relitigating in this action the relevant claim constructions from the Prior Action.

## FURTHER PROCEEDINGS

The Court directs Plaintiff to prepare a proposed case-management plan to include a plan and schedule for proposed discovery and dispositive motion(s) on the merits of the claims and defenses presently asserted in this action.  Plaintiff shall provide Defendants with the proposed plan **no later than April 26, 2011**.

In turn, Defendants shall provide Plaintiff's counsel **no later than May 6, 2011**, their proposed case-management plan.

Plaintiff's counsel then shall provide the Court with a summary of the proposals **no later than May 13, 2011**, after which the Court will set a scheduling conference.

IT IS SO ORDERED.

DATED this 18th day of April, 2011.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

23  -  OPINION AND ORDER