IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**FLIR SYSTEMS, INC.,**                                     10-CV-231-BR

        Plaintiff,

                                                         ORDER

v.

**MOTIONLESS KEYBOARD COMPANY,**
an Oregon corporation, and
**THOMAS L. GAMBARO,** an
individual,

        Defendants.


**FAROOQ A. TAYAB**
**MICHAEL J. COLLINS**
**WILLIAM A. BREWER, III**
Bickel and Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201
(214) 653-4000


**SUSAN D. MARMADUKE**
**SIVHWA GO**
Harrang Long Gary Rudnick, PC
1001 S.W. Fifth Avenue, Suite 1650
Portland, OR 97204-1116
(503) 242-0000

        Attorneys for Plaintiff

1  -  ORDER

**THOMAS L. GAMBARO**
P.O. Box 14741
Portland, OR 97293
(503) 544-0589

    Defendant, *Pro Se*

**JAMES L. BUCHAL**
Murphy & Buchal, LLP
2000 S.W. First Avenue, Suite 320
Portland, OR 97201
(503) 227-1011, ext. 2

    Attorneys for Defendant Motionless Keyboard Company

**BROWN, Judge.**

    On April 18, 2011, the Court issued its Opinion and Order (#129) in which the Court, *inter alia*, denied the Motion (#82) to Dismiss or, in the Alternative, for Summary Judgment by Defendant Motionless Keyboard Company (MKC) and its request to stay this matter as to Plaintiff Flir Systems, Inc.'s claims against MKC. The Court also granted Flir's Motion (#86) for Summary Judgment, which precludes Defendants MKC and Thomas L. Gambaro from relitigating the claims construction discussed at length in the opinion. The Court directed the parties to confer and to provide the Court with a summary of their proposed case-management plans.

    The Court acknowledges receipt of Flir's Proposed Case Management Plan and Status Report (#130), MKC's Response (#131) to Scheduling proposals, and Gambaro's May 1, 2011, letter (#132) regarding same. After reviewing the parties' filings, the Court concludes it is premature to convene a case-management conference

2  -  ORDER

and orders as follows:

**1.   Jurisdiction.**

In his letter of May 1, 2011, Gambaro for the first time raises objections to the Court's subject-matter and personal jurisdiction over Defendants.  Gambaro contends the Supreme Court has original jurisdiction over this matter as an action "between two or more states."  *See* 28 U.S.C. § 1251(a).  The Court notes, however, this matter does not involve any state as a party.  Instead, the Court is satisfied it has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 under which the "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," because this matter arises under the patent laws of the United States.

Gambaro also asserts the Court does not have personal jurisdiction over Defendants.  Although Gambaro correctly notes a corporation must be represented by counsel in federal court, *see Cowland v. California Men's Colony*, 506 U.S. 194, 202 (1993), he incorrectly suggests if he directs MKC's counsel to withdraw, the Court will no longer have *in personam* jurisdiction over MKC.  Personal jurisdiction, however, is a question of the Court's power over a party that does not concern whether a party has representation.  In this case, the Court unquestionably has personal jurisdiction over MKC as to the patent claims arising

from MKC's presence in Oregon.  Moreover, MKC was named as a Defendant; was properly served by Flir on March 3, 2010; and made an appearance in this matter to seek dismissal of Plaintiff's claims against it.  In any event, the Court notes Gambaro, a *pro se* co-defendant, cannot make any motion on MKC's behalf; *i.e.*, if MKC wishes to move for dismissal based on the Court's putative lack of jurisdiction over it, such a motion must be filed by MKC's counsel of record.

In addition, Gambaro contends the Court does not have personal jurisdiction over him because he is "withdrawing his consent of jurisdiction on this case."  Gambaro now states he "is not a party to this case."  These assertions are without any foundation in law.

When there is not any federal statute that governs personal jurisdiction, federal courts apply the law of the state in which the district court sits.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Under Oregon Rule of Civil Procedure 4A, a court has personal jurisdiction over "a natural person present within this state" or "domiciled within this state."  Flir properly served Gambaro (#7, #9) at his Oregon Post Office Box, and Gambaro has filed Answers to Flir's Complaint and Amended Complaint in which he admits to having an Oregon residence for the past 30 years.  Gambaro has also invoked the Court's jurisdiction over the Counterclaims he is asserting

4   -   ORDER

against Flir.  Accordingly, none of Gambaro's assertions regarding jurisdiction provide a basis for the Court to conclude it should not proceed to litigate this action to conclusion.

**2.   Parties' Operative Pleadings.**

The parties point to some confusion over the current operative pleadings in this matter.  Flir's operative pleading is its Amended Complaint (#15).  Gambaro filed a number of pleadings by which it appears he intended to amend his Answer (#74, #76, #92), but he did so without leave of Court and in violation of the Court's order prohibiting him from filing additional motions while the Motion to Dismiss and Motion for Summary Judgment were pending.  See Docket Nos. 96, 97.

Now that the Motion to Dismiss and Motion for Summary Judgment have been resolved, the Court gives Gambaro leave to file no later than June 14, 2011, a final form of an amended answer that sets out each of the responsive allegations and affirmative defenses to Flir's Amended Complaint together with all of the counterclaims he seeks to litigate against Flir arising from this dispute.  If Gambaro does not file such an amended answer by June 14, 2011, the Court will presume Gambaro wishes to proceed on his original Answer (#11), as modified by this Court's Order (#48) issued on June 23, 2010.  If Gambaro does file an amended answer by June 14, 2011, Flir shall file a

5   -   ORDER

pleading responsive thereto no later than June 23, 2011.[1]

### 3. MKC's Status.

As noted, the Court denied MKC's Motion to Dismiss Flir's claims against MKC.  MKC, however, has not filed an answer to Plaintiff's First Amended Complaint (#15).  In MKC's Response (#131) to Scheduling Proposals, MKC's counsel, James L. Buchal, indicates his intent to withdraw as counsel for MKC pending this Court's scheduling order unless the Court intends to proceed directly to a jury trial as Gambaro requests.

It appears MKC assumes it may choose not to defend itself for the immediate future until such time as the Court may determine a jury trial is warranted.  As noted, however, MKC has been named as a Defendant, was properly served, and can neither participate further in this matter nor prevent a default order from being taken against it without counsel active in the case.

If MKC wishes to preserve the opportunity to defend against Flir's claims, it must file through counsel an answer to Flir's Amended Complaint no later than June 14, 2011.  If MKC does not do so, Flir has leave to seek an order of default against MKC.  If MKC does file an answer, Flir's responsive pleading thereto is due no later than June 23, 2011.

---

[1] The Court encourages Flir to defer motions against any amended answer to the dispositive-motion process described herein.

6   -   ORDER

**4.    Schedule for Limited Discovery.**

The parties have indicated they cannot agree as to the schedule for or scope of discovery pertinent to the remainder of the issues raised in these proceedings.  Flir has proposed a stay of damages discovery in this matter to permit a period of limited discovery as to liability issues only and then an adjudication of Flir's anticipated motion for summary judgment as to noninfringement and invalidity of the '322 Patent at issue.  Gambaro, in turn, requests the Court to permit full discovery on all issues and then proceed directly to a jury trial on the issues of liability and damages presumably without any intervening dispositive motion practice.

Pursuant to its case-management authority under Federal Rule of Civil Procedure 16, the Court concludes it is prudent to manage discovery in this matter on a bifurcated basis as to the separate issues of liability and damages.  In particular, the Court concludes discovery should proceed now only as to liability issues in order to permit resolution (or at least a narrowing) of the liability issues before the parties incur the effort and expense associated with any discovery of facts related to damages.

Accordingly, the Court hereby stays all discovery as to damages issues and sets the following case-management deadlines for the completion of liability discovery and for resolution of

7   -   ORDER

the issues of liability and validity of the '322 patent only:

1. As already ordered, Defendants must file any pleadings in response to Flir's Amended Complaint (#15) no later than June 14, 2011, and Flir must file any responsive pleading no later than June, 23, 2011.  If MKC files an answer and maintains counsel, it will be subject to discovery on issues of liability.  If MKC does not file an answer to Flir's Amended Complaint, Flir may move for an order of default against MKC.

2. The Court permits discovery only into the issue of liability (infringement/noninfringement) and invalidity of the '322 Patent in light of the Court's Order (#126) granting Flir's Motion for Partial Summary Judgment. All such liability discovery shall be completed by September 1, 2011.

3. The parties may make cross-motions for summary judgment as to the issues of infringement, noninfringement, and validity of the '322 Patent no later than October 17, 2011.  If the parties wish to file cross-motions, the briefing schedule is as follows:

    Flir's motion for summary judgment is due October 17, 2011;

    Defendants' separate responses are due November 10, 2011;

       Flir's separate reply is due November 27, 2011;

       Defendants' separate cross-motions for summary judgment are due November 10, 2011; and

       Flir's separate response is due December 4, 2011;

       Defendants' separate replies are due December 21, 2011.

4. The Court defers all other case-management decisions, including whether there will be a separate trial of the liability issues, until the above-referenced motions are resolved.

5. To keep the Court apprised of their progress in moving this matter forward as to the infringement, noninfringement, and validity issues, the parties shall make joint status reports to the Court on July 15, 2011, and August 15, 2011. Plaintiff's counsel shall initiate conferral with Defendants regarding, and ensure the timely filing of, each joint status report.

IT IS SO ORDERED.

DATED this 20th day of May, 2011.

                          /s/ Anna J. Brown

                          ANNA J. BROWN
                          United States District Judge