IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**FLIR SYSTEMS, INC.,**                     3:10-CV-231-BR

        Plaintiff,

                                                     ORDER

v.

**MOTIONLESS KEYBOARD COMPANY,**
an Oregon corporation, and
**THOMAS L. GAMBARO,** an
individual,

        Defendants.


**FAROOQ A. TAYAB**
**MICHAEL J. COLLINS**
**WILLIAM A. BREWER, III**
Bickel and Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201
(214) 653-4000


**SUSAN D. MARMADUKE**
**SIVHWA GO**
Harrang Long Gary Rudnick, PC
1001 S.W. Fifth Avenue, Suite 1650
Portland, OR 97204-1116
(503) 242-0000

        Attorneys for Plaintiff

1  -  ORDER

**THOMAS L. GAMBARO**
P.O. Box 14741
Portland, OR 97293
(503) 544-0589

       Defendant, *Pro Se*

**BROWN, Judge.**

      The Court acknowledges receipt of Defendant Gambaro's Reply (#163) to Flir Incomplete Answers and Affirmative Defenses, Gambaro's Motion (#164) to Demand Discovery for All Documents Related to False Charges and Defamation, Gambaro's Declaration (#165) in Support of Defendant *Pro Se* Counterclaims, Gambaro's U.S.P. 5,332,322 and U.S.D. 405,071 Counterclaims (#166), and Gambaro's Video Declaration (#167) in Support of Defendant *Pro Se* Exhibit 03 to Reverse Ruling.  After reviewing Gambaro's filings, the Court orders as follows:

1. **Gambaro's Reply (#163) to Flir Incomplete Answers and Affirmative Defenses.**

      The Court accepts docket entry #163 as Gambaro's Reply to Flir's Answer and Affirmative Defenses (#154) to Gambaro's Counterclaims against Flir.  No further action is required by the parties or the Court as to this filing at this time.

2. **Gambaro's Motion (#164) to Demand Discovery for All Documents Related to False Charges and Defamation.**

      The Court construes docket entry #164 as a Motion to Compel production of documents related to Flir's allegations in its Answer and Affirmative Defenses that Gambaro has, *inter alia*,

2  -   ORDER

intentionally withheld documents and has otherwise defrauded the U.S. Patent and Trademark Office. In his Motion, however, Gambaro did not include the required certification under Local Rule 7-1 that he conferred with Flir's counsel in an attempt to resolve this discovery dispute before filing his Motion. The Court has repeatedly reminded Gambaro that he must comply with the Local Rules and with Local Rule 7-1 in particular.

The Court, therefore, denies Gambaro's Motion (#164) to Compel with leave for Gambaro to file a new motion to compel discovery after he has meaningfully conferred with Flir's counsel as to the nature and scope of any disputed discovery request.

Accordingly, Plaintiff need not respond to this filing.

**3. Gambaro's Declaration (#165) in Support of Defendant *Pro Se* Counterclaims.**

Although styled as a "Declaration," Gambaro makes numerous arguments in docket entry #165 as to the merits of Flir's Affirmative Defenses to Gambaro's Counterclaims. To that extent, the Court construes Gambaro's Declaration as an attempted evidentiary showing for the purposes of defeating Flir's Affirmative Defenses. Such a showing, however, is premature. The parties should currently be engaged in discovery, and the Court has issued a Case-Management Order (#133) that provides a timeline for resolving the merits of this matter. Gambaro's cross-motions for summary judgment, including a motion for summary judgment to attempt to defeat Flir's Affirmative

3 -   ORDER

Defenses, are due *after the close of discovery* on September 1, 2011, and no later than November 10, 2011.

The Court, therefore, concludes this filing does not require any action by the Court or Plaintiff at this time.  If Gambaro makes a cross-motion for summary judgment at the time permitted to do so, he may refer to this filing in support of that motion.

**4.    Gambaro's U.S.P. 5,332,322 and U.S.D. 405,071 Counterclaims (#166).**

On June 1, 2011, Gambaro filed U.S.P. 5,332,322 and U.S.D. 405,071 Counterclaims (#141), in which he asserts Counterclaims against Flir for patent infringement and seeks declaratory relief and damages.  On June 23, 2011, Flir filed its Answer and Affirmative Defenses to Gambaro's Counterclaims.  As noted, on June 30, 2011, Gambaro filed a pleading the Court construes as a Reply.

In docket entry #166, Gambaro appears to attempt to amend his Counterclaims to include an additional allegation of increased damages, a claim for defamation, a claim for malicious prosecution, and a claim for punitive damages.  Gambaro did not, however, state whether Flir objects to this proposed amendment or otherwise seek leave of Court to amend his Counterclaims in accordance with Federal Rule of Civil Procedure 15(a).

The Court, therefore, construes docket entry #166 as a Motion for Leave to file Amended Counterclaims, and, in the exercise of its discretion, grants Gambaro's Motion and construes

4  -   ORDER

Pleading #166 as Gambaro's Amended Counterclaims.  Any responsive pleading to Pleading #166 by Flir must be filed no later than July 25, 2011.

**5.     Gambaro's Video Declaration (#167) in Support of Defendant *Pro Se* Exhibit 03 to Reverse Ruling**.

In his Declaration, Gambaro again raises numerous arguments concerning rulings issued by Chief Judge Ann Aiken from a prior action in which she ruled on the claim construction of terms of Gambaro's '322 patent.  *See Motionless Keyboard Co. v. Microsoft*, No. 04-CV-180-AA, 2005 WL 1113818, at *13-*20 (D. Or. May 6, 2005).  Chief Judge Aiken's claim construction was upheld on appeal to the United States Federal Circuit Court of Appeals. *Motionless Keyboard Co. v. Microsoft*, 486 F.3d 1376, 1380-82 (Fed. Cir. 2007).  The Court notes Gambaro also filed his Video Declaration in case number 04-CV-180-AA in support of a motion for reconsideration, which Chief Judge Aiken denied on July 6, 2011.

The Court has repeatedly informed Gambaro that he may not challenge Chief Judge Aiken's rulings in the matter before this Court.  In its Opinion and Order (#129) issued on April 18, 2011, the Court granted Flir's Motion for Partial Summary Judgment and ordered "Gambaro and MKC are precluded from relitigating" Chief Judge Aiken's constructions in this matter.

In response to Gambaro's continued challenges to those rulings, the Court issued an Order on June 3, 2011, in which it

5   -   ORDER

ordered

>   Defendant Gambaro not to file any other pleading, motion, or other paper in which he attempts to raise again his objections to this Court's conclusion that Chief Judge Aiken's previous claim constructions may not be relitigated in this action or otherwise attempts to litigate their correctness. Gambaro's objections are duly noted in the record and may be raised on appeal after this case is concluded at the trial level. The Court has previously warned Gambaro that he will be sanctioned if he does not comply with the Court's case-management orders. Accordingly, if Gambaro violates this order, the Court will sanction him and will consider striking all of his pleadings and precluding him from defending FLIR's claims against him.

Accordingly, the Court strikes Gambaro's Video Declaration (#167), and Plaintiff need not respond to it.

IT IS SO ORDERED.

DATED this 12th day of July, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

6 - ORDER