IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


FLIR SYSTEMS, INC.,                           3:10-CV-231-BR

       Plaintiff,

                                ORDER

v.

MOTIONLESS KEYBOARD COMPANY,
an Oregon corporation, and
THOMAS L. GAMBARO, an
individual,

       Defendants.


FAROOQ A. TAYAB
MICHAEL J. COLLINS
WILLIAM A. BREWER, III
Bickel and Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201
(214) 653-4000


SUSAN D. MARMADUKE
SIVHWA GO
Harrang Long Gary Rudnick, PC
1001 S.W. Fifth Avenue, Suite 1650
Portland, OR 97204-1116
(503) 242-0000

       Attorneys for Plaintiff


1  -  ORDER

**THOMAS L. GAMBARO**
P.O. Box 14741
Portland, OR 97293
(503) 544-0589

      Defendant, *Pro Se*

**BROWN, Judge.**

      The Court acknowledges receipt of Plaintiff Flir's Motion (#160) for Protective Order; Defendant Gambaro's Request (#159) for Amendments to Flir Proposed Protective Order; the July 15, 2011, Status Report (#169) by Flir; and Gambaro's Progress Report (#170) with Youtube Video Evidence[1] Added as a Courtesy.  After reviewing the parties submissions and the numerous issues raised therein, the Court orders as follows:

**1.    Gambaro's Violations of Court Orders and Rules.**

      In its Status Report (#169), Flir states it was unable to obtain Gambaro's assurance that he would not continue to violate Court Orders and Rules.  Flir recounts numerous violations of Court Orders and of the Local and Federal Rules by Gambaro since this matter was filed in March 2010 and contends Gambaro's actions continue to waste significant resources of Flir and the Court.  Flir also notes several Court Orders in which the Court

---

    [1] Gambaro attached a DVD to his Progress Report with the title "Defendant *Pro Se* Exhibit 00."  The DVD contains a short video that Gambaro asserts he posted to Youtube over a year ago. The video contains what Gambaro alleges are images of Gambaro's devices and Flir's infringing devices, and contains Gambaro's argument as to the construction of his '322 patent in light of those devices.

2  -  ORDER

has warned Gambaro that he is subject to sanctions for further
violations.

Although the Court is concerned that Gambaro's conduct
continues to suggest a willingness to violate Court Orders and
rules, the Court does not construe Flir's above argument in its
Status Report as a motion requesting the Court take specific
action at this time to address any alleged violations by Gambaro
of Court Orders and rules.  If and when Flir contends Gambaro's
actions in this matter warrant sanctions at this stage of the
proceedings, including the ultimate sanction of an entry of
default against Gambaro, Flir has leave to make its factual and
legal record and to file an appropriate motion seeking specific
relief.

**2.   Gambaro's Contacts with Non-Attorneys Associated with Flir.**

In its Status Report (#169), Flir notes Gambaro has made
contact with persons associated with Flir who are not attorneys.
Flir notes Gambaro has made repeated contact with the billing
personnel for both law firms serving as Flir's counsel in an
effort to determine the billing rates for Flir's attorneys.  Flir
also states Gambaro has made repeated contacts with Flir's Board
Members in attempts to urge the settlement of this matter.

The Court instructs Gambaro that the billing rates of Flir's
counsel are not discoverable at this stage of the proceedings and
Gambaro is not entitled to receive that information.  In

addition, the Court reminds Gambaro that because Flir is a
represented party, he must direct any communications as to any
matter involving the subject of this case with Flir or its
officers, agents, and employees to Flir's counsel of record
herein.

With respect to these issues, Flir may draft a form of Order
for the Court's consideration outlining specific restraints it
wishes the Court to enforce against Gambaro.

## 3.    Gambaro's Failure to Comply with Discovery Rules.

In its Status Report (#169), Flir notes Gambaro has failed
to respond to Flir's discovery requests, including
interrogatories, for more than a year, and also that Gambaro has
issued only informal discovery requests to Flir rather than
written discovery requests in accordance with the Federal Rules
of Civil Procedure.

The Court acknowledges Gambaro's previously-stated grounds
for not providing documents in discovery based on his allegation
that the relevant documents were lost in a fire at the
headquarters of Motionless Keyboard Company (MKC). The Court
also notes, however, that there have been significant disputes in
this matter that brought to the Court's attention numerous
documents that were in the possession of MKC's former counsel
that were to be provided to Gambaro.

If Gambaro does, in fact, have documents or other materials

responsive to Flir's discovery requests and if Gambaro does not disclose such discovery in accordance with the Federal Rules of Civil Procedure, the Court will not permit Gambaro to use such evidence to defend against Flir's claims or to promote his own interests in this matter.  Moreover, any intentional failure to make discovery of such evidence is a basis for the Court to sanction Gambaro.  Finally, even if Gambaro does not have any responsive documents, that fact does not excuse Gambaro's noncompliance with other valid discovery requests that do not require document disclosure.

In light of the foregoing, the Court again orders Gambaro to comply with this Court's rules for discovery, including to formally issue his discovery requests to Flir in writing, to permit Flir the opportunity to issue written objections, and to confer meaningfully (by offering the basis for requesting the discovery at issue) as to any discovery for which Gambaro intends to move to compel.  Flir likewise must abide by these same standards.

Flir has stated its intention to file a motion to compel, and the Court will consider any such motion if Gambaro hereafter fails to respond to relevant discovery requests that are permitted by the Federal Rules of Civil Procedure.

## 4.   Gambaro's Compliance with any Protective Order.

In its Status Report (#169), Flir states its concern that

Gambaro has not and likely will not comply in the future with
discovery rules.  Accordingly, Flir states its intention to
withhold all further discovery until a protective order is in
place.

The Court notes Flir has filed·its Motion (#160) for
Protective Order to which Gambaro has filed a response.  That
Motion is under consideration.  Before resolving the merits of
the Motion for Protective Order, the Court notes its own concern
that, in light of Gambaro's repeated disregard for this Court's
previous Orders and in light of Gambaro's admitted posting of
materials related to this case on Youtube, Gambaro will not
comply with any protective order this Court ultimately issues.

Accordingly, the Court intends to provide Gambaro an
opportunity to assure the Court that Gambaro will comply with any
protective order, particularly with respect to sensitive
materials disclosed by Flir pursuant to such order.  For that
purpose, this Order is accompanied by an Order to Show Cause,
which requires Gambaro to appear before the Court on August 19th,
2011, at 10:00 a.m. to show cause why he should not have to post
a bond as financial security for the risk that Gambaro will use
sensitive and protected information provided by Flir in discovery
in violation of the Court's Orders generally and the protective
order in particular.  Gambaro may file any documents in support
of his position for the Show Cause hearing no later than August

10, 2011, and Flir may file any response no later than August 15, 2011.

5. **Flir's Motion (#160) for Protective Order.**

With its Motion, Flir provided the Court with a proposed protective order. In his Response (#159), Gambaro states he has only a single objection to Flir's proposed protective order. Gambaro objects to Flir's proposed language in the section "designated materials" that extends the protective order to "scans, computer aided design ("CAD") drawings (including pdf versions of CAD drawings) . . . ."

Gambaro objects to Flir's disclosure of "pdf" versions of the CAD drawings of the alleged infringing devices. Gambaro contends the actual three-dimensional CAD drawings must be produced, not, as Flir has proposed, the two-dimensional "pdf" version of the CAD drawings. Gambaro contends the proposed language "specifies" the "pdfs" of the CAD drawings.

The Court, however, disagrees. The language of the proposed protective order is *inclusive* of any CAD drawings, "including pdf versions." The language in the proposed protective order covers all CAD drawings whether they are two-dimensional or three-dimensional renditions.

On this record, the Court is satisfied a protective order is necessary and, the Court, therefore, **grants Flir's Motion for Protective Order.** The Court, however, will defer its final

determination of the form of the protective order until the August 19, 2011, Show Cause hearing.

To the extent Gambaro intends his Response (#159) to Flir's proposed protective order to be a Motion to Compel, the Court denies that Motion at this time.  Gambaro has leave to raise his arguments as to why the "pdf" versions of the CAD drawings are insufficient at the August 19, 2011, Show Cause hearing.  At that point, the Court will determine the form of the protective order and how to proceed with discovery.  Until that time, Flir is not required to produce any documents beyond the roughly 1,800 pages it has produced at this time.  Gambaro is reminded that the documents already produced may be covered by the language of the forthcoming protective order, and Gambaro is required to comply with its terms.

IT IS SO ORDERED.

DATED this ___ day of August, 2011.

_____
ANNA J. BROWN
United States District Judge