IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FLIR SYSTEMS, INC.,                              3:10-CV-231-BR

       Plaintiff,

                                                 ORDER

v.

MOTIONLESS KEYBOARD COMPANY,
an Oregon corporation, and
THOMAS L. GAMBARO, an
individual,

       Defendants.


FAROOQ A. TAYAB
MICHAEL J. COLLINS
WILLIAM A. BREWER, III
Bickel and Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201
(214) 653-4000


1  -  ORDER

**SUSAN D. MARMADUKE**
**SIVHWA GO**
Harrang Long Gary Rudnick, PC
1001 S.W. Fifth Avenue, Suite 1650
Portland, OR 97204-1116
(503) 242-0000

      Attorneys for Plaintiff

**THOMAS L. GAMBARO**
P.O. Box 14741
Portland, OR 97293
(503) 544-0589

      Defendant, *Pro Se*


**BROWN, Judge.**

The Court acknowledges receipt of Defendant Gambaro's Motion (#215) for a New Trial, Gambaro's U.S.P. 5,332,332 and U.S.D. 405,071 Counterclaims (#218), Gambaro's "Gravity Does Not Operate in the District Courtroom of Judge Anna J. Brown" (#223), Plaintiff Flir's Proposed Default Judgment (#220), and Flir's Motion (#221) for Voluntary Dismissal without Prejudice of Certain Claims.  After reviewing the parties' filings, the Court orders as follows:

**1.    Gambaro's Motion (#215) for a New Trial.**

Gambaro's "Motion for a New Trial Based on Discovery Peril Doctrine with Change of Venue" begins:  "The Defendant THOMAS L. GAMBARO, an individual and the founder of Motionless Keyboard Company is <u>not</u> bound to the *Motionless Keyboard Co. v. Microsoft Corp.*, No. Civ. 04-180-AA order and judgment and the reasons are

2  -  ORDER

contained herein."  Gambaro requests the Court to grant a new trial in case 04-180 presided over by Chief Judge Ann Aiken on the basis of Gambaro's allegation that he has discovered new evidence that demonstrates Chief Judge's Aiken's claim construction (Aiken Construction) was erroneous.  Gambaro explains in numerous pages of his Motion the alleged errors in the Aiken Construction, the same conduct for which the Court sanctioned Gambaro in its Opinion and Order (#213) issued on November 17, 2011, by striking all of his pleadings and entering an Order of Default against Gambaro.

Ultimately, this Motion is not properly before this Court because Gambaro does not cite to and the Court is not familiar with any authority for this Court to grant a new trial in a matter before another district court judge.  Gambaro also makes passing reference to a request for a change of venue to the Northern District of California, but he does not offer any legal or factual grounds to justify granting such a Motion.

Because Gambaro's Motion for New Trial violates the express and repeated Orders of the Court to refrain from further challenging the Aiken Construction and this Court's ruling on summary judgment, seeks relief that this Court has no authority to grant, and otherwise does not provide any appropriate justification for the relief he seeks, the Court **DENIES** Gambaro's Motion (#215) for New Trial and his Supporting Declaration

3   -   ORDER

(#216).  As set out in its Opinion and Order (#213), the Court has repeatedly attempted to garner Gambaro's compliance with this Court's Orders and once again notes his refusal to do so.

2.   **Gambaro's U.S.P. 5,332,332 and U.S.D. 405,071 Counterclaims (#218).**

This pleading filed by Gambaro appears to be a repeat filing of documents #166 and #181, which set out Gambaro's Counterclaims of infringement against Flir but without any denials directed specifically at Flir's Complaint.  As noted in its Opinion and Order (#213), the Court struck Gambaro's pleadings, and, accordingly, the Court now **STRIKES** Gambaro's U.S.P. 5,332,332 and U.S.D. 405,071 Counterclaims (#218).

3.   **Gambaro's "Gravity Does Not Operate in the District Courtroom of Judge Anna J. Brown" (#223).**

This pleading filed by Gambaro does not request any specific action by the Court and speaks for itself.  The filing is patently frivolous, and the Court **STRIKES** it from the record. After this Court has entered final judgment, Gambaro may pursue his right of appeal of this Court's rulings to the Federal Circuit.  In the meantime, there is nothing to be accomplished, and, indeed, it would be a great waste of the Court's resources to continue to consider frivolous filings of a defaulted party.

Accordingly and on the grounds set out herein and in the Court's Opinion and Order (#213), the Court **DIRECTS** the Clerk of this Court to not accept any further pleadings or other filings

4  -   ORDER

by Defendant Gambaro in this matter until further order of this Court or the Federal Circuit.

**4.   Flir's Proposed Default Judgment (#220).**

The Court has reviewed and hereby approves of Flir's reasonable and restrained Proposed Default Judgment (#220) in which Flir seeks only a declaration that its accused devices do not directly or indirectly infringe Gambaro's '322 patent or '071 patent design.  The Court, however, notes the Flir i3 Thermal Imaging Camera does not appear on Flir's list of accused devices on page two of the Default Judgment.  Because, as noted below, the Court directs Flir to file **no later than December 16, 2011**, a final form of proposed Default Judgment for the Court's consideration and signature, the Court directs Flir to include in that form a reference to the Flir i3 Thermal imaging Camera if it intends the Default Judgment to apply to that device.

**5.   Flir's Motion (#221) for Voluntary Dismissal without
      Prejudice of Certain Claims.**

As to Flir's remaining claims against Gambaro for patent invalidity, patent unenforceability, and attorneys' fees, Flir has filed an unopposed Motion (#221) to dismiss those claims voluntarily and without prejudice rather than press for a default judgment on those claims as well.  The Court notes Flir's Motion is contingent on the Court's adoption of Flir's Proposed Default Judgment.  Having approved in principle the proposed form of

5   -   ORDER

Default Judgment as to Flir's claim for Declaratory Judgment against Gambaro, the Court **GRANTS** Flir's Motion (#221) for Voluntary Dismissal of its remaining claims against Gambaro **without prejudice**.  The form of Default Judgment to be submitted by December 16, 2011, shall include language noting the voluntary dismissal of these claims without prejudice.

    IT IS SO ORDERED.

    DATED this 6th day of December, 2011.

                                           /s/ Anna J. Brown
                                           _____
                                           ANNA J. BROWN
                                           United States District Judge