IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


FLIR SYSTEMS, INC.,                              3:10-CV-231-BR

       Plaintiff,
                                                 ORDER
v.

MOTIONLESS KEYBOARD COMPANY,
an Oregon corporation, and
THOMAS L. GAMBARO, an
individual,

       Defendants.


FAROOQ A. TAYAB
MICHAEL J. COLLINS
WILLIAM A. BREWER, III
Bickel and Brewer
4800 Comerica Bank Tower
1717 Main Street
Dallas, TX 75201
(214) 653-4000


SUSAN D. MARMADUKE
SIVHWA GO
Harrang Long Gary Rudnick, PC
1001 S.W. Fifth Avenue, Suite 1650
Portland, OR 97204-1116
(503) 242-0000

       Attorneys for Plaintiff

1 - ORDER

THOMAS L. GAMBARO
P.O. Box 14741
Portland, OR 97293
(503) 544-0589

        Defendant, *Pro Se*

**BROWN, Judge.**

        The Court acknowledges receipt of Plaintiff Flir Systems, Inc.'s Motion (#237) for Entry of Default Judgment against Defendant Thomas L. Gambaro and Defendant Motionless Keyboard, Plaintiff Flir's Motion (#228) for Order Enjoining Defendant Gambaro from Contacting Persons Associated with Flir, and Flir's Supplemental Motion (#233) for Order Enjoining Defendant Gambaro from Contacting Persons Associated with Flir.

        In its Opinion and Order (#213) issued on November 17, 2011, the Court struck Gambaro's pleadings and entered an Order of Default against him as a sanction for, *inter alia*, Gambaro's repeated violation of Court Orders. For his continued violations after the Court's Opinion and Order (#213), the Court issued an Order (#224) on December 6, 2011, in which the Court directed the Clerk of the Court to not accept any further pleadings or filings from Gambaro in this matter until further order of this Court or the Federal Circuit, to which Gambaro appeals. Accordingly, Gambaro has not filed any response to the Motions at issue herein.

        After reviewing Flir's Motions and accompanying filings, the Court orders as follows:

2   -   ORDER

1.  **Flir's Motion (#237) for Entry of Default Judgment.**

In its Order (#224) issued on December 6, 2011, the Court noted its approval-in-principle of Flir's Proposed Default Judgment (#220) and directed Flir to file a final form of proposed default judgment for the Court's signature to include an additional accused device omitted by Flir and to reflect Flir's voluntary dismissal of claims not resolved by the Default Judgment. On December 16, 2011, Flir filed its Motion (#237) for Entry of Default Judgment against Defendants and a final form of Default Judgment (#239). The Court is satisfied Flir's final form of Default Judgment is in accordance with the Court's Order (#224) and is justified under these circumstances. Accordingly, the Court hereby **approves** the Default Judgment (#239), which the Court will sign and enter contemporaneously with this Order. For the reasons that follow, the Court **does not approve** Flir's Alternative Proposed Form of Order (#240) for Default Judgment of Non-Infringement and for Injunctive Relief Against Defendant Thomas L. Gambaro and Defendant Motionless Keyboard Company.

2.  **Flir's Motion (#228) and Supplemental Motion (#233) for Order Enjoining Defendant Gambaro from Contacting Persons Associated with Flir.**

In their Motions, Flir seeks an order of the Court to enjoin Gambaro from contacting non-attorneys associated with Flir concerning subject matters related to this litigation and to enjoin Gambaro from filing any additional lawsuits against Flir

3 - ORDER

and related parties for claims arising out of this litigation. On August 1, 2011, after Flir made the Court aware of Gambaro's contact with non-attorneys associated with Flir regarding this matter, the Court issued the following Order (#172):

> In its Status Report (#169), Flir notes Gambaro has made contact with persons associated with Flir who are not attorneys. Flir notes Gambaro has made repeated contact with the billing personnel for both law firms serving as Flir's counsel in an effort to determine the billing rates for Flir's attorneys. Flir also states Gambaro has made repeated contacts with Flir's Board Members in attempts to urge the settlement of this matter.
> The Court instructs Gambaro that the billing rates of Flir's counsel are not discoverable at this stage of the proceedings and Gambaro is not entitled to receive that information. In addition, the Court reminds Gambaro that because Flir is a represented party, he must direct any communications as to any matter involving the subject of this case with Flir or its officers, agents, and employees to Flir's counsel of record herein.

In their Motions, Flir provides evidence of Gambaro's continued efforts to secure a settlement of this matter by means of direct communications (including threats of additional litigation) with non-attorneys associated with this matter in violation of this Court's Order (#172).

The Court reminds Gambaro he is still subject to the Orders of this Court while this matter is pending--including while it is on appeal--and the Court notes it has authority to enforce such Orders by means that may include the imposition of monetary

penalties or other sanctions for any finding of contempt. With the entry of this Order and the Court's simultaneous issuance of the Default Judgment against Defendants, however, the Court considers this matter to be concluded at the trial court level. Thus, the Court finds the underlying justification for an additional injunction concerning Gambaro's contacts with non-attorneys associated with Flir is substantially diminished at this stage. Although Gambaro's ongoing communications are unprofessional and may, in fact, be harassing or even amount to criminal conduct, Flir may pursue legal relief in a new action if Gambaro's communications continue and cause some cognizable harm to Flir. In the exercise of its discretion, therefore, the Court **denies** Flir's Motion (#228) and Supplemental Motion (#233) for Order Enjoining Defendant Gambaro from Contacting Persons Associated with Flir at this time. Accordingly, the Court **does not approve** Flir's Proposed Forms of Order (#232, #236) Enjoining Defendant Thomas L. Gambaro from Contacting Persons Associated With Flir.

Finally, because this matter is now concluded at the trial court level with a final judgment, the Court does not anticipate there is any reason for Gambaro to contact this judicial officer directly or indirectly through messages sent to Courtroom Deputy Bonnie Boyer. The Court, therefore, **directs** Gambaro to cease such communications and to file his legitimate appeal pleadings

5  -  ORDER

concerning this matter with the Court of Appeals for the Federal Circuit.

IT IS SO ORDERED.

DATED this 20th day of December, 2011.

                                                       /s/ Anna J. Brown
                                       ANNA J. BROWN
                                       United States District Judge

6 - ORDER